| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:   1437 Bannock Street<br>                 Denver, Colorado 80202<br><br>**Plaintiff:**<br><br>NETQUOTE INC, a Colorado Corporation<br><br>v.<br><br>**Defendants:**<br><br>JOHN DOE No. 1, an internet user making use of the IP Address 64.136.27.226; and,<br><br>JOHN DOE No. 2, an internet user making use of the IP Address 64.136.26.227;<br><br>**Attorneys for Plaintiff**<br><br>Christopher P. Beall, #28536<br>FAEGRE & BENSON LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, Colorado 80203<br>Telephone: (303) 607-3500<br>Facsimile: (303) 607-3600<br>E-mail: cbeall@faegre.com | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Oct 31 2006 9:44PM MST<br>Filing ID: 12786186<br>Review Clerk: Orathay Khiem<br><br>▲ **COURT USE ONLY** ▲<br><br>Case Number: _____<br><br>Division: _____ |
| **VERIFIED COMPLAINT and JURY DEMAND** ||

Plaintiff NetQuote Inc ("NetQuote"), through its counsel with Faegre & Benson LLP, for its Verified Complaint in this civil action, states as follows:

### Introduction

1. This case seeks monetary and injunctive relief for the deceptive conduct of the anonymous defendant(s) in interfering with NetQuote's business through submissions of false customer information to NetQuote's website. By use of false customer information, which uses the actual names and addresses of living persons, the defendant(s) have caused substantial harm to NetQuote's relations with its customers and to NetQuote's good will and business reputation.

### Jurisdiction and Venue

2.  This Court has subject jurisdiction over this action and the defendants under Article VI, section 9(1) of the Colorado Constitution and § 13-1-124, C.R.S.

3.  Venue is proper in this Court because the residence of the defendants is currently unknown and the tortious conduct alleged in this Complaint has been aimed at and has caused harm to NetQuote in this judicial district.

### Parties

4.  Plaintiff NetQuote Inc, is a corporation duly organized under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

5.  Defendant John Doe No. 1 is an internet user who true identity is currently not yet known but who has accessed the internet through the internet service provider Juno Online Services, Inc., with whom he has used the Internet Protocol address 64.136.27.226. At such time as NetQuote learns the true identity of John Doe No. 1, his name will be substituted herein.

6.  Defendant John Doe No. 2 is an internet user who true identity is currently not yet known but who has accessed the internet through the internet service provider Juno Online Services, Inc., with whom he has used the Internet Protocol address 64.136.26.227. At such time as NetQuote learns the true identity of John Doe No. 2, his name will be substituted herein.

### Factual Background

7.  Among NetQuote's various business activities, it maintains a website at www.netquote.com. A true and correct copy of an excerpt of NetQuote's website is attached here, and incorporated, as **Exhibit A**.

8.  Through NetQuote's website, consumers interested in obtaining quotations on various forms of insurance, such as auto, life, home, renter, health, dental, and business insurance, may submit information to NetQuote, and NetQuote will then locate insurance agents or brokers who will supply the customer with a rate and policy quotation on the kind of insurance requested.

9.  NetQuote does not charge consumers for its services. Rather, NetQuote receives revenues from insurance agents and brokers who participate in NetQuote's services.

10.  NetQuote's business depends on the reliability and accuracy of the information it provides to its affiliated insurance agents and brokers. Thus, any submission of false information

2

through NetQuote's website can seriously damage both NetQuote's relations with its affiliates and its business reputation in general.

11. Beginning sometime in early October 2006, defendants in this action began submitting information through NetQuote's website that falsely indicated that certain persons identified in the defendants' submissions to NetQuote were interested in receiving price quotes from NetQuote's insurance affiliates.

12. Unbeknownst to NetQuote, however, the persons identified by the defendants in these false submissions had no interest in receiving any kind of price quote information.

13. As a result of NetQuote's lack of knowledge that the customer information submitted by the defendants was false, NetQuote passed along these requests to various of NetQuote's affiliates in the relevant geographic markets, and these affiliates then attempted to contact the persons identified in the false submissions by the defendants.

14. NetQuote's affiliates quickly ascertained that these persons had not requested any price quote information and were greatly upset by the intrusion into their privacy from the contacts of NetQuote's affiliates.

15. NetQuote's affiliates have in turn vehemently complained to NetQuote for providing them with false customer information that has risked their own business reputation and good will in their own communities.

16. As a result of these complaints, NetQuote has identified the false customer submissions as emanating from two IP addresses – 64.136.27.226 and 64.136.26.227 – that access the internet through the auspices of Juno Online Services, Inc.

17. Pursuant to the privacy policies implemented by Juno Online Services, Inc., that company has refused to provide identifying information on the customer(s) using its services through the IP addresses 64.136.27.226 and 64.136.26.227. A true and correct copy of Juno's Privacy Statement is attached here, and incorporated, as **Exhibit B**.

18. To date, the defendants have submitted more than 300 false quote requests with false customer information, with these false submissions continuing even today, sometimes at a rate of more than twenty-five false submissions each day.

19. On information and belief, in light of the large volume of false submissions by the defendants over a prolonged period of time, NetQuote alleges that the defendants have engaged in their deceptive and fraudulent conduct with full knowledge of the consequences of their actions and with an intent to harm NetQuote and others.

20. The defendants' false submissions have in fact caused and are continuing to cause substantial harm to NetQuote in terms of both damage to NetQuote's business reputation and

3

good will and in terms of the costs NetQuote has been forced to expend to implement filtering mechanisms to capture the false submissions by the defendants.

## FIRST CLAIM FOR RELIEF
### Fraud

21. NetQuote incorporates the allegations of previous paragraphs of this Verified Complaint as though fully set forth here.

22. Beginning sometime in October 2006, the defendants have submitted false and misleading information to NetQuote through NetQuote's website at www.netquote.com concerning persons, both real and fictitious, who allegedly wish to receive price quotations from NetQuote's insurance affiliates on various forms of insurance, but who in reality do not wish to receive any such contact from NetQuote or NetQuote's insurance affiliates.

23. The false and misleading information submitted by the defendants is material to NetQuote and NetQuote's insurance affiliates, who have relied on this information to their detriment.

24. NetQuote's reliance on the false and misleading submissions by the defendants was reasonable and justified.

25. The defendants knew the information that they were submitting to NetQuote was false and misleading.

26. NetQuote has been harmed by the defendants' false and misleading submissions in an amount to be determined at trial.

27. The harm to NetQuote from the defendants' false and misleading submissions is continuing and cannot be adequately compensated through monetary relief.

28. NetQuote is entitled, as a result of the defendants' false and misleading submissions, to preliminary and permanent injunctive relief prohibiting defendants from continuing their fraudulent conduct and for such other equitable relief as the Court deems proper and just.

## SECOND CLAIM FOR RELIEF
### Tortious Interference with Business Relations

29. NetQuote incorporates the allegations of previous paragraphs of this Verified Complaint as though fully set forth here.

4

30. NetQuote has contractual or other business relations with its insurance affiliates that are highly valuable to NetQuote and that depend, at least in part, on the accuracy and effectiveness of the customer information that NetQuote supplies to its insurance affiliates.

31. The defendants knew or reasonably should have known of NetQuote's business relationship with its insurance affiliates.

32. The defendants' conduct in submitting false requests seeking rate quotes with false or fictitious customer information has interfered with the contractual and other business relations between NetQuote and its insurance affiliates.

33. The defendants' submissions of false customer information was fraudulent and deceptive and therefore improper.

34. The defendants' interference with NetQuote's contractual and other business relations has harmed NetQuote in an amount to be determined at trial.

35. The harm to NetQuote from the defendants' interference in NetQuote's contractual and other business relations is continuing and cannot be adequately compensated through monetary relief.

36. NetQuote is entitled, as a result of the defendants' interference in NetQuote's contractual and other business relations, to preliminary and permanent injunctive relief prohibiting defendants from continuing their interfering conduct and for such other equitable relief as the Court deems proper and just.

### Prayer for Relief

WHEREFORE, Plaintiff NetQuote Inc prays for a judgment against defendants as follows:

A. Immediate, preliminary, and permanent injunctive relief barring the defendants or their agents from continuing to knowingly submit false rate quote requests to NetQuote.

B. Damages for the harm caused by defendants' conduct.

C. Award of NetQuotes costs and reasonable attorney's fees in bringing this action.

D. Award of prejudgment interest.

E. Any other relief the Court deems proper and just.

5

### Jury Demand

Plaintiff NetQuote Inc hereby requests trial by jury on all issues to triable.

### Verification

STATE OF COLORADO      )
                       ) ss
CITY & COUNTY OF DENVER )

    Cynthia Capozzi, of lawful age, being first duly sworn, upon oath deposes and states:

1. That she is Chief Information Officer for NetQuote Inc, the plaintiff in this civil action;

2. That she has read the foregoing Verified Complaint and knows the contents thereof; and

3. That the facts therein set forth are true and correct to the best of her knowledge and belief, and that the allegations set forth based on information and belief are based on a reasonably inquiry and made herein in good faith.

                                                                                         _____
                                                                                         Cynthia Capozzi

    SUBSCRIBED AND SWORN TO before me, a notary public, in and for said County and State, this 31 day of October, 2006.

[SEAL]

                                                            _____
                                                            Notary Public

                                                            My Commission Expires:

                                                            MY COMMISSION EXPIRES 10/14/2008

Respectfully submitted this __31st__ day of October, 2006,

By /s Christopher P. Beall
Christopher P. Beall
FAEGRE & BENSON LLP

Attorneys for Plaintiff
NetQuote Inc.

Plaintiff's Address:
NetQuote Inc
1860 Blake Street, Suite 900
Denver, Colorado 80202

THIS COMPLAINT WAS FILED WITH THE COURT THROUGH THE LEXISNEXIS FILE-AND-SERVE ELECTRONIC FILING PROCEDURES, UNDER C.R.C.P. 121(C), § 1-26. AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS PLEADING IS ON FILE WITH FAEGRE & BENSON LLP.

fb.us.1631469.01