IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation

Plaintiff,

v.

BRANDON BYRD,

Defendant.

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

---

Defendant, Brandon Byrd, respectfully submits this Memorandum In Support of His Motion to Dismiss for Lack of Personal Jurisdiction.  In support thereof, the defendant states as follows:

### INTRODUCTION

This Court does not have jurisdiction over Brandon Byrd ("Byrd"), the defendant in this suit.  The sole connection between Byrd and the State of Colorado is that Byrd submitted information to plaintiff, a Colorado corporation, via the internet.  Plaintiff fails to allege in its Second Amended Complaint ("Complaint") that Byrd knew Plaintiff was a Colorado corporation when he allegedly submitted the information or that he, in any other way, purposefully directed his activities to the State of Colorado.  Indeed,  Plaintiff fails to allege any basis upon which Byrd could  have anticipated being haled into court in Colorado, a state he never so much as visited.

- 1 -

#1238348 v1

Moreover, Plaintiff's fraud claim should be dismissed for the alternative reason that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Not only has Plaintiff failed to adequately allege a misrepresentation and reliance, essential elements of a fraud claim, which must be pled with particularity.

## STATEMENT OF FACTS

The facts relevant to this motion are simple: Plaintiff is a Colorado Corporation that operates a website for the purpose of generating insurance leads that are then sold to agents and brokers. (Compl. ¶¶ 7-8). Defendant is a resident of Sandy Springs, Georgia, who has never been to Colorado nor had any other knowing contacts with the state. (Byrd Aff. ¶¶ 1-4, attached hereto as Exhibit A). Plaintiff has alleged that defendant, through his internet service provider, completed its online insurance application numerous times, and in each instance provided "false" information. (Compl. ¶¶ 18-19). Plaintiff alleges that these submissions are actionable under theories of fraud and tortious interference with business relations. (Compl. ¶¶ 22-37).

Plaintiff claims this Court has jurisdiction over defendant because defendant allegedly aimed tortious conduct at plaintiff and plaintiff felt that harm in Colorado. (Compl. ¶ 3). Plaintiff does not allege that defendant knew plaintiff was located in Colorado, that defendant intentionally targeted plaintiff because it was located in Colorado, or that defendant in any way purposefully or knowingly directed any activity into Colorado. At most, plaintiff alleges that defendant acted intentionally towards plaintiff, a company that happens to be in Colorado, not that defendant acted intentionally towards *Colorado*. (*See* Compl. ¶ 3).

**ARGUMENT**

I.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS JURISDICTION OVER DEFENDANT**

   A.    **Legal Standard for Personal Jurisdiction**

   In a diversity action, a court only has personal jurisdiction over a defendant if jurisdiction is consistent with the state's long-arm statute and if jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).  Since the Colorado long arm statute allows jurisdiction to the full extent of the Constitution, the jurisdictional analysis here reduces to a single inquiry whether jurisdiction offends due process. *Id.*  Due process requires that defendant have sufficient minimum contacts with the forum state such that he would "reasonably anticipate being haled into court there." *Id.* citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1990).  Plaintiff bears the burden of  proving jurisdiction exists. *Id.*  at 1074.

   Minimum contacts can be satisfied either through the doctrines of specific or general jurisdiction.  General jurisdiction "is not related to the facts giving rise to the suit" and requires a more stringent minimum contacts showing than specific jurisdiction. *Id.* at 1081. To establish general jurisdiction, plaintiff must "demonstrate the defendant's *continuous and systematic general business contacts*." *Id.* at 1081 (emphasis added); *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1259 (D. Colo. 2005) ("General jurisdiction arises where the defendant's forum state contacts are so systematic and continuous as to justify jurisdiction even where those contacts are not directly related to the cause of action.").  In this case, the defendant has never been to Colorado, let alone conducted business in Colorado.  Defendant has no systematic or continuous

contacts with the State, nor has Plaintiff alleged such contacts, leaving specific jurisdiction as the sole avenue for the Court to exercise jurisdiction over this defendant.

Specific jurisdiction is appropriate where the defendant has purposefully directed his activities at the forum state and where the cause of action stems from the defendant's forum state contacts. *Id.* Specific jurisdiction involves a two part inquiry. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). First, a defendant must have minimum contacts with the forum state. *Id.* This test requires analyzing two related but distinct questions: (1) whether the defendant purposefully directed his contacts at the forum state; and (2) "whether the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection to the forum state." *Id.* (emphasis in original). If a defendant is found to have sufficient minimum contacts to justify specific jurisdiction, it is still necessary to determine whether the exercise of specific jurisdiction "offends traditional notions of fair play and substantial justice." *Id.* These two prongs operate on a sliding scale. The stronger the minimum contacts, the greater the burden on the defendant to show that jurisdiction is unreasonable. *Schneider,* 405 F. Supp. 2d at 1262.

## B.    There is no Personal Jurisdiction over Defendant.

The only basis for jurisdiction alleged in the Complaint is defendant's alleged tortious conduct. Thus, the applicable minimum contacts analysis is that of *Calder v. Jones*, and its progeny, addressing personal jurisdiction in tort actions. 465 U.S. 783 (1983). The Tenth Circuit, applying *Calder v. Jones*, has made clear that mere injury of a forum resident by an out-of-state defendant is, taken alone, insufficient to establish personal jurisdiction:

> The mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant

> possesses the constitutionally required minimum contacts. *Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws.*

*Far W. Capital v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995). Thus, the exercise of personal jurisdiction requires something more than the mere effect being felt in the forum state.[1] Defendant must have purposefully availed himself of the benefits of the forum state's laws. And such purposeful availment, at the very least, requires knowledge by defendant that his activities involved the forum state.

In this case, plaintiff, a Colorado corporation, maintains a website on the Internet, where anyone, anywhere may submit information to obtain a rate and policy quotation for various types of insurance. (Compl. ¶ 8). Plaintiff's suit is based on the core allegation that defendant submitted false information to plaintiff via its website. (Compl. ¶¶ 11, 18). Plaintiff alleges that it felt the effect of these submissions in Colorado. (Compl. ¶ 3).

Plaintiff's allegations are insufficient to establish that defendant had sufficient minimum contacts to be haled into court in Colorado. Plaintiff fails to allege, other than bald conclusory statements in Paragraph 3 of the Complaint, that defendant in any way expressly aimed his activities to Colorado. Indeed, plaintiff does not even establish that defendant knew he was dealing with a Colorado company. There are simply none of the usual indicia of minimum contacts in this case for jurisdiction to lie. In support of this motion, the defendant affies that he has never been to Colorado, has never had any communication with plaintiff other than

---

[1] Nearly all other circuits agree with the Tenth Circuit that personal jurisdiction requires more than mere effects in the forum state. *See, e.g.*, *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254 (3d Cir. 1998) ( surveying Circuits and concluding jurisdiction in intentional tort action requires forum must be the "focal point" of the harm suffered and that defendant "expressly aimed his conduct at the forum").

- 5 -

automated responses *from* plaintiff's website, that he did not know plaintiff was a Colorado

corporation and that many of the submissions were made through localinsurance.com, an affiliate

of the plaintiff that is located in California. (Byrd Aff. ¶¶ 1-5). On similar facts, and with more

purposeful contacts by defendant directed at the forum state, courts have rejected jurisdiction.

*See, e.g. ESAB Group, Inc. v. Centricut Inc.*, 126 F.3d 617 (4th Cir. 1997) (rejecting jurisdiction

of forum state where only connection with forum state was that defendant obtained sales leads

from company headquartered there; holding such contact does not "manifest behavior

intentionally targeted at and focused on South Carolina, such that [defendant] can be said to have

entered South Carolina in some fashion; allegations that the loss was felt in South Carolina,

where Plaintiff was headquartered "when unaccompanied by other contacts, is ultimately too

unfocused to justify personal jurisdiction."); *see also Griffis v. Luban*, 646 N.W.2d 527 (Minn.

2002) (holding defendant's posting of alleged defamatory statements to internet newsgroup

about forum state resident insufficient to confer jurisdiction in forum state).

In *Far West Capital*, the Tenth Circuit concluded that there was no jurisdiction where

there was "no evidence that defendants' alleged torts had any connection to [the forum state]

beyond plaintiff's corporate domicile." 46 F.3d at 1080. The same can be said here. Plaintiff

has not met its burden of showing defendant's minimum contacts with Colorado. Plaintiff has

not established any quantum of contacts that defendant had with Colorado such that defendant

could have expected to be haled into court here. And defendants affidavit confirms that no such

contacts exist. Nor has Plaintiff shown that defendant purposefully directed or aimed conduct at

Colorado. To find jurisdiction in this case would allow Plaintiff to assert jurisdiction anytime

anyone, anywhere submits information to its website, whether or not they know the location of

plaintiff's domicile thus always allowing plaintiff to sue in its home state, without regard to the

due process rights of defendant.  Such far-reaching jurisdiction cannot be said to be reasonably anticipated by defendant and offends notions of fair play and substantial justice.

In addition, in order to satisfy the minimum contact analysis under Colorado law, the alleged injury must be direct, not consequential or remote. *Amax Potash Corp. v. Trans-Resources, Inc.*, 817 P.2d 598 (Colo. Ct. App. 1991); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir. 1995).   The plaintiff alleges that the harm it has suffered is to its reputation and to costs incurred to prevent recurring conduct (Compl. ¶ 21).  Neither of these are the direct result of any alleged fraud or tortuous interference claim.  They are both remote and consequential, at best.

Another factor considered in determining jurisdiction is the burden on the defendant. Though not dispositive, this factor aids the Court in its assessment of the reasonable exercise of personal jurisdiction.  *See World-Wide Volkswagen*, 444 U.S. at 292.   In the case at bar, the defendant is an individual who has never traveled to the forum state.  The plaintiff is a corporation that generates between $7.2 Million and $21.6 Million annually from its sale of leads to its agents, and claims to do business in all 50 states.  The allegations in the complaint reveal that the "value" of the alleged submitted requests is between $1,500 and $4,500. (See Exhibit "A")

In terms of actual requests for quotes, plaintiff claims to receive over 200,000 requests for quotes each month.  In its complaint, plaintiff contends that between October, 2006 and February 17, 2006, plaintiff received over 500 "false submissions" from the defendant (See Compl. ¶¶ 11, 19).  Therefore, according to its own statistics, plaintiff received somewhere in the neighborhood of 800,000 requests for quotes during this same period.  Mathematically, the defendant's submissions represent approximately 0.0625% of the quotes received, a nominal

- 7 -

amount, which should be considered when compared to the inconvenience and costs that will be borne by defendant should he be forced to appear and defend in Colorado.

## II.    PLAINTIFF'S FRAUD CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

A motion pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if all the allegations of the complaint, if true, are  insufficient to state a claim within the meaning of Fed. R. Civ .P. 8(a). *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  In considering a 12(b)(6) motion, the court takes all well-pleaded allegations of the Complaint as true.  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); see also *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). "Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that it can prove no set of facts entitling it to relief." *See Perkins v. Johnson*, No. 06-cv-01503, 2007 U.S. Dist. LEXIS 10799, at *1-2 (D. Colo. 2007) (*citing Rocky Mountain Helicopters v. Bell Helicopters Textron*, 24 F.3d 125, 128 (10th Cir. 1994)).

Plaintiffs must allege five elements to establish a claim for fraud under Colorado law: 1) a false representation of a material existing fact; 2) knowledge on the part of the one making the representation that it was false; 3) ignorance of the falsity on the part of the one to whom the representation was made; 4)  an intention that the representation be acted on; and 5) damages. *Concord Realty Co. v. Continental Funding Corp.*, 776 P.2d 1114 (Colo. 1989). A claim for fraud requires proof that plaintiff relied upon the misrepresentation, and that reliance must have been justified given the circumstances." *See Black v. First Federal Savings & Loan*, 830 P.2d

- 8 -

1103 (Colo. App. 1992). *Robert K. Schader, P.C. v. Etta Indus.*, 892 P.2d 363, 366 (Colo. Ct. App. 1994). Moreover, fraud must be alleged with particularity in the Complaint. *See* Colo. R. Civ. P. 9(b)("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *State Farm Mutual Auto. Ins. Co. v. Parrish*, 899 P.2d 285 (Colo. App. 1994) ("Colorado law requires that one who alleges fraud must plead it with particularity so that the allegation cannot be easily made, and those accused of such wrongdoing can be put on specific notice and have the ability to make a focused response.").

Plaintiff has failed to plead its fraud claim with particularity. The central allegation of plaintiff's fraud claim is that defendant submitted information that "falsely indicated" that certain persons were interested in receiving price quotations from plaintiff, when such persons were not actually interested in receiving such quotations. (Compl. ¶¶ 11-12). Plaintiff has not identified any single fraudulent representation, has not explained the content of any fraudulent representation and has not put defendant on notice of what precisely it claims was fraudulent about the submissions.

Moreover, the Complaint fails to allege any actual misrepresentation made to plaintiff and that plaintiff relied on any of defendant's alleged misrepresentations. *See Black v. First Federal Savings & Loan*, 830 P.2d 1103 (Colo. App. 1992) (misrepresentation and reliance are necessary elements of proving fraud). In order to understand the plaintiff's claim, it is necessary to understand the "representations" at issue. A copy of the relevant pages of the plaintiff's website is attached hereto as Exhibit C.[2] As demonstrated by Exhibit B, plaintiff receives the

---

[2] If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). These

- 9 -

completed and submitted form, which is matched against its electronic database and "within moments" the information is directed to the appropriate agent who had previously agreed to purchase the type of lead generated by the form.   Plaintiff is merely a conduit through which the information is passed along to the appropriate agent.   Thus, there is no misrepresentation that is made to plaintiff, and plaintiff cannot, under any set of facts demonstrate that it justifiably relied upon the contents of the submitted form since plaintiff never even views the information before passing it along and instead simply transmits the form to the agent.   Likewise, plaintiff has not alleged reliance on the misrepresentation, since, again, plaintiff only passes the information along, without reviewing the information or relying on its content.   Plaintiff has failed to allege essential elements of a fraud claim and its claim should be dismissed.   *See, e.g., Catalan v. Vermillion Ranch Ltd. P'ship*, 2007 U.S. Dist. LEXIS 567 (D. Colo. 2007), *quoting Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (noting that in order to sufficiently plead a claim of fraud under F.R.C.P. § 9(b) that each of nine (9) allegations including "(1) a representation, (2) that is false, (3) that is material, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent it be acted on, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance, (8) the hearer's right to rely on it, and (9) injury must be present and that "failure to adequately allege any one of the nine elements is fatal to the fraud claim.").   In this case, the plaintiff has failed to allege that a representation was made to plaintiff and that plaintiff relied on the representation.

---

documents were printed off of plaintiff's website by defense counsel and not "submitted" to plaintiff's website.

#1238348 v1

## CONCLUSION

For the reasons explained above, the Court lacks jurisdiction over defendant. The motion to dismiss should be granted. In the alternative, plaintiff's fraud claim should be dismissed as insufficiently pled.

Respectfully submitted,

s/Rachel L. Eichenbaum
Teresa L. Ashmore
Rachel L. Eichenbaum
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

and

Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
770-351-4400 (Voice)
678-990-7737 (Fax)
www.isenberg-hewitt.com

#1238348 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of April, 2007, I electronically filed the a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Christopher P. Beall
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Email: CBeall@faegre.com

s/ Rachel L. Eichenbaum– Signature on File

#1238348 v1