IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE INC, a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

    Defendants.

## UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff NetQuote Inc ("NetQuote"), through its counsel with Faegre & Benson LLP, in light of the removal of this civil action from state court to federal court and in light of new information recently discovered by NetQuote, in this unopposed motion pursuant to Fed. R. Civ. P. 15(a), respectfully requests leave to amend its prior state-court complaint.

In support of this Motion, NetQuote states as follows:

1.    Pursuant to D. Colo. L. Civ. R. 7.1(A), undersigned counsel certifies that the parties have conferred by email and telephone concerning this motion, including by providing an advance copy of NetQuote's proposed Third Amended Complaint to counsel for Defendant Brandon Byrd ("Byrd"). NetQuote is authorized to state that Byrd does not oppose the relief requested herein.

2.  On February 16, 2007, NetQuote filed its Second Amended Complaint in the Colorado District Court for the City & County of Denver. (Doc. #1-11.) This amended complaint for the first time named Byrd as the defendant in this action.

3.  Following service of process on Byrd, Byrd removed this action to this Court on the basis of diversity jurisdiction. (Doc. #1.) Byrd has now responded to the Second Amended Complaint with a motion to dismiss on the grounds of lack of personal jurisdiction.[1] (Doc. #8.)

4.  In the interim since NetQuote's filing of the Second Amended Complaint in state court, NetQuote has uncovered information that changes the complexion of this action and requires a revision of the pleadings. This new information is reflected in the proposed Third Amended Complaint and includes the following:

- Byrd was employed by a firm named MostChoice.com, Inc. ("MostChoice").

- MostChoice is a direct competitor of NetQuote in the field of insurance sales lead generation, i.e., the service of providing sales leads to insurance brokers and others in the insurance industry.

- Byrd has admitted that in addition to the conduct alleged in the Second Amended Complaint with respect to his submissions to the www.netquote.com website, Byrd also made submissions to NetQuote's separate www.localinsurance.com website.

- NetQuote now has come to believe that Byrd's conduct fits within a larger pattern of disparagement and false advertising by MostChoice in which MostChoice has unfairly competed with NetQuote by claiming that

---

[1] Byrd's motion also seeks dismissal of the fraud claim in the case on the grounds of insufficient particularity in the pleading of that claim.

2

      NetQuote's sales leads include bad or dummy information, all the while knowing that it was MostChoice's own agent, in the person of Byrd, who had inveigled the false information into NetQuote's system.

5. In light of the foregoing, NetQuote has prepared a Third Amended Complaint. A copy of this proposed Third Amended Complaint is lodged with this motion as **Exhibit A**.

6. In summary, NetQuote's proposed Third Amended Complaint makes the following revisions to the pleadings:

- Adds MostChoice as a defendant;
- Clarifies the basis of the Court's exercise of *in personam* jurisdiction over both defendants;
- Adds factual allegations with respect to MostChoice, MostChoice's involvement in Byrd's activities, and the full scope of Byrd's activities; and,
- Adds three new causes of action to the case, all against only MostChoice: common law unfair competition, false advertising under the Lanham Act, and deceptive trade practices under the Colorado Consumer Protection Act.

7. In this case, leave to amend NetQuote's complaint in the manner proposed should be granted because Fed. R. Civ. P. 15(a) requires that leave must be freely granted "when justice so requires." *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir. 1975).

8. In addition, no prejudice will arise from the proposed amendment. No discovery has yet occurred; no pretrial disclosures have yet been exchanged, and indeed, the parties have not even met to conduct their initial case-planning conference under Rule 26(f).

**WHEREFORE**, the Court should grant leave to NetQuote to amend its pleadings and should further direct that the proposed Third Amended Complaint as shown in attached Exhibit A be accepted for filing.

A proposed order also is attached.

Respectfully submitted this  13th  day of April, 2007.

        By s/ Christopher P. Beall
        Christopher P. Beall
        FAEGRE & BENSON LLP
        3200 Wells Fargo Center
        1700 Lincoln Street
        Denver, Colorado  80203
        Tel:  (303) 607-3500 / Fax:  (303) 607-3600
        E-mail:  cbeall@faegre.com

        Attorneys for Plaintiff
        **NetQuote Inc**

5

## CERTIFICATE OF SERVICE

I hereby certify that on this  13th  day of April, 2007, I electronically filed the foregoing **MOTION FOR LEAVE TO AMEND COMPLAINT** with the Clerk of the Court using the ECF/CM electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

Teresa L. Ashmore, Esq.
Rachel L. Eichenbaum, Esq.
HOLME ROBERTS & OWENS LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Tracy.Ashmore@hro.com
Rachel.Eichenbaum@hro.com


Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, Georgia  30328
ryan@isenberg-hewitt.com


   /s Tracy Reed   

fb.us.1961558.02