**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE INC, a Colorado corporation,

      Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and
64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation

      Defendants.

---

### [Proposed] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Court conducted a Rule 16 Scheduling Conference on June 4, 2007, at 9:15 a.m.

Appearing for the parties at the Scheduling Conference were the following counsel:

> For the plaintiff NetQuote Inc.:
> David W. Stark
> FAEGRE & BENSON LLP
> 3200 Wells Fargo Center
> 1700 Lincoln Street
> Denver, Colorado 80203
> (Tel):  303-607-3500

Dockets.Justia.com

Daniel D. Williams
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
(Tel): 303- 447-7700


For the defendants Brandon Byrd and MostChoice.com, Inc.:
Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, Georgia 30328
(Tel): 770-351-4400

Rachel L. Eichenbaum, Esq.
HOLME ROBERTS & OWENS LLP
4400 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
(Tel): 303-866-0323

## 2. STATEMENT OF JURISDICTION

This civil action was initially filed in Colorado state court, in the District Court for the

City & County of Denver, before it was removed to federal court by a Notice of Removal filed

by Defendant Byrd. This Court has subject-matter jurisdiction in this case pursuant to 28 U.S.C.

§ 1331 with respect to the federal Lanham Act claim, and pursuant to 28 U.S.C. §§ 1332(a)(1)

and 1367(a) with respect to the state-law claims.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

Plaintiff NetQuote operates an internet-based business that markets to consumers

interested in quotes for various insurance products, and then passes along the consumer

information collected from these consumers to interested insurance brokers. The success of

NetQuote's business depends on the reliability of these so-called "leads" that are passed along to

NetQuote's local insurance brokers and agents. In this case, NetQuote alleges that Defendants

MostChoice and Byrd sabotaged NetQuote's business by having Byrd make submissions of false

or deceptive information to NetQuote's websites at www.netquote.com and

www.localinsurance.com.

On the basis of such conduct, NetQuote alleges that MostChoice and Byrd have

committed the torts of fraud and tortious interference with business relations. NetQuote also has

alleged claims against MostChoice for common law unfair competition, false advertising under

the Lanham Act, and deceptive trade practices under the Colorado Consumer Protection Act.

b.    Defendants:

Defendant Byrd as an employee of Defendant Mostchoice admits to submitting

information through the Netquote system, as well as through its local affiliates, which contained

in accurate information. The parties are generally competitors and the purpose of the

submissions were to obtain the identity of insurance agents who purchase leads. Defendants

deny that the conduct is actionable or harmful, and Mostchoice believes that the plaintiff;s

employees has also engaged in this same conduct.

Defendants otherwise deny that the plaintiff can recover under any asserted theory, and

cannot prove any damages which would be other than speculative because of the nature of the

business and minute percentage of submissions by Brandon Byrd compared to the number of

gross submissions received by the plaintiff.

<u>c.</u>    <u>Other Parties:</u>

None.

## 4. UNDISPUTED FACTS

As yet, no responsive pleadings have been filed by the defendants.  As a result, the

parties have not yet reached agreement as to any undisputed facts.

## 5. COMPUTATION OF DAMAGES

Plaintiff NetQuote has not yet been able to calculate the full extent of its damages.

NetQuote anticipates that its damages include lost revenues from departed clients, payments to

disgruntled clients for misinformation submitted by defendants, personnel costs for responding to

sabotage attacks by defendants, lost opportunities as a result of diversion of staff to respond to

sabotage attacks by defendants, and harm to NetQuote's overall reputation in its industry.  To

date, NetQuote estimates its damages amount to at least $2,000,000, not including legal fees and

expenses, without any exemplary or treble damages.  NetQuote will supplement its calculation of

its damages as discovery proceeds in this case.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.    Date of rule 26(f) meeting:  April 19, 2007.

b.    Names of each participant and party he represented:

Christopher Beall representing Plaintiff NetQuote.

Ryan L. Isenberg representing Defendants Byrd and MostChoice.

c.    No changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1) are anticipated.

d.    Rule 26(a)(1) disclosures were exchanged between the parties on May 4, 2007, and May 7, 2007.

e.    There are no agreements as yet to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. The parties will continue to discuss informal discovery.

f.    Both parties anticipate that this case will involve some amount of electronically stored information, and some of the information requested in discovery will involve information or records maintained in electronic form. The parties will make reasonable efforts to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. No agreements have been reached with respect to claims of inadvertent disclosure of privileged material or protected trial-preparation materials within the context of electronically stored information.

## 7.  CONSENT

The parties do not, at this time, consent to the exercise of dispositive jurisdiction by a magistrate judge under 28 U.S.C. 636(c)(1).

## 8.  CASE PLAN AND SCHEDULE

a.    Deadline for joinder of parties and amendment of pleadings:

July 19, 2007.

b.    Deadline to complete all discovery, including expert discovery:

November 5, 2007.

c.    Deadline to file any dispositive motion:

December 3, 2007.

d.    Expert witness disclosures:

(1)    Anticipated fields of expert testimony:

Plaintiff NetQuote anticipates the need for expert testimony on economic

damages, and potentially also with respect to business practices among

internet-based businesses.

Defendants Byrd and MostChoice are unable to presently anticipate the

need for expert witnesses.

(2)    Limit on number of expert witnesses:

The parties have agreed to offer no more than three expert witnesses per

side.

(3)    The party with the burden of proof on an issue must designate its expert

testimony with respect to that issue and provide opposing counsel and any

pro se party with all information specified in Fed.  R. Civ.  P. 26(a)(2) on

or before September 6, 2007.

(4)     Any party wishing to designate expert testimony in rebuttal to the

testimony designated by a party with the burden of proof on an issue must

do so, and provide opposing counsel and any pro se party with all

information specified in Fed. R. Civ. 26(a)(2), on or before October 8,

2007.

(5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no

exception to the requirements of the rule will be allowed by stipulation of

the parties unless the stipulation is approved by the court.

e.     Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| By the plaintiff: | | | |
| Brandon Byrd | t-b-d | t-b-d | 7 hrs |
| Michael Levy | t-b-d | t-b-d | 7 hrs |
| Rule 30(b)(6) of MostChoice | t-b-d | t-b-d | 7 hrs |
| Additional witnesses t-b-d | t-b-d | t-b-d | t-b-d |
| | | | |
| By the defendants: | | | |
| | | | |
| Multiple 30(b)(6) witnesses | t-b-d | t-b-d | 7 hrs per witness |
| Melissa Buschacher | t-b-d | t-b-d | Less than 7 hrs |
| Additional witnesses | t-b-d | t-b-d | 7 hrs |
| | | | |
| | | | |

f.     Interrogatory Schedule

Pursuant to Fed. R. Civ. P. 33, the last day for any party to serve written

interrogatories upon any other party, not exceeding 25 in number to any single

responding party, is September 29, 2007.

g.     Schedule for Request for Production of Documents

Pursuant to Fed. R. Civ. P. 34, the last day for any party to serve requests for

production of documents and/or requests for admissions upon any other party, not

exceeding 25 in number to any single responding party, is September 29, 2007.

h.     Discovery Limitations:

(1)     The limit on the number of depositions set in Fed. R. Civ. P. 30(a)(2)(A)

applies to this case.

(2)     No deposition will exceed one day of seven hours, as provided for under

the Rules, without leave of Court, upon a showing of good cause or unless

agreed by the parties.

(3)     No party has requested modifications on the presumptive numbers of

depositions or interrogatories contained in the federal rules.

(4)    The number of requests for production of documents and requests for admissions will be limited to 25 to any single responding party.

(5)    Other Planning or Discovery Orders:

The parties anticipate filing a motion for entry of a stipulated protective order.

## 9. SETTLEMENT

The parties certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. NetQuote requests that the Court schedule a settlement conference before the magistrate judge.

## 10.  OTHER SCHEDULING ISSUES

a.    There are no discovery or scheduling issues on which counsel, after a good-faith effort, were unable to reach an agreement.

b.    Anticipated length of trial and whether trial is to the court or jury:
Trial to a jury is anticipated to last 5 days.

9

## 11.  DATES FOR FURTHER CONFERENCES

a.      A settlement conference will be held on_____ at _____
o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )      Attorneys and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.      Status conferences will be held in this case at the following dates and times:

_____

_____

c.      A final pretrial conference will be held in this case on _____ at_____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of May, 2007.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/David W. Stark                                    s/Ryan L. Isenberg

David W. Stark                                     Ryan L. Isenberg
FAEGRE & BENSON LLP                                ISENBERG & HEWITT, P.C.
3200 Wells Fargo Center                            7000 Peachtree Dunwoody Road, Bldg 15,
1700 Lincoln Street                                Suite 100
Denver, Colorado 80203                             Atlanta, Georgia  30328
Telephone:     (303) 607-3500                      Telephone:     (770) 351-4400
Facsimile:     (303) 607-3600                      Facsimile:     (678) 990-7737
E-mail:        dstark@faegre.com                   E-mail:        ryan@isenberg-hewitt.com


Daniel D. Williams                                 Rachel L. Eichenbaum
FAEGRE & BENSON LLP                                HOLME ROBERTS & OWENS LLP
1900 Fifteenth Street                              4400 Wells Fargo Center
Boulder, Colorado 80302                            1700 Lincoln Street
Telephone:     (303) 447-7700                      Denver, Colorado 80203
Facsimile:     (303) 447-7800                      Telephone:     (303) 866-0323
E-mail:        dwilliams@faegre.com                Facsimile:     (303) 866-0200
                                                   E-mail:        rachel.eichenbaum@hro.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2007, I served the foregoing **PROPOSED SCHEDULING ORDER** by electronic delivery, as an attachment to an email, to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, Georgia  30328
ryan@isenberg-hewitt.com


Rachel L. Eichenbaum, Esq.
HOLME ROBERTS & OWENS LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Rachel.Eichenbaum@hro.com


                                        s/*Daniel D. Williams*