## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

    Plaintiff,

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

    Defendants.

### ANSWER OF AND COUNTERCLAIM OF DEFENDANT MOSTCHOICE.COM, INC.

Comes now, Mostchoice.com, Inc., ("Mostchoice") and herein files its Answer and Counterclaim to Plaintiff's complaint and responds as follows:

### First Defense

As a matter of preservation, defendant Mostchoice asserts that plaintiff's complaint has failed to state a claim upon which relief can be granted.

### Second Defense

Defendant denies that personal jurisdiction over Mostchoice is proper.

### Third Defense

Defendant Mostchoice raises the affirmative defense of competitive privilege to the extent such a defense is applicable to theories asserted by the plaintiff.

**Fourth Defense**

Defendant Mostchoice asserts that the plaintiff is barred from recovery to the extent that it has failed to mitigate its damages.

**Fifth Defense**

Defendant Mostchoice responds to the enumerated allegations in the plaintiff's complaint as follows:

1.

Plaintiff's first paragraph is in narrative form, and contains numerous allegations, both express and implied. Defendant Mostchoice admits that the plaintiff is seeking monetary and injunctive relief. Defendant Mostchoice admits that Brandon Byrd submitted fictitious information to Netquote, either directly or through localinsurance.com, believed to be an affiliate of Netquote.

In further response, defendant states that paragraph one of the plaintiff's complaint violates FRCP § 8, in that the averments are in narrative form, and not plain, short and concise. As a consequence, without responding in narrative form, defendant denies all other allegations contained in paragraph one of the plaintiff's complaint.

2.

Admitted.

3.

Denied.

4.

Denied.

5.

Denied.

6.

To the extent jurisdiction is proper, venue is admitted to be proper.

7.

Admitted.

8.

Defendant Mostchoice admits the allegations in paragraph eight of the plaintiff's complaint, except those allegations that characterize the submissions as false and harmful. Defendant Mostchoice admits that the submissions made by defendant Byrd that are the subject of this action were done within the scope of his employment with Mostchoice.com, Inc.

9.

Admitted.

10.

Defendant Mostchoice is not aware that Netquote maintains the localinsurance.com URL and has insufficient information to form a belief as to this allegation. All other allegations in this paragraph are admitted.

11.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations set forth in paragraph eleven of the plaintiff's complaint.

12.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the

allegations set forth in paragraph eleven of the plaintiff's complaint.

13.

To the extent that paragraph thirteen of the plaintiff's complaint alleges that every consumer that completes its forms is seeking quotes for insurance, and to the extent that the plaintiff alleges that it receives a completed form and has a person review the lead and forward it to an agent, this paragraph is denied. Otherwise, defendant Mostchoice admits that the plaintiff has generally described what it does in paragraph thirteen.

14.

Admitted.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Admitted.

19.

Denied.

20.

It is admitted that Mostchoice promotes findings of unrelated third-parties that has found Mostchoice among the fastest growing technology companies in Georgia.

21.

It is admitted that Mostchoice promotes its leads as better than Netquote. Defendant Mostchoice denies the remainder of the allegations contained in this paragraph.

22.

Denied.

23.

Defendant Mostchoice denies the characterization of Defendant's Byrd employment, but admits that he was and remains a part-time fitness instructor both before and after he was hired by Mostchoice.

24.

Admitted.

25.

Admitted that defendant Byrd was paid $300 per week, and it is further admitted that Byrd was initially paid as a contract employee. Defendant Mostchoice denies that defendant Byrd was paid a" commission."

26.

Denied.

27.

Denied.

28.

Admitted.

29.

Denied.

30.

Defendant Mostchoice admits that defendant Byrd used a Juno ISP account, but denies the remaining allegations contained in the plaintiff's complaint.

31.

Defendant Mostchoice denies that defendant Byrd was using Ms. Buschacher's name and denies any allegations relating to a claim of sabotage.  In further response, defendant Mostchoice is unable to otherwise admit or deny any allegation as to what Ms. Buschacher knew or didn't know.

32.

Defendant Mostchoice admits the allegations in this paragraph, except to the extent that it alleges that defendant Byrd was using the identities of real people, which is denied.

33.

Defendant Mostchoice admits that defendant Byrd submitted at least 394 fictitious submissions as alleged.  Defendant Mostchoice denies that it only took three to five minutes to complete a submission.  Defendant Mostchoice admits that defendant Byrd  spent several hours on some days submitting the fictitious submissions, but denies that defendant Byrd was using the identities of real people.

34.

Defendant Mostchoice  admits that defendant Byrd has made fictitious submissions to localinsurance.com.  Defendant Mostchoice  has insufficient information to form a belief as to

the truth of the remainder of the allegations in this paragraph.

35.

Admitted.

36.

Denied.

37.

Denied.

38.

Denied.

39.

It is admitted that the submissions made were fictitious. Defendant Mostchoice has insufficient information to form a belief as to the truth of the remainder of the allegations in this paragraph.

40.

Denied.

41.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations in this paragraph.

42.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations in this paragraph.

43.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations in this paragraph.

44.

Denied.

45.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations in this paragraph.

46.

Admitted.

47.

Admitted.

48.

Denied.

49.

Without admitting to the characterization of false customer information, defendant Mostchoice admits that defendant Byrd admits that he has submitted more than 392 fictitious submissions to Netquote and localinsurance.com.

50.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the allegations in this paragraph that relate to what Netquote did or spent. All other allegations are denied.

51.

Paragraph 51 of the plaintiff's complaint is conclusory and argumentative. In further response, defendant Mostchoice admits the substantial factual allegations contained in this paragraph to the effect that the alleged process that Netquote claims to have spent considerable resources in deploying is easily avoidable, but denies that Netquote was at Mostchoice's "mercy" as alleged.

52.

Defendant Mostchoice denies this allegation as it relates to claims of sabotage, and has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

53.

Denied.

54.

Defendant Mostchoice incorporates its responses to paragraphs 1-53 as if fully restated herein.

55.

Admitted.

56.

Defendant Mostchoice admits the allegations contained in this paragraph, except for those allegations that characterize the submissions, and any allegation that the submissions were anything other than fictitious.

57.

Denied.

58.

Denied.

59.

Defendants admit that they were aware that the submissions made by Byrd were fictitious.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Defendant Mostchoice incorporates its responses to paragraphs 1-63 as if fully restated herein.

65.

Admitted.

66.

Defendant Mostchoice has insufficient information to form a belief as to the truth of the

allegations contained in this paragraph.

67.

While defendant Mostchoice may presume to know of the relationship between the plaintiff and its customers, for purposes of this allegation, Mostchoice must deny these allegations.

68.

Denied.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Defendant Mostchoice incorporates its responses to paragraphs 1-73 as if fully restated herein.

75.

Admitted.

76.

Denied.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Denied.

81.

Defendant Mostchoice incorporates its responses to paragraphs 1-80 as if fully restated herein.

82.

Denied.

83.

Denied.

84.

Denied.

85.

Denied.

86.

Denied.

87.

Denied,

88.

Denied.

89.

Defendant Mostchoice incorporates its responses to paragraphs 1-88 as if fully restated herein.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

94.

Denied.

95.

Denied.

96.

Denied.

97.

Any allegation contained in the plaintiff's complaint not specifically admitted is hereby denied.

**WHEREFORE**, Defendant Mostchoice.com, Inc. prays that the plaintiff's complaint be dismissed with all costs taxed to the plaintiff, and for such other and further relief deemed necessary and just by this Court.

## Counterclaim

1. Plaintiff is a Colorado Corporation, with its principal place of business in Colorado.

2. Defendant Mostchoice is a Georgia Corporation, with its only office in the State of Georgia.

3. Defendant Mostchoice seeks damages in excess of $75,000.00.

4. This case was filed in the Colorado State courts and removed to this Court.

5. By virtue of the above, jurisdiction and venue are proper.

6. This Court has subject matter jurisdiction over the claims set forth below pursuant to 28 U.S.C. § 1332.

4. To the extent that Mostchoice has been injured as result of the allegations set forth below, that injury occurred in the State of Georgia.

5. Applying the Colorado choice of law rules in cases arising out of tort, Georgia law should be applied to the claims raised herein.

**Click Fraud**

6. For purposes of this complaint, and without limiting its definition, "click fraud" occurs in pay per click online advertising when a person imitates a legitimate user of a web browser clicking on an ad, for the purpose of generating a charge per click without having actual interest in the target of the ad's link. (http://en.wikipedia.org/wiki/Click_fraud)

7. Upon information and belief, beginning sometime in 2004, at least one employee of the plaintiff engaged in click fraud that caused harm to defendant Mostchoice by clicking on paid advertisements that generated charges to Mostchoice.

8. Upon information and belief, the employee(s) referred to in paragraph 7 above knew Mostchoice had maximum pre-set spending limits on its pay-per-click accounts, and further knew that once the limit was reached, that Mostchoice advertising would no longer appear.

9. As a consequence of the conduct described in paragraphs 7 and 8 above, Netquote was able to, and upon information and belief did, reduce its own costs on the same advertising channels, and cause Mostchoice advertisements to no longer appear thereby capturing traffic that would have otherwise been captured by Mostchoice.

10. As a consequence of the conduct described in paragraphs 7-9 above, Mostchoice has been damaged in an amount to be determined with certainty at trial.

11. The conduct alleged herein was wilful, malicious, and made with an intent to

harm Mostchoice, and as a result, Mostchoice is entitled to recover punitive damages.

12. As a consequence of the conduct alleged herein, Mostchoice is entitled to an award of its attorney's fees and expenses of litigation.

### Defamation

13. Mostchoice incorporates paragraphs 1-12 as if fully re-alleged herein.

14. Upon information and belief, Netquote employees or representatives have communicated, either orally or in writing, with competitors and customers of Mostchoice.

15. The communications referred to in paragraph 14 above included statements that are false, defamatory, not subject to any privilege, and which resulted in damage to Mostchoice's reputation.

16. The conduct alleged herein was wilful, malicious, and made with an intent to harm Mostchoice, and as a result, Mostchoice is entitled to recover punitive damages.

17. As a consequence of the conduct alleged herein, Mostchoice is entitled to an award of its attorney's fees and expenses of litigation.

WHEREFORE Mostchoice.com, Inc. prays for judgment in its favor

(a) for actual damages in an amount to be determined with certainty at trial, and;

(b) punitive damages, and;

(c) attorney's fees and expenses of litigation, and'

(d) for such other and further relief deemed necessary and just by this Court.

**Jury Trial Demanded**

Dated this 15th day of June, 2007.

                                              **s/ Ryan Isenberg**
                                              Ryan L. Isenberg, Esq.
                                              Isenberg & Hewitt, P.C.
                                              7000 Peachtree Dunwoody Road
                                              Building 15, Suite 100
                                              Atlanta, Georgia 30328
                                              Telephone: 770-351-4400
                                              Facsimile: 770-828-0100 (Fax)
                                              Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this 15th day of June, 2007, I served the foregoing Answer of Defendant Brandon Byrd by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

                                              **s/ Ryan Isenberg**