## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 07-cv-00630-DME-MEH**

**NETQUOTE INC, a Colorado corporation,**

     **Plaintiff,**

**v.**

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

     **Defendants.**

---

### ANSWER OF DEFENDANT BRANDON BYRD

---

Comes now, Brandon Byrd, Plaintiff's complaint and responds as follows:

#### First Defense

As a matter of preservation, defendant Byrd asserts that plaintiff's complaint has failed to state a claim upon which relief can be granted.

#### Second Defense

As a matter of preservation, defendant Byrd denies that personal jurisdiction is proper.

#### Third Defense

Defendant Byrd raises the affirmative defense of competitive privilege to the extent such a defense is applicable to theories asserted by the plaintiff.

#### Fourth Defense

Defendant Byrd asserts that the plaintiff is barred from recovery to the extent that it has

Dockets.Justia.com

failed to mitigate its damages.

**Fifth Defense**

Defendant Byrd responds to the enumerated allegations in the plaintiff's complaint as follows:

1.

Plaintiff's first paragraph is in narrative form, and contains numerous allegations, both express and implied. Defendant Byrd admits that the plaintiff is seeking monetary and injunctive relief. Defendant Byrd admits that he submitted fictitious information to Netquote, either directly or through localinsurance.com, believed to be an affiliate of Netquote. Because this paragraph violated the intent of FRCP 8, in that the averments are not concise, and not easily subject to response, without reducing the response to narrative form. As a consequence, all other allegations contained in paragraph one of the plaintiff's complaint are denied.

2.

Admitted.

3.

Denied.

4.

Denied.

5.

Denied.

6.

To the extent jurisdiction is proper, venue is admitted to be proper.

7.

Admitted.

8.

Defendant Byrd admits the allegations in paragraph eight of the plaintiff's complaint, except those allegations that characterize the submissions as false and harmful.  Defendant Byrd admits that the submissions made that are the subject of this action were done within the scope of his employment with Mostchoice.com, Inc.

9.

Admitted.

10.

Defendant Byrd is not aware that Netquote maintains the localinsurance.com URL and has insufficient information to form a belief as to this allegation.  All other allegations in this paragraph are admitted.

11.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations set forth in paragraph eleven of the plaintiff's complaint.

12.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations set forth in paragraph eleven of the plaintiff's complaint.

13.

To the extent that paragraph thirteen of the plaintiff's complaint alleges that every consumer that completes its forms is seeking quotes for insurance, and to the extent that the

plaintiff alleges that it receives a completed form and has a person review the lead and forward it to an agent, this paragraph is denied.  Otherwise, defendant Byrd admits that the plaintiff has generally described what it does in paragraph thirteen.

14.

Admitted.

15.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations in paragraph fifteen of the plaintiff's complaint.

16.

Denied.

17.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations in paragraph fifteen of the plaintiff's complaint.

18.

Admitted.

19.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations in paragraph fifteen of the plaintiff's complaint.

20.

It is admitted that Mostchoice promotes findings of unrelated third-parties that has found Mostchoice among the fastest growing technology companies in Georgia.

21.

It is admitted that Mostchoice promotes its leads as better than Netquote.  Defendant

Defendant Byrd has insufficient information to form a belief as to the remainder of the

allegations in paragraph twenty-one of the plaintiff's complaint.

22.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations in this paragraph.

23.

Defendant Byrd denies the characterization of his employment, but admits that he was

and remains a part-time fitness instructor both before and after he was hired by Mostchoice.

24.

Admitted.

25.

Admitted that defendant Byrd was paid $300 per week, and it is further admitted that

Byrd was initially paid as a contract employee.  Defendant Byrd denies that he was paid a

commission.

26.

Denied.

27.

Denied.

28.

Admitted.

29.

Denied.

30.

Defendant Byrd admits that he used a Juno ISP account, but denies the remaining allegations contained in the plaintiff's complaint.

31.

Defendant Byrd denies that he was using Ms. Buschacher's name and reiterates his denial of the accusations relating to sabotage.   In further response, defendant Byrd is unable to otherwise admit or deny any allegation as to what Ms. Buschacher knew or didn't know.

32.

Defendant Byrd admits the allegations in this paragraph, except to the extent that it alleges that defendant Byrd was using the identities of real people, which is denied.

33.

Defendant Byrd admits submitting at least 394 fictitious submissions as alleged. Defendant Byrd denies that it only took three to five minutes to complete a submission. Defendant Byrd admits that he spent several hours on some days submitting the fictitious submissions, but denies that he was using the identities of real people.

34.

Defendant Byrd admits that he has made fictitious submissions to localinsurance.com. Defendant Byrd has insufficient information to form a belief as to the truth of the remainder of the allegations in this pargraph.

35.

Admitted.

36.

Denied.

37.

Denied.

38.

Denied.

39.

It is admitted that the submissions made were fictitious. Defendant Byrd has insufficient

information to form a belief as to the truth of the allegations in this paragraph.

40.

Denied.

41.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations in this paragraph.

42.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations in this paragraph.

43.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations in this paragraph.

44.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations in this paragraph.

45.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations in this paragraph.

46.

Admitted.

47.

Admitted.

48.

Denied.

49.

Without admitting to the characterization of false customer information, defendant Byrd admits that he has submitted more than 392 fictitious submissions to Netquote and localinsurance.com.

50.

Defendant Byrd has insufficient information to form a belief as to the truth of the allegations in this paragraph that relate to what Netquote did or spent.  All other allegations are denied.

51.

Paragraph 51 of the plaintiff's complaint is conclusory and argumentative.  In further response, defendant Byrd admits the substantial factual allegations contained in this paragraph to the effect that the alleged process that Netquote claims to have spent considerable resources in

deploying is easily avoidable.

52.

Defendant Byrd denies this allegation as it relates to claims of sabotage, and has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

53.

Denied.

54.

Defendant Byrd incorporates its responses to paragraphs 1-53 as if fully restated herein.

55.

Admitted.

56.

Defendant Byrd admits the allegations contained in this paragraph, except for those allegations that characterize the submissions, and any allegation that the submissions were anything other than fictitious.

57.

Denied.

58.

Denied.

59.

Defendants admit that they were aware that the submissions made by Byrd were fictitious.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Defendant Byrd incorporates its responses to paragraphs 1-63 as if fully restated herein.

65.

Admitted.

66.

Defendant Byrd has insufficient information to form a belief as to the truth of the

allegations contained in this paragraph.

67.

Denied.

68.

Denied.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Defendant Byrd incorporates its responses to paragraphs 1-73 as if fully restated herein.

75.

Admitted.

76.

Denied.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Denied.

81.

Defendant Byrd incorporates its responses to paragraphs 1-80 as if fully restated herein.

82.

Denied.

83.

Denied.

84.

Denied.

85.

Denied.

86.

Denied.

87.

Denied,

88.

Denied.

89.

Defendant Byrd incorporates its responses to paragraphs 1-88 as if fully restated herein.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

94.

Denied.

95.

Denied.

96.

Denied.

97.

Any allegation contained in the plaintiff's complaint not specifically admitted is hereby denied.

**WHEREFORE**, Defendant Brandon Byrd prays that the plaintiff's complaint be dismissed with all costs taxed to the plaintiff, and for such other and further relief deemed necessary and just by this Court.

**Jury Trial Demanded**

[Signature on next page]

Dated this 15th day of June, 2007.

                             **s/ Ryan Isenberg**
                             Ryan L. Isenberg, Esq.
                             Isenberg & Hewitt, P.C.
                             7000 Peachtree Dunwoody Road
                             Building 15, Suite 100
                             Atlanta, Georgia 30328
                             Telephone: 770-351-4400
                             Facsimile: 770-828-0100 (Fax)
                             Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2007, I served the foregoing Answer of Defendant Brandon Byrd by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

                             **s/ Ryan Isenberg**