# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE INC, a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## [Proposed] STIPULATED PROTECTIVE ORDER RE: SEARCH OF BRANDON BYRD'S COMPUTER HARD DRIVE

    WHEREAS, Plaintiff NetQuote, Inc. ("NetQuote") has requested to inspect the contents of Brandon Byrd's hard drive for evidence relevant to the above-captioned lawsuit;

    WHEREAS, Defendant Brandon Byrd ("Byrd") has agreed to permit NetQuote to make a forensic image of the hard drive and to inspect it pursuant to the terms of this Stipulated Protective Order;

    WHEREAS, a copy of the hard drive (the "Copy") was forensically imaged at NetQuote's expense on June 1, 2007;

    WHEREAS, the Copy was placed in a sealed evidence bag and is in the custody of counsel for Byrd;

1

WHEREAS, counsel for Byrd has not and will not open the seal on the evidence bag or otherwise manipulate the Copy;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE:

1. NetQuote will select a vendor or vendors (the "Vendor") to inspect the Copy. Prior to the Vendor receiving the Copy, the Vendor shall execute an Agreement reading as follows:

> I hereby certify that _____ (the "Vendor") has been retained by Faegre & Benson LLP to examine the forensic copy of the hard drive of Brandon Byrd. The Vendor agrees to comply with the Stipulated Protective Order Re: Search of Brandon Byrd's Hard Drive entered by the United States District Court for the District of Colorado (the "Court") in Civ. No. 07-cv-00630-DME-MEH, and that any violation of the Stipulated Protective Order will subject the Vendor to appropriate sanctions as determined by the Court.

2. Once NetQuote provides counsel for Byrd with a copy of the executed Agreement, counsel for Byrd shall immediately release the Copy to the Vendor.

3. The Vendor shall not disclose the contents of the Copy except as provided for in this Stipulated Protective Order.

4. The Vendor shall disclose the contents of the Copy only to Faegre & Benson LLP, counsel for NetQuote. Faegre & Benson LLP agrees not to disclose the contents of the Copy except pursuant to the terms of this Stipulated Protective Order.

5. Faegre & Benson LLP shall designate and provide to counsel for Byrd a copy of all documents retrieved from the Copy that it selects and that may be used for purposes of this litigation (the "Documents"). The Documents shall be treated as Attorneys-Eyes-Only and shall not be disclosed to anyone, including any representatives for NetQuote, for a period of 30 days

after the Documents are provided to counsel for Byrd. Counsel shall work together to determine what additional documents from the Copy counsel for NetQuote will provide to counsel for Byrd.

6.  If counsel for Byrd believes that any of the Documents should remain subject to an Attorneys-Eyes-Only designation, or if they should otherwise be treated as "Confidential" and not subject to disclosure to the public, counsel for Byrd shall work with counsel for NetQuote to reach agreement as to such designation for each such Document.

7.  Should the parties be unable to reach agreement during the 30-day period, counsel for Byrd shall file a motion with this Court seeking a protective order with respect to specific Documents that Byrd identifies. All Documents that are subject to a pending Motion for Protective Order pursuant to this Paragraph shall be filed under seal and shall remain Attorneys-Eyes-Only until the Court rules on the Motion. If no motion is filed with respect to a Document after the expiration of the 30-day period and the parties have not otherwise agreed, the Document shall no longer be treated as Attorneys-Eyes-Only or Confidential.

8.  At this conclusion of this litigation, either by settlement, after the resolution of any and all appeals, or after the time period expires for the filing of any appeals, the Copy and all documents retrieved from the Copy shall be destroyed.

DATED this _____ day of June, 2007.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_s/ David W. Stark_____

David W. Stark
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:   (303) 607-3500
Facsimile:   (303) 607-3600
E-mail:   dstark@faegre.com

Daniel D. Williams
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Telephone:   (303) 447-7700
Facsimile:   (303) 447-7800
E-mail:   dwilliams@faegre.com

**Counsel for Plaintiff**

\_\_s/ Ryan L. Isenberg_____

Ryan L. Isenberg
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15,
Suite 100
Atlanta, Georgia  30328
Telephone:   (770) 351-4400
Facsimile:   (678) 990-7737
E-mail:   ryan@isenberg-hewitt.com

Tracy L. Ashmore
Rachel L. Eichenbaum
HOLME ROBERTS & OWENS LLP
4400 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:   (303) 866-0323
Facsimile:   (303) 866-0200
E-mail:   rachel.eichenbaum@hro.com

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I certify that on this 15th day of June, 2007, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER RE: BANDON BYRD'S HARD DRIVE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

Tracy L. Ashmore, Esq.
Rachel L. Eichenbaum, Esq.
HOLME ROBERTS & OWENS LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tracy.Ashmore@hro.com
Rachel.Eichenbaum@hro.com

                                        *s/Cecil A. Kennedyt*