IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## NETQUOTE'S MOTION TO DISMISS MOSTCHOICE'S COUNTERCLAIMS

    Plaintiff NetQuote, Inc. ("NetQuote"), through undersigned counsel, moves to dismiss the counterclaims of Defendant MostChoice.com, Inc. ("MostChoice") pursuant to Rules 9(b) and 12(b)(6), Fed. R. Civ. P., and in support of its motion states as follows:

### BACKGROUND

    NetQuote filed its Third Amended Complaint on April 16, 2007. Defendants Brandon Byrd and MostChoice moved to dismiss on May 4, 2007 for lack of personal jurisdiction and for failure to state a claim. *See* Dkt. # 16. The Court issued an opinion and order denying the Motion to Dismiss on June 13, 2007. *See* Dkt. # 31. That ruling set forth the factual background for this matter, and Plaintiff does not repeat that factual background here.

    On June 15, 2007, MostChoice filed its Answer to the Amended Complaint and included with the Answer two counterclaims alleging "Click Fraud" and Defamation. *See* Dkt. #33. In its

Answer, MostChoice did not materially dispute that it engaged in the wrongful conduct Plaintiffs allege. Significantly, MostChoice admitted that its employee Brandon Byrd submitted at least 394 fictitious submissions on websites operated by NetQuote, Answer ¶ 33, 34, and that Byrd was acting within the scope of his employment when he did so, Compl. ¶ 55 (Dkt. # 13), Answer ¶ 55. MostChoice further admitted that Byrd grouped his submissions to NetQuote's websites each day by geographic locale and by the type of insurance quotations he was seeking. Compl. ¶ 35, Answer ¶ 35. That behavior maximized the amount of harm incurred by NetQuote.

MostChoice has coupled those admissions in its Answer with two bare-bones counterclaims, one alleging "Click Fraud" and the second alleging "Defamation," and a demand for compensatory and punitive damages. *See* Answer at 15-16. But MostChoice offers no well pleaded facts to support the key elements of either of its counterclaims. MostChoice fails to plead fraud with the particularity required by Rule 9(b). As for its defamation claim, while Rule 8(a)(2) requires only a "short and plain statement showing that the pleader is entitled to relief," MostChoice fails to provide even that.

## ARGUMENT

### I.     THE FRAUD CLAIM SHOULD BE DISMISSED BECAUSE IT IS NOT PLEADED WITH PARTICULARITY.

A claim for fraud must be pleaded with particularity. *See* Fed. R. Civ. P.9(b).[1] The Tenth Circuit "requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences

---

[1] Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

2

thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citation omitted); *see also United States ex rel. Sikkenga v. Regence BlueCross BlueShield*, 472 F.3d 702, 726-727 (10th Cir. 2006) ("[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." (quotation omitted)). Where the four corners of a pleading fail to meet the particularity requirement, the claim is to be dismissed. *See, e.g.*, *Koch*, 203 F.3d at 1236.

MostChoice's counterclaim alleging fraud,[2] in its totality, reads as follows:

### Click Fraud

6. For purposes of this complaint, and without limiting its definition, "click fraud" occurs in pay per click online advertising when a person imitates a legitimate user or a web browser clicking on an ad, for the purpose of generating a charge per click without having actual interest in the target of the ad's link.  (http://en.wikipedia.org/wiki/Click fraud)

7. Upon information and belief, beginning sometime in 2004, at least one employee of the plaintiff engaged in click fraud that caused harm to defendant MostChoice by clicking on paid advertisements that generated charges to MostChoice.

8. Upon information and belief, the employee(s) referred to in paragraph 7 above knew MostChoice had maximum pre-set spending limits on its pay-per-click accounts, and further knew that once the limit was reached, that MostChoice advertising would no longer appear.

9. As a consequence of the conduct described in paragraphs 7 and 8 above, NetQuote was able to, and upon information and belief did, reduce its own costs on the same advertising channels, and cause MostChoice advertisements to no longer appear thereby capturing traffic that would have otherwise been captured by MostChoice.

---

[2] MostChoice titles its count as a claim for "Click Fraud" and cites as authority Wikipedia, an on-line encyclopedia.  In paragraph 5 of its counterclaim, it alleges that Georgia law applies to this claim.  While NetQuote does not concede the applicability of Georgia law, undersigned counsel could locate no Georgia case or statute recognizing the tort of "click fraud," and Wikipedia obviously is not legal authority.  NetQuote interprets the counterclaim as alleging a species of common-law fraud.

3

> 10. As a consequence of the conduct described in paragraphs 7-9 above, MostChoice has been damaged in an amount to be determined with certainty at trial.

Under even the most liberal reading of Rule 9(b), these allegations do not satisfy the particularity requirement for pleading special matters. Contrary to *Koch* and *Sikkenga*, the "who, what, when, where and how of the alleged fraud" is missing entirely from MostChoice's claim.

First, MostChoice's counterclaim "does not alert [NetQuote] to a sufficiently precise time frame to satisfy Rule 9(b)." *Koch*, 203 F.3d at 1237. In *Koch*, the Tenth Circuit held insufficient the pleading that a fraud occurred "during 1982 and continuing to the present time." *Id.* at 1236. Because MostChoice's counterclaim contains a similarly general allegation that the conduct took place "beginning sometime in 2004," Answer at 15 (¶ 7), it fails for the reasons explained in *Koch*.

Second, MostChoice fails to plead "the identity of the party making the false statements." *Koch*, 203 F.3d at 1236 (internal citation omitted). Its counterclaim states loosely that "at least one employee of the plaintiff engaged in click fraud," Answer at 15 (¶ 7), but it provides no information about who the employee is and it identifies no facts that support MostChoice's allegation that the individual committing the alleged click fraud was indeed an employee of NetQuote's. MostChoice does not even list the e-mail or internet service provider ("ISP") addresses of visitors who used the click sites. Nor does it state whether the e-mail or ISP addresses can be attached to an identifiable person.

Finally, the specific content of the alleged misrepresentations is missing in the counterclaim. The counterclaim does not allege what online advertiser the Defendant was using at the time of the alleged fraud, for example Google, Yahoo, or some other company. Nor does

4

it plead with particularity what the maximum pre-set spending limits on its pay-per-click accounts were; when the allegedly fraudulently induced charges were billed to MostChoice; or how many charges occurred on the days of the alleged fraud. Because MostChoice's counterclaim has failed entirely to comply with Rule 9(b), the fraud claim must be dismissed. *See, e.g.*, *Sikkenga*, 472 F.3d at 726 (explaining that Rule 9(b) inquiry is limited to the "well pleaded facts, as distinguished from conclusory allegations . . . in the text of the complaint").

## II. THE COUNTERCLAIM FAILS TO STATE A CLAIM FOR DEFAMATION.

MostChoice's defamation cause of action fails to state a claim, and accordingly must be dismissed. The United States Supreme Court recently clarified the standard for dismissal under Rule 12(b)(6). The Court explained that a complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). The prior standard articulated in many cases that a complaint could be dismissed only if "no set of facts" could entitle the claimant to relief is no longer good law. *Id.* at 1969.

Complaints consisting merely of conclusory statements do not satisfy Rule 12(b)(6). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rocky Mountain Christian Church v. Bd. of County Comm'rs*, 481 F. Supp. 2d 1213, 1215-16 (D. Colo. 2007) (citation omitted); *accord Bell Atlantic*, 127 S. Ct. at 1968; *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). Otherwise, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic*, 127 S. Ct. at 1968. This approach would "dispense with any

5

showing of a 'reasonably founded hope' that a plaintiff would be able to make a case." *Id.* at 1969 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)).

MostChoice's defamation count fails to state a claim because MostChoice omits any allegation alleging what it is specifically that it claims NetQuote said. The sum total of its pleading as to the <u>content</u> of the allegedly defamatory statements is that they were "false" and "defamatory." Answer at 16 (¶ 15). Such pleading is purely conclusory, and accordingly must be disregarded. *See Rocky Mountain*, *supra*; *Bell Atlantic*, *supra*; *Mitchell*, *supra*. At common law, this requirement is embodied in the doctrine of *in haec verba*, which requires that the exact words, spoken or written, must be set out when pleading defamation. *See* 71 C.J.S. *Pleading* § 59 (2007). "*In haec verba* pleadings on defamation charges is favored in the federal courts because, generally, knowledge of the exact language used is necessary to form responsive pleadings." *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979); *Foltz v. Moore McCormack Lines, Inc.*, 189 F.2d 537, 539 (2d Cir. 1951).

MostChoice's well pleaded allegations do not state a claim for defamation. To state a claim for defamation, a claimant must prove, among other elements, that the statement alleged was "false" and that it was "defamatory." *The Denver Post Publ'g Co. v. Bueno*, 54 P.3d 893, 899 (Colo. 2002).[3] A statement is "defamat[ory]" if it "holds an individual up to contempt or ridicule." *Keohane v. Stewart*, 882 P.2d 1293, 1297 (Colo. 1994). MostChoice offers no well pleaded factual allegations that any statement by NetQuote held MostChoice up to contempt or ridicule – indeed the counterclaim does not contain any factual pleading whatsoever as to the

---

[3] In the counterclaim, MostChoice alleges that Georgia law applies. *See* Answer at 15 (¶ 5). The Court need not decide the choice of law question because Georgia law and Colorado law are the same with respect to these elements of a claim for defamation. *See, e.g.*, *Bollea v. World Championship Wrestling, Inc.*, 610 S.E.2d 92, 96 (Ga. Ct. App. 2005) (requiring proof that statement is "false and defamatory").

6

nature of the statements it claims were made. Moreover, the counterclaim does not plead any factual allegations to show that whatever statement NetQuote is alleged to have made was false. After disregarding the conclusory allegations, MostChoice has asserted no allegations at all to establish two of the necessary elements of a defamation claim.

## CONCLUSION

For the foregoing reasons, MostChoice's counterclaims for fraud and defamation should be dismissed.

Dated: July 2, 2007   Respectfully submitted,


*s/David W. Stark*_____
David W. Stark
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail: dstark@faegre.com

Daniel D. Williams
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail: dwilliams@faegre.com

**Attorneys for Plaintiff NetQuote Inc.**

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2007, I electronically filed the foregoing **NETQUOTE'S MOTION TO DISMISS MOSTCHOICE'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com


_s/Cecil A. Kennedy_