## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

### NETQUOTE'S MOTION FOR PROTECTIVE ORDER

Plaintiff NetQuote, Inc. ("NetQuote"), through undersigned counsel, moves for entry of the attached Protective Order pursuant to F.R.C.P. 26(c), and in support of its Motion states as follows:

### CERTIFICATION OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

Undersigned counsel certify that they conferred with Defendant's counsel and requested that Defendant stipulate to the attached protective order for confidential commercial information and trade secrets. Defendant's counsel would not agree to any stipulated protective order.

### I. INTRODUCTION

It is surprising that MostChoice would not agree to a general protective order in this case.

> Protective orders are . . . often obtained by agreement, particularly regarding confidential information . . . . One distinguished judge noted in 1981 that he was "unaware of any case in the past half-dozen years of even a modicum of

complexity where an umbrella protective order . . . has not been agreed to by the parties and approved by the Court."

8 Charles Alan Wright, Arther R. Miller, Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2035 (2d ed. 2007) (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889 (D. Pa. 1981) (Becker, J.)).

An Order to protect NetQuote's confidential commercial information and trade secrets is necessary and proper. NetQuote stipulated to a protective order for discovery concerning Defendant Byrd's hard drive. *See* Dkt. # 41. NetQuote now seeks a similar protective order to protect its confidential commercial information and trade secrets, as well as the additional documents Defendants will be producing. Disclosure of the confidential information Defendants have requested absent a protective order to limit its dissemination would cause substantial harm to NetQuote.

## II. ARGUMENT

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 386 (D. Colo. 2000) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984)). Federal Rule of Civil Procedure 26(c)(7) provides a mechanism to limit disclosure of information revealed in discovery. Protective orders limiting disclosure of confidential information "routinely are approved by courts in civil cases." *Gillard*, 196 F.R.D. at 386. "Blanket protective orders serve the interest of a just, speedy, and less expensive determination of complex disputes by alleviating the need for a delay occasioned by extensive and repeated judicial intervention." *Id*.

NetQuote seeks to protect confidential commercial information and trade secrets. "On its

face, [Rule 26(c)(7)] goes beyond trade secrets to provide protection for 'other confidential research, development, or commercial information.'" 8 Charles Alan Wright, Arther R. Miller, Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2043 (2d ed. 2007).

The parties need not agree to the protective order so long as certain conditions are met. *Gillard*, 196 F.R.D. at 386. First, for a protective order to issue, the movant must make a threshold showing of good cause to believe that discovery will involve confidential or protected information. *Id*; *accord In re Estate of Trentadue*, 397 F.3d 840, 865 (10th Cir. 2005) (holding that the government made a sufficient showing of good cause to justify issuance of a protective order). Second, the party must agree only to invoke the confidential designation after review of the information and based on good faith. *Gillard*, 196 F.R.D at 386. Third, the protective order should provide a procedure by which the confidential designation may be challenged and the burden of proof should be on the party seeking protection to establish good cause. *Id*.

A.  **NetQuote Has Good Cause to Believe that Discovery Will Involve Trade Secrets and Confidential Commercial Information.**

NetQuote has good cause to request a protective order. Good cause may be shown "on a generalized as opposed to a document-by-document basis." *Gillard*, 196 F.R.D. at 386 (citing *Parkway Gallery Furniture, Inc., v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988)).

NetQuote, at great expense, has developed sophisticated, highly confidential, proprietary computer systems and internal procedures to detect false submissions. NetQuote considers and treats these computer systems and internal procedures as trade secrets and confidential commercial information. *See* Declaration of Craig Shine ¶ 2 attached hereto as Exhibit 1 (hereinafter "Shine Decl."). NetQuote exercises diligence to maintain the confidential nature of

3

the trade secrets and confidential commercial information. To that end, NetQuote has never revealed the information it now seeks to protect to its competitors. NetQuote also limits access to its facility to protect this information. *Id.* ¶ 4. The current trade secret procedures and technology used to insure the quality of leads are at the heart of NetQuote's business in a highly competitive industry. *Id.* ¶ 3. These steps taken by NetQuote to protect trade secrets and confidential commercial information constitute a clear recognition that the survival of the company is, in part, based on the procedures and technology. *Id.* ¶ 4. Disclosure of the specifics of the proprietary computer systems and internal procedures, which constitute trade secrets and confidential commercial information, would expose NetQuote to future sabotage attacks by MostChoice. *Id.* ¶ 5.

NetQuote also seeks to protect its customer list. MostChoice and NetQuote are direct competitors in the online insurance lead industry. *Id.* ¶ 10. "Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor." *EchoStar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998) (denying a motion to compel trade secrets despite a "fairly restrictive" protective order) (citation omitted). *See also R&D Bus. Sys. v. Xerox Corp.*, 152 F.R.D. 195, 197-98 (D. Colo. 1993) (granting a Motion for Protective Order for movants' parts and supplies sources, research and development efforts, market strategy, and customer lists and finding that the potential harm to the movant far outweighed the need for discovery); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410 (D. Ind. 2001) (finding that information relating to a tobacco company's consumer lists and consumer purchasing habits, pricing information, and sales techniques were trade secrets because the information was not readily obtainable, possessed economic value, and the company took steps

to maintain secrecy of the information). In this lawsuit, NetQuote is seeking to recover based on MostChoice's wrongful efforts to steal NetQuote's customers. Disclosure of NetQuote's customer list would add to the harm that NetQuote has suffered as a result of MostChoice's deceptive conduct.

NetQuote developed its customer list at great expense over many years. The list constitutes confidential commercial information. Shine Decl. ¶ 6. It is among the company's most valuable assets, and therefore, NetQuote goes to great lengths to keep the list confidential. *Id*. ¶ 7. NetQuote would suffer substantial harm if the customer lists were revealed to its direct competitor MostChoice. *Id.* ¶ 8. Moreover, doing so would serve to reward MostChoice for its egregious and illegal conduct.

NetQuote also seeks to protect its financial information. The information MostChoice requested in discovery includes revenue projections, price forecasts, pricing options, and evaluations of proposed structures and analysis. NetQuote's financial information is confidential commercial information that the company does not disseminate publicly. *Id*. ¶ 9. Disclosure of NetQuote's financial information would give MostChoice an enormous competitive advantage in the small industry of which NetQuote and MostChoice are a part – the on-line insurance lead generation business. As such, the disclosure would cause substantial harm to NetQuote. *Id*.

**B.    The Proposed Protective Order Provides Clear Criteria for Designation, a Process for Challenges, and Leaves the Burden of Proof on the Party Seeking Protection.**

NetQuote seeks a two-tiered proposed protective order with specific criteria for designating information confidential. NetQuote seeks protection of only three types of information: 1) confidential commercial information about the identity of its customers – the very customers that MostChoice attempted to appropriate through its fraudulent conduct; 2)

5

NetQuote's confidential financial information; and 3) confidential commercial information and trade secrets concerning steps taken by NetQuote to stop MostChoice's false submissions.

NetQuote proposes a protective order that is limited in scope and places the burden to justify confidentiality designations on the party seeking protection. The proposed Protective Order states that: Documents and information may only be designated confidential or highly confidential if they meet specific criteria as outlined. Proposed Protective Order §§ 4-5 (submitted along with this motion). Documents designated as confidential may be disclosed to the opposing party, its counsel, the court, experts who sign a confidentiality statement, and others as agreed upon by both parties. *Id*. Highly confidential information may only be viewed by counsel. *Id*. at § 4.2. Further, should a party object to the designation, it need only notify the opposing party in writing. *Id.* at § 16. The parties will then confer in good faith regarding the designation. *Id*. If the parties are unable to resolve the issue within ten (10) days, the proposed Protective Order puts the burden on the party seeking to maintain the confidentiality designation to move this Court to maintain protection for the information. *Id*.

### III. CONCLUSION

Courts issue protective orders as a matter of course when dealing with confidential commercial information and trade secrets. This is particularly true when the parties are direct competitors such as NetQuote and MostChoice. NetQuote has shown good cause for a protective order. Further, NetQuote only seeks to protect trade secrets and confidential commercial information that relate to it business, which the owner has treated confidentially because it is of value. The protective order NetQuote proposes is not onerous and provides clear criteria for designation of confidential and highly confidential material. Moreover, the Protective

Order clearly outlines the process for challenge and quick resolution, and it puts the burden on the party seeking the confidentiality designation to move to keep the information it has designated confidential. For the foregoing reasons, this Court should grant this motion for a protective order.

Dated: July 13, 2007                                Respectfully submitted,

                                                             *s/David W. Stark*_____
David W. Stark
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail: dstark@faegre.com

Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail: dwilliams@faegre.com

**Attorneys for Plaintiff NetQuote Inc.**

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July, 2007, I electronically filed the foregoing **NETQUOTE'S MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

*s/Cecil A. Kennedy*