IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

    Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

    Defendants.

## DEFENDANT MOSTCHOICE.COM'S PROPOSED AMENDED COUNTERCLAIM

Comes now, Defendant Mostchoice.com, Inc. and herein files this Proposed Amended Counterclaim and shows this Court the following:

### Jurisdictional Allegations

1. Plaintiff is a Colorado Corporation, with its principal place of business in Colorado.

2. Defendant Mostchoice is a Georgia Corporation, with its only office in the State of Georgia.

3. Defendant Mostchoice seeks damages in excess of $75,000.00.

4. This case was filed in the Colorado State courts and removed to this Court.

5. By virtue of the above, jurisdiction and venue are proper.

6. This Court has subject matter jurisdiction over the claims set forth below pursuant to 28

   U.S.C. § 1332.

7. To the extent that Mostchoice has been injured as result of the allegations set forth below, that injury occurred in the State of Georgia.

8. Applying the Colorado choice of law rules in cases arising out of tort, Georgia law should be applied to the claims raised herein.

### Click Fraud

9. All computers that send information through the internet have an assigned internet protocol (IP) address.

10. "Pay per click" ("PPC") is a method of internet advertising where the advertiser pays each time an internet user "clicks" on the advertiser's ad and is taken to a page on the advertiser's website

11. Mostchoice has at all times relevant to this complaint, utilized PPC advertising.

12. Netquote has at all times relevant to this complaint been aware that Mostchoice utilizes PPC advertising.

13. When an internet user reaches Mostchoice by virtue of Mostchoice PPC advertising, Mostchoice is able to captuure the IP address of that user.

14. Each of the IP addresses identified in Exhibit "A" represent a single computer that was used to access a Mostchoice web page more than 20 times through Mostchoice PPC advertising.

15. For purposes of this complaint, and without limiting its definition, "click fraud" occurs in PPC advertising when a person imitates a legitimate user of a web browser clicking on an ad, for the purpose of generating a charge per click without having actual interest in the

target of the ad's link. (http://en.wikipedia.org/wiki/Click_fraud)

16. Upon information and belief, one or more of the IP addresses identified in Exhibit A is or has been associated with a computer owned or operated by a Netquote employee.

17. Upon information and belief, beginning sometime in 2004, at least one employee of Netquote engaged in click fraud that caused harm to defendant Mostchoice by clicking on paid advertisements that generated charges to Mostchoice.

18. Upon information and belief, Netquote was aware that Mostchoice had maximum pre-set spending limits on its pay-per-click accounts, and further knew that once the limit was reached, that Mostchoice advertising would no longer appear.

19. As a consequence of the conduct described, Netquote was able to, and upon information and belief did, reduce its own costs on the same advertising channels, and cause Mostchoice advertisements to no longer appear thereby capturing traffic that would have otherwise been captured by Mostchoice.

20. As a consequence of the conduct described above, Mostchoice has been damaged in an amount to be determined with certainty at trial.

21. The conduct alleged herein was wilful, malicious, and made with an intent to harm Mostchoice, and as a result, Mostchoice is entitled to recover punitive damages.

22. As a consequence of the conduct alleged herein, Mostchoice is entitled to an award of its attorney's fees and expenses of litigation.

### General Allegations Regarding Defamation and Tortious Interference

23. Upon information and belief, Netquote representatives made false and derogatory statements about Mostchoice to representatives of Bankrate.com.

24. At the time of the discussions alleged in paragraph 23 above, Bankrate and Mostchoice had been discussing a proposed sale of Mostchoice to Bankrate.

25. Subsequent to the discussions referred to in paragraph 23 above, Bankrate decided not to move forward with an acquisition of Mostchoice.

26. Netquote was aware that a Bankrate acquisition of Mostchoice would substantially, and negatively, affect its own business, and it was in Netquote's interest to sabotage any proposed merger between Bankrate and Mostchoice.

27. Upon information and belief, representatives of Netquote made false and defamatory statements to representatives of Allweb, an internet lead generator, to the effect that Mostchoice was engaged in an effort to reduce Netquote's lead quality.

28. Upon information and belief, representatives of Netquote have had discussions with Stacy Stanfield, a representative of Leadco regarding the allegation made in its complaint against Mostchoice.

29. Upon information and belief, representatives of Netquote have had discussions with Howard Knaster, Michael Castiglione, and Ryan Conner, all of whom have subsequently terminated lead purchasing contracts with Mostchoice.

**Defamation**

30. Mostchoice incorporates pargraphs 1-29 above as if fully re-alleged herein.

31. The communications, conversations, and discussions referred to in paragraphs 23-29 above were false, defamatory, not subject to any privilege, and resulted in damage to Mostchoice's business and reputation.

32. The conduct alleged herein was wilful, malicious, and made with an intent to harm

Mostchoice, and as a result, Mostchoice is entitled to recover punitive damages.

33. As a consequence of the conduct alleged herein, Mostchoice is entitled to an award of its attorney's fees and expenses of litigation.

## Tortious Interference

34. Mostchoice incorporates pargraphs 1-29 above as if fully re-alleged herein.

35. By virtue of the conduct described above, Netquote has intentionally and improperly interfered with Mostchoice's actual and prospective business and contractual relations.

36. The conduct described above caused and induced third parties to discontinue or not to enter into business relations with Mostchoice.

37. By virtue of the allegations set forth herein, Mostchoice has been damaged in an amount to be determined with certainty at trial.

WHEREFORE Mostchoice.com, Inc. prays for judgment in its favor

(a) for actual damages in an amount to be determined with certainty at trial, and;

(b) punitive damages, and;

(c) attorney's fees and expenses of litigation, and'

(d) for such other and further relief deemed necessary and just by this Court.

**Jury Trial Demanded**

[Signature on next page]

Dated this 23rd day of July, 2007.

      **s/ Ryan Isenberg**
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of July, 2007, I served the foregoing Amended Counterclaim by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

      **s/ Ryan Isenberg**