## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

    Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

    Defendants.

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF NETQUOTE, INC.

Comes now, Defendant Brandon Byrd, by and through his counsel of record, and pursuant to Fed. R. Civ. P. 33 hereby requests that Plaintiff Netquote, Inc. serve written answers under oath to the following interrogatories at the offices of Isenberg & Hewitt, P.C., 7000 Peachtree Dunwoody Road, Building 15, Suite 100, Atlanta, Georgia 30328, within thirty (30) days of the date hereof, or as otherwise provided by the Local or Federal Rules of Civil Procedure. The responses are to be supplemented in accordance with Rule 26(e) of the Federal Rule of Civil Procedure.

### Reservation of Personal Jurisdiction Dispute

This discovery is served without waiving, and specifically preserving, the Defendant's personal jurisdiction objection.

Dockets.Justia.com

## INSTRUCTIONS AND DEFINITIONS

1. "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3. To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)     The title or other means of identification of each such document;

(b)     The type of document (e.g., letter, memorandum, record);

(c)     The date of each such document;

(d)     The author of each such document;

(e)     The recipient or recipients of each such document, including but not limited to plaintiff or anyone who purports to represent the plaintiff;

(f)     The present location of any and all copies of each such document in the care, custody, or control of plaintiff;

(g)     The names and current addresses of any and all persons who have custody or

    control of each such document or copies thereof; and

 (h) If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

 In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

 4. To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

 5. "Plaintiff," "you," or "your" refers to, without limitation, the named plaintiff, **Netquote, Inc**.

 6. "Defendant" refers to, without limitation, the named defendant, Brandon Byrd, **unless otherwise specifically noted as being another defendant.**

 7. "Complaint" refers to the Complaint filed by plaintiff in this action.

 8. "Customer" shall mean the person or entity that purchases leads of the type claimed to have been falsely submitted as alleged in your complaint.

 9. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

10. Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## INTERROGATORIES

**INTERROGATORY NO. 1**

With respect to customers, please state

a. the number of customers you have historically had, had at the times relevant to the allegations in your complaint, and have currently;

b. Number of customers you claim received false leads;

c. the Identity of each customer that purchased leads of the type submitted by Brandon Byrd during the time you claim to have received false leads that were submitted by him.

**INTERROGATORY NO. 2**

Specifically identify each customer who you claim received a false lead from Brandon Byrd.

**INTERROGATORY NO. 3**

For each customer identified in response to interrogatory number 2

a. Identify the individual from Netquote who reviewed the contents of the submission before it was forwarded;

b. For each individual identified in response to interrogatory number 3.a. above, please describe in detail the steps taken to verify the information contained in each false submission;

c. The number of false submissions received;

  d.  number of leads purchased on a monthly basis both before and after;

  e.  Whether a refund or credit was issued, and if so the amount thereof;

  f.  Whether you contend that the customer ceased purchasing leads as a result of the false submission; and

**INTERROGATORY NO. 4**

Please describe the system you utilize in determining whether to issue credits to your customers for the false leads you allege in your complaint.

**INTERROGATORY NO. 5**

Please state the number of credits or refunds you have issued for all leads of the type submitted by Brandon Byrd on a monthly basis, for the past 3 years continuing through the present.

**INTERROGATORY NO. 6**

Please state the monthly and annual gross and net revenues for the past 3 years through the present.

**INTERROGATORY NO. 7**

Describe the method by which you claim to have intercepted submissions from Brandon Byrd, the date in which that method was implemented and identify the individual responsible for creating the methodology.

**INTERROGATORY NO. 8**

Please identify the factual basis, including the identity of any witnesses, that supports your allegation that Brandon Byrd intended to engage in sabotage as you have used that term in your complaint.

**INTERROGATORY NO. 9**

Please identify all communications you have had with representatives from Bankrate.com that relates in any way to Mostchoice.com, and the person at Bankrate with whom you communicated.

**INTERROGATORY NO. 10**

Please describe any data or information which relate to the claims raised in your complaint that is stored in an electronic format.

**INTERROGATORY NO. 11**

Identify all documents not otherwise identified, which relate to or support the factual allegations raised in your complaint of which you are aware, but are not in your custody, control or possession, and for each identify the person or entity who has custody, control or possession of each such document.

**INTERROGATORY NO. 12**

For each false submission, please state the dollar amount charged to your customer, and the profit margin, expressed as a dollar amount, on a per lead basis.

**INTERROGATORY NO. 13**

Describe the method by which you estimated your damages as $2,000,000.00, and the individual(s) who participated in preparing that calculation, including a breakdown as to which damages relate to the specific causes of action alleged.

**INTERROGATORY NO. 14**

Identify all experts who you have engaged or retained for the purpose of offering an opinion at the trial of this case.

**INTERROGATORY NO. 15**

Please categorize the "value" placed on each type of lead as used in paragraph 15 of your complaint, and explain the method by which you determined the relative value of each category.

**INTERROGATORY NO. 16**

Identify the factual basis for the allegations made in paragraph 48 that relate specifically the claim that Byrd "fraudulently" reactivated the account.

Dated this 17th day of May, 2007.

    s/ Ryan Isenberg
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

and

    s/ Rachel L. Eichenbaum
Teresa L. Ashmore
Rachel L. Eichenbaum , Esq.
Holme Roberts & Owens, LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: 303-861-7000
Facsimile: 303- 866-0200
Email: rachel.eichenbaum@hro.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2007, I served the foregoing Defendants' First Set of Interrogatories to Plaintiff Netquote, Inc. By electronic delivery, as an attachment to an email, to the following counsel of record:

Christopher P. Beall, Esq.
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

                                                **s/ Ryan Isenberg**