IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

    Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

    Defendants.

---

### DEFENDANT'S FIRSTREQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF NETQUOTE, INC.

---

Comes Now, Defendant Brandon Byrd and by and through his counsel of record and pursuant to Fed. R. Civ. P. 34, hereby requests that Plaintiff Netquote, Inc. produce the documents and things described below for inspection and copying during regular business hours at the offices of Isenberg & Hewitt, P.C., 7000 Peachtree Dunwoody Road, suite #15-100, Atlanta, Georgia 30328, within thirty (30) days of the date hereof. Such production is to be supplemented as necessary in accordance with Rule 26(e) of the Federal Rule of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies,

publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3. To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

- (a)  The title or other means of identification of each such document;
- (b)  The type of document (e.g., letter, memorandum, record);
- (c)  The date of each such document;
- (d)  The author of each such document;
- (e)  The recipient or recipients of each such document, including but not limited to plaintiff or anyone who purports to represent the plaintiff;
- (f)  The present location of any and all copies of each such document in the care, custody, or control of plaintiff;
- (g)  The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and
- (h)  If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

4. To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5. "Plaintiff," "you," or "your" refers to, without limitation, the named plaintiff, **Netquote, Inc**.

6. "Defendants" refers to, without limitation, the named defendants, Brandon Byrd and Mostchoice.com, Inc., to include any other names under which he/she has been known, **unless otherwise specifically noted as being another defendant.**

7. "Complaint" refers to the Complaint filed by plaintiff in this action.

8. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

9. Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1**

Please produce all documents that you contend support the factual allegations made in

your complaint.

**REQUEST FOR PRODUCTION NO. 2**

Please produce all internal communications relating to the factual allegations made in your complaint.

**REQUEST FOR PRODUCTION NO. 3**

Please produce all external communications, other than with your attorney(s) that relate to the factual allegations made in your complaint.

**REQUEST FOR PRODUCTION NO. 4**

Please produce all documents referred to, identified, or relied upon in your response to the defendants' interrogatories.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all correspondence and communications between yourself and Melissa Buschacher and / or her attorney(s).

**REQUEST FOR PRODUCTION NO. 6**

Please produce all documents that reflect the procedure by which your customers can request a refund or credit.

**REQUEST FOR PRODUCTION NO. 7**

Please produce all documents reflecting the number of leads you have received for the past 3 years of the same type(s) contained in the false leads submitted by Brandon Byrd.

**REQUEST FOR PRODUCTION NO. 8**

Please produce all documents supporting your claim for damages.

**REQUEST FOR PRODUCTION NO. 9**

Please produce all documents that support your estimated damages of $2,000,000.00.

**REQUEST FOR PRODUCTION NO. 10**

Please produce all documents that support the allegations made in paragraph 43 of your complaint.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all documents that support the allegations made in paragraph 44 of your complaint.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all contracts referred or related to the allegations made in paragraph 66 of your complaint.

**REQUEST FOR PRODUCTION NO. 13**

Please produce billing statements or invoices that reflect the amount of attorney's fees incurred by the plaintiff to date that it intends to claim as an additional damage in the trial of this matter.

**REQUEST FOR PRODUCTION NO. 14**

Please produce all e-mails or other correspondence between yourself and Bankrate.com that relate to Mostchoice.com.

Dated this 18th day of May, 2007.

       **s/ Ryan Isenberg**
       Ryan L. Isenberg, Esq.
       Isenberg & Hewitt, P.C.

        7000 Peachtree Dunwoody Road
        Building 15, Suite 100
        Atlanta, Georgia 30328
        Telephone: 770-351-4400
        Facsimile: 770-828-0100 (Fax)
        Email: ryan@isenberg-hewitt.com

        and

        **s/ Rachel L. Eichenbaum**
        Teresa L. Ashmore
        Rachel L. Eichenbaum , Esq.
        Holme Roberts & Owens, LLP
        1700 Lincoln Street, Suite 4100
        Denver, Colorado 80203
        Telephone: 303-861-7000
        Facsimile: 303- 866-0200
        Email: rachel.eichenbaum@hro.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2007, I served the foregoing Defendant's First Request for production of documents to Plaintiff Netquote, Inc. by electronic delivery, as an attachment to an email, to the following counsel of record:

Christopher P. Beall, Esq.
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

        **s/ Ryan Isenberg**