## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

     Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

     Defendants.

---

### REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

---

     Plaintiff NetQuote, Inc. ("NetQuote"), through undersigned counsel, submits this reply in support of its Motion for a Protective Order ("Motion") and states as follows:

### <u>INTRODUCTION</u>

     NetQuote made every effort to obtain MostChoice's consent to a protective order prior to the filing of this Motion.  *See* Mot. 1.  At the time, MostChoice flatly refused to agree to any type of protective order at all.  When NetQuote sent MostChoice a proposed protective order for review and comment, MostChoice declined to provide any feedback or propose any alternative language.  Surprisingly, MostChoice now states in its Response that it generally agrees to a protective order and that its objection is only to the specific provisions in NetQuote's proposal. Resp. 2-3.  Had MostChoice disclosed this position at the time and made an alternative proposal, both parties would have been spared valuable time and legal fees litigating this Motion.

Dockets.Justia.com

## ARGUMENT

NetQuote seeks to protect confidential commercial information and trade secrets as permitted under F.R.C.P. 26(c).  NetQuote requests this protection for information and documents that fall into only three categories:  its customer lists; its financial records; and the proprietary filtering system and internal procedures for detecting false leads.  Mot. 3-5. MostChoice's offers three complaints about the proposed protective order, but none of them has merit.

## I.    THE PROPOSED PROTECTIVE ORDER DOES NOT PERMIT A PARTY TO OVER-DESIGNATE MATERIALS AS CONFIDENTIAL.

MostChoice complains that the proposed protective order would allow a party to designate nearly everything as confidential, Resp. 6-7, but it ignores that the proposed protective order limits the information that can be designated "confidential" and has a mechanism to resolve excessive confidentiality designations that places minimal burden on the party receiving the designated information.  NetQuote's proposed protective order states:  "Documents and information may only be designated confidential or highly confidential if they meet specific criteria as outlined."  Proposed Protective Order §§ 4-5 (submitted along with the Motion). Further, should a receiving party object to the designation, it need only notify the opposing party in writing.  *Id.* at § 16.  The parties will then confer in good faith regarding the designation.  *Id.* If the parties are unable to resolve the issue within ten days, the proposed protective order places the burden on the party seeking to maintain the confidentiality designation to move this Court to maintain protection for the information.  *Id.*  Thus, if MostChoice believes that NetQuote has designated too much information as confidential, it need only inform NetQuote in writing, and

then <u>NetQuote</u> will have the burden of moving the Court to maintain the confidentiality

designation.

## II.  THE ATTORNEY'S EYES ONLY DESIGNATION IS AN APPROPRIATE OPTION GIVEN THE DIRECT COMPETITOR STATUS OF THE PARTIES.

MostChoice also objects to the "attorney's eyes only" designation.  The option to

designate materials as highly confidential, and thus, for attorney's eyes only, provides important

safeguards for both parties as direct competitors in the on-line insurance lead industry.  The

designation allows the parties to produce information that may be helpful to counsel in

developing the case without fear that the information will be used by the opposing party to gain a

competitive advantage in the field.

MostChoice understood the importance of the "attorney's eyes only" designation when it

requested a stipulated protective order for the search of Defendant Byrd's hard drive.  *See*

Stipulated Protective Order re: Search of Brandon Byrd's Computer Hard Drive (Dkt. 41).

NetQuote willingly agreed to the Protective Order and the attorney's eyes only designation.

Now, MostChoice expresses concern about manipulation of the designation.  *See* Resp. 6-9.  This

assertion is unwarranted.  As is explained above, if MostChoice believes that materials should

not have been designated "highly confidential," it need only notify NetQuote in writing and then

NetQuote will have the burden to move this Court to maintain the designation.  *See* Proposed

Protective Order § 16.

## III. THE PROPOSED PROTECTIVE ORDER DOES NOT SET FORTH A TIME IN WHICH TO OBJECT TO A DESIGNATION.

MostChoice objects to the time allowed to object to a designation, Resp. 7, but

NetQuote's proposed protective order does not set any such deadline.  Of the three issues

3

MostChoice raises, this one obviously could have been resolved immediately had MostChoice been willing to meet and confer in good faith about the terms of the proposed protective order.

The procedure for challenging designations is set forth in Paragraph 16 of the proposed protective order. While Paragraph 16 limits to ten days the time period for the parties to meet and confer once a challenge has been made, it allows challenges to be submitted at any time over the course of this litigation. The ten-day time period to meet and confer and then to bring a motion to maintain a designation is designed to protect a party _challenging_ a designation so that the party designating material cannot delay indefinitely bringing a motion to keep material protected from disclosure. Thus, to the extent that MostChoice is concerned that NetQuote will over-designate material, the ten-day limitations will impose burdens on NetQuote but none on MostChoice.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in NetQuote's Motion, this Court should grant NetQuote's motion for a protective order.

Dated: August 13, 2007                    Respectfully submitted,

                                          _s/David W. Stark_
                                          David W. Stark
                                          FAEGRE & BENSON LLP
                                          3200 Wells Fargo Center
                                          1700 Lincoln Street
                                          Denver, Colorado 80203
                                          Tel: (303) 607-3500 / Fax: (303) 607-3600
                                          E-mail: dstark@faegre.com

Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail:  dwilliams@faegre.com

**Attorneys for Plaintiff NetQuote Inc.**

## CERTIFICATE OF SERVICE

I certify that on this 13th day of August, 2007, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com


*s/Cecil A. Kennedy*