IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and
MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
_____

    Before the Court is Plaintiff's Motion for Protective Order [Docket #49]. The matter is briefed and has been referred to this Court for resolution [Docket #50]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion for Protective Order as modified.

**I.    Facts**

    Plaintiff and Defendant Mostchoice.com are competitors in the business of generating online sales leads for insurance agents. The websites of both companies allow consumers to enter their information online and receive insurance quotes on a variety of products from local insurance agents. Plaintiff filed this action against Defendants alleging that Defendant Byrd was hired by Defendant Mostchoice.com to submit false leads to Plaintiff's website. Plaintiff alleges that the false leads allowed Defendants to obtain Plaintiff's list of agents so that Defendant could solicit business from them, that the false leads damaged the quality of Plaintiff's leads, and that Defendant falsely advertises that its leads are of a higher quality than Plaintiff's leads, which Plaintiff alleges is a result of

Defendants' own conduct. After Judge Ebel's rulings on Defendants' Motions to Dismiss, Plaintiff's claims of fraud, tortious interference with business relations, and false advertising under the Lanham Act remain at issue in this case.

Plaintiff filed the instant motion seeking a blanket protective order to cover documents that Plaintiff alleges are confidential commercial information and trade secrets. Plaintiff also seeks a two-tiered protective order, including an attorney-eyes-only provision. Defendants object to an attorney-eyes-only provision as unnecessary and unduly burdensome and contend that Plaintiff's proposed protective order improperly shifts the burden of protection to the responding party.

## II.   Discussion

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and can include an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c) and (c)(7). The burden is on the party resisting discovery or dissemination to establish that the information sought should be subject to additional protection. *Reed v. Nellcor Puritan Bennett & Mallinckrodt*, 193 F.R.D. 689, 690 (D. Kan. 2000). To meet this burden, the moving party must set forth specific facts showing good cause, not simply conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Thus, Plaintiff must do more than simply allege that the documents are proprietary and confidential. *Reed*, 193 F.R.D. at 691. In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc.*

*v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). With regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor in the lawsuit is generally afforded more protection. *See A/R Roofing, L.L.C. v. Certainteed Corp.*, No. 05-1158, 2005 U.S. Dist. LEXIS 31145 (D. Kan. Dec. 5, 2005) (finding that disclosure of information that could place one party at a disadvantage in the marketplace supported an attorney-eyes-only provision); *see also Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866 (E.D. Pa. 1981) ("Competitive disadvantage is a type of harm cognizable under rule 26.").

Here, Plaintiff does not contend that the information requested is irrelevant, only that a higher level of protection, in the form of an attorney-eyes-only provision is warranted. This information relates to Plaintiff's "sophisticated, highly confidential, proprietary computer systems and internal procedures to detect false submissions," as well as Plaintiff's customer list, or list of insurance agents, and certain financial information. Motion at 3. In response, Defendants contend that Plaintiff's ability to detect false leads is highly exaggerated and that anyone, other than counsel for Defendants' five-year-old, could create the safeguards Plaintiff has in place. Response at 4. Defendants further contend that "the odds are against" Plaintiff having a sophisticated system to detect false leads, given Defendant Byrd's ability to bypass these protections. *Id.* at 3. Defendants also argue that Plaintiff's customer list is not subject to protection because lists of licensed insurance agents are publicly available and because consumers using Plaintiff's website can obtain a portion of Plaintiff's customer list by submitting a lead on the website.

Aside from the topics of disclosure, Defendants also object to Plaintiff's proposed Protective Order on the grounds that it improperly shifts the burden to the party opposing the confidential designation. Having reviewed the proposed Protective Order, the Court rejects Defendants'

3

contention. The proposed Protective Order allows a party to designate documents as confidential pursuant to the definitions outlined therein. If the non-designating party objects in writing at any time, the parties must meet and confer in good faith within ten days of the objection. If no agreement is reached, the party designating the documents as confidential must, within ten days after conferring, seek an Order from the Court protecting the documents. Otherwise, the documents lose their confidential designation. Dock. #49-3, ¶16. This common practice places no undue burden on the opposing party, despite Defendants' spurious allegations that large law firms will inevitably designate all documents as confidential without a good faith basis for doing so. Moreover, the form of Plaintiff's proposed Protective Order is commonly entered in this District in cases involving proprietary information or direct competitors. *E.g.*, *Univera, Inc. v. Resource Maxima, LLC*, No. 05-2417, 2006 U.S. Dist. LEXIS 40452 (D. Colo. June 16, 2006). Even so, the Court will modify the language of this provision to require that any motions seeking protection of documents be filed after conferring and within twenty days after written notice is received. This will eliminate any ambiguity regarding the ten-day period after the parties meet and confer.

    **A.**    **Proprietary Computer Systems**

Plaintiff argues that this information must be protected from Defendants because Defendants have already circumvented these measures and readily admit to submitting false leads. Plaintiff contends that Defendants could use the information, not only in direct competition, but also to further sabotage Plaintiff's system. Defendants' main objections are that Plaintiff has not provided sufficient information regarding its system and that the safeguards cannot be that sophisticated due to the relative ease with which Defendant Byrd circumvented these protections.

The Court first notes that the affidavit of Craig Shine, Plaintiff's Vice President of Finance,

offers little additional support for the motion in that it contains only conclusory statements of law, which mirror Plaintiff's motion, and provides no additional factual support for much of the requested protection. *Gulf Oil Co.*, 452 U.S. at 102 n.16. Nevertheless, some protection is warranted, because "the injury that would flow from disclosure is patent, either from consideration of the documents alone or against the court's understanding of the background facts. The court's common sense is a helpful guide." *Zenith Radio Corp.*, 529 F. Supp. at 891.

Defendants' admitted submission of false leads and its obvious status as a direct competitor cuts strongly against allowing anyone other than counsel for Defendants and retained experts to view this information. In fact, Defendant Mostchoice.com advertises that its leads are better than Plaintiff's. Clearly, the ability to reduce or eliminate false leads is a crucial advantage in this industry. Although Defendants are concerned that the lack of experts in this field will limit its ability to defend against these claims, the harm to Plaintiff by providing this information to its direct competitors weighs in favor of a higher level of protection. Moreover, Defendants acknowledge that this information is most relevant to whether Plaintiff's computer system can justifiably rely on submissions to support Plaintiff's claim for fraud. Defendants have not established that it cannot defend against this computer-related inquiry if this information is subject to an attorney-eyes-only provision or that computer experts outside the field of sales leads could not appropriately address this issue. *Gaymar Indus. v. Cloud Nin, LLC*, No. 06-62, 2007 U.S. Dist. LEXIS 12086, *11 (D. Utah Feb. 20, 2007) ("Technical, customer and financial data must be protected from unnecessary disclosure. . . . Plaintiff claims that its principals need access to the technical and financial information because they have expertise in the field -- but as is typical in cases between competitors and alleged infringers, retained experts who are obligated to maintain confidences will have to provide this assistance.").

Finally, should Defendants' counsel believe after disclosure that this information is not sufficiently sophisticated to warrant protection, he may challenge the designation as provided under the terms of the Protective Order or may seek to modify the Order. *See Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1995 U.S. Dist. LEXIS 13111 *28 (D. Kan. Aug. 31, 1995) ("If facts exist to justify a relaxation from the restriction, plaintiff may move to modify the order.").

**B.  Customer Lists**

Plaintiff also seeks to protect its customer lists, which Defendants have at least partially obtained through the submission of false leads. Defendants argue that this information is public and should not be subject to additional protection. Defendants' position on this issue contradictory. During a Telephonic Status Conference held on August 7, 2007, counsel for Defendants argued that Plaintiff's written discovery at issue improperly sought to obtain Defendant Mostchoice.com's customer list. Defendants also acknowledge that one purpose for submitting false leads was to obtain Plaintiff's customer list. Now, Defendants argue that protection is unwarranted because the list of all insurance agents is public and because Plaintiff provides a portion of its customer list by email to each consumer who submits a sales lead on its website.

Here again, the parties are in direct competition, and the ability to ascertain which insurance agents are likely to buy leads is drastically different than simply knowing all licensed insurance agents in any given state. Moreover, Defendants have not established a need for this information to outweigh the harm of disclosure to a competitor. Thus, attorney-eyes-only protections is warranted. *See Nutratech, Inc. v. Sytnech Int'l, Inc.*, 242 F.R.D. 552 (C.D. Cal. 2007) (noting that customer and supplier lists are often produced subject to an attorney-eyes-only provision).

6

### C. Financial Information

Plaintiff also seeks to protect all financial information, and Defendants argue they have sought only general financial information so that Defendants can analyze Plaintiff's earnings trends. On this topic, the protection sought by Plaintiff is overly broad. While pricing options and forecasts should be subject to additional protection, general financial information, including earnings reports, is properly protected by a simple protective order, rather than an attorney-eyes-only provision. *E.g.*, *A/R Roofing, L.L.C.*, 2005 U.S. Dist. LEXIS 31145 (holding that the disclosure of pricing sheets should be restricted to counsel only); *Pulsecard, Inc.*, 1995 U.S. Dist. LEXIS 13111 (finding that financial information and customer lists deserved attorney-eyes-only protection). The Court will, therefore, limit the scope of financial information to be protected as attorney-eyes-only before entering the Protective Order on the record.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order [Filed July 13, 2007; Docket #49] is **granted** as specified herein. The Court will modify the scope of the Protective Order before entering it on the record.

Dated at Denver, Colorado, this 23rd day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge