IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## NETQUOTE'S MOTION TO DISMISS MOSTCHOICE'S AMENDED FRAUD COUNTERCLAIM

    Plaintiff NetQuote, Inc. ("NetQuote"), through undersigned counsel, moves to dismiss Defendant MostChoice.com, Inc.'s ("MostChoice") amended fraud counterclaim pursuant to Rules 9(b) and 12(b)(6), Fed. R. Civ. P., and in support of its motion states as follows:

### INTRODUCTION

    MostChoice previously filed a counterclaim for "click fraud," but when NetQuote moved to dismiss it, MostChoice immediately filed an amended counterclaim. Even on its second attempt, MostChoice fails to state a claim for fraud with particularity. MostChoice's fraud allegation is a serious one that should never have been asserted because MostChoice lacks facts to support it. It is premised on nothing more than a guess that NetQuote is one of over 1400 individuals or entities that may have committed "click fraud" against it. The alleged click fraud

is claimed to have occurred "beginning sometime in 2004," which fails to identify with any specificity when over the last three-and-a-half years the alleged click fraud took place. The fraud claim is ripe for dismissal now because MostChoice cannot meet the stringent pleading requirements of Fed. R. Civ. P. 9(b).

The Rule 9(b) requirements for pleading fraud act as a gatekeeper to prevent unfounded fraud claims from moving forward. The policies underlying Rule 9(b) include "giving adequate notice to the defendant, <u>eliminating complaints that merely seek to obtain discovery of unknown fraud</u>, and protecting defendants from reputation injury that would result from frivolous or unfounded charges of wrongdoing." *Grant v. Union Bank*, 629 F. Supp. 570, 575 (D. Utah 1986) (citation omitted) (emphasis added). "Part of the reasoning behind Rule 9(b) is to avoid desultory accusations of moral turpitude which would only result in enormous social and economic costs absent some factual basis for supporting such claims." *Wenneman v. Brown*, 49 F. Supp. 2d 1283, 1287 (D. Utah 1999) (citing *Lochhead v. Alacano*, 662 F. Supp. 230, 234 (D. Utah 1987)). MostChoice's fraud counterclaim is the precise type of litigation-by-fishing-expedition that Rule 9(b) is designed to eliminate.

## BACKGROUND

NetQuote filed its Third Amended Complaint on April 16, 2007. On June 15, 2007, MostChoice filed its Answer to the Amended Complaint and included with the Answer two counterclaims alleging "Click Fraud" and Defamation. *See* Dkt. #33. After NetQuote filed a motion to dismiss the counterclaims for failure to state a claim upon which relief could be granted, and specifically failure to plead fraud with particularity, MostChoice filed Defendant Mostchoice.com's Amended Counterclaims ("Amended Counterclaims"). *See* Dkt. # 62.

Despite the opportunity to refine the fraud claim to include the particularity required under Rule 9(b), MostChoice's Amended Counterclaims still fail to set forth well pleaded facts to support the key elements of fraud or to plead fraud with the particularity.

## ARGUMENT

A claim for fraud must be pleaded with particularity. *See* Fed. R. Civ. P.9(b).[1] The Tenth Circuit "requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citation omitted); *see also United States ex rel. Sikkenga v. Regence BlueCross BlueShield*, 472 F.3d 702, 726-727 (10th Cir. 2006) ("[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." (quotation omitted)). Where the four corners of a pleading fail to meet the particularity requirement, the claim is to be dismissed. *See, e.g.*, *Koch*, 203 F.3d at 1236.

MostChoice's claim that NetQuote engaged in click fraud[2] fails to state a claim upon which relief can be granted. Under even the most liberal reading of Rule 9(b), MostChoice's allegations do not satisfy the particularity requirement for pleading special matters. At a

---

[1] Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

[2] MostChoice titles its count as a claim for "Click Fraud" and cites as authority Wikipedia, an on-line encyclopedia. In Paragraph 8 of its Amended Counterclaims, it alleges that Georgia law applies to this claim. While NetQuote does not concede the applicability of Georgia law, undersigned counsel could locate no Georgia case or statute recognizing the tort of "click fraud," and Wikipedia obviously is not legal authority. NetQuote interprets the counterclaim as alleging a species of common-law fraud.

3

minimum, the "who," "when," and "how of the alleged fraud" are missing from MostChoice's claim.

First, MostChoice's counterclaim "does not alert [NetQuote] to a sufficiently precise time frame to satisfy Rule 9(b)." *Koch*, 203 F.3d at 1237. In *Koch*, the Tenth Circuit held insufficient the pleading that a fraud occurred "during 1982 and continuing to the present time." *Id.* at 1236. Because MostChoice's counterclaim contains a similarly general allegation that the alleged conduct took place "beginning sometime in 2004," Amended Counterclaim ¶ 17, it fails for the reasons explained in *Koch*.

Second, MostChoice fails to plead "the identity of the party making the false statements." *Koch*, 203 F.3d at 1236 (internal citation omitted). Its Amended Counterclaim states loosely that "at least one employee of NetQuote engaged in click fraud," Amended Counterclaim ¶ 17, but it provides no information about who the employee is and it identifies no facts that support MostChoice's allegation that the individual committing the alleged click fraud was indeed an employee of NetQuote's. MostChoice attaches to its Amended Counterclaims 1,473 computer "IP addresses" that it contends represent individual computer users who accessed MostChoice's website more than 20 times each, Amended Counterclaim ¶ 14, and then it speculates, "[u]pon information and belief, [that] one or more of the IP addresses . . . is or has been associated with a computer owned or operated by a NetQuote employee." *Id.* ¶ 16. MostChoice does not state the basis for its supposition that "one or more" of the IP addresses on its list of multiple users of its website can in fact be attached to NetQuote, nor does it identify any specific NetQuote employee that it contends engaged in fraud. It fails to provide this detail because, as it admitted in its Response to the previous motion to dismiss for failure to state a claim for fraud, MostChoice

4

"may not be able to plead with particularity factual allegations regarding the individual(s) involved without discovery." *See* MostChoice's Response to Plaintiff's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted at, Dkt. #51.

MostChoice cannot satisfy Rule 9(b) by attaching a list of over 1400 IP addresses and then speculating with no factual basis disclosed in the Counterclaim that NetQuote owned or operated one or more of the over 1400 IP addresses. If such pleading were sufficient, Rule 9(b) could be circumvented in every case by mere speculation, with no specific factual support, that the defendant may have had some role in the harm a plaintiff alleges to have suffered.

Finally, the "how of the alleged fraud" is missing from the Amended Counterclaims. *Sikkenga*, 472 F.3d at 726-727. The Amended Counterclaims do not allege what online advertiser MostChoice was using at the time of the alleged fraud, for example Google, Yahoo, or some other company, and how many pay per click advertising charges MostChoice incurred from any of those advertisers on any given day. *See* Amended Counterclaims ¶¶ 10-14. (describing how pay-per-click advertising works but failing to allege the details of the alleged fraud committed by any of the users of the over 1400 listed IP addresses). Nor does it plead with particularity what the maximum pre-set spending limits on its pay-per-click accounts were; when the allegedly fraudulently induced charges were billed to MostChoice; or how many charges occurred on the days of the alleged fraud.

Because MostChoice's Amended Counterclaim for fraud fails to comply with Rule 9(b), it must be dismissed. *See, e.g.*, *Sikkenga*, 472 F.3d at 726 (explaining that Rule 9(b) inquiry is limited to the "well pleaded facts, as distinguished from conclusory allegations . . . in the text of the complaint").

5

## **CONCLUSION**

For the foregoing reasons, MostChoice's counterclaim for fraud should be dismissed.

Dated: August 23, 2007          Respectfully submitted,

                                       _/s David W. Stark_____
David W. Stark
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail:   dstark@faegre.com

Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail:   dwilliams@faegre.com
              ttate@faegre.com

**Attorneys for Plaintiff NetQuote, Inc.**

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2007, I electronically filed the foregoing **NETQUOTE'S MOTION TO DISMISS MOSTCHOICE'S AMENDED FRAUD COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com


          _/s Daniel D. Williams_____