IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

### PLAINTIFF'S REPLY TO AMENDED COUNTERCLAIM

Plaintiff NetQuote, Inc., ("NetQuote"), by and through counsel, Faegre & Benson LLP, submits this Reply to Defendant Mostchoice.com, Inc.'s ("Mostchoice") Amended Counterclaim in the above-captioned matter, and states as follows:

#### Jurisdictional Allegations

1.    NetQuote admits the allegations contained in Paragraph 1 of the Amended Counterclaim.

2.    NetQuote admits that Mostchoice is Georgia corporation. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Counterclaim, and therefore denies the same.

3.      NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Amended Counterclaim, and therefore denies the same.

4.      NetQuote admits the allegations contained in Paragraph 4 of the Amended Counterclaim.

5.      Paragraph 5 of the Amended Counterclaim calls for a legal conclusion as to which no response is required.

6.      Paragraph 6 of the Amended Counterclaim calls for a legal conclusion as to whch no response is required.

7.      NetQuote denies the allegations contained in Paragraph 7 of the Amended Counterclaim.

8.      Paragraph 8 of the Amended Counterclaim calls for a legal conclusion as to which no response is required.  To the extent that a response is required, denied.

## Click Fraud

9. – 22.  No response is required to Paragraphs 9 through 22 of the Amended Counterclaim at this time because NetQuote is moving to dismiss the fraud claim for failure to state a claim.

## General Allegations Regarding Defamation and Tortious Interference

23.     NetQuote denies the allegations contained in Paragraph 23 of the Amended Counterclaim.

24. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Amended Counterclaim, and therefore denies the same.

25. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Amended Counterclaim, and therefore denies the same.

26. NetQuote denies the allegations contained in Paragraph 26 of the Amended Counterclaim.

27. NetQuote denies the allegations contained in Paragraph 27 of the Amended Counterclaim.

28. NetQuote denies the allegations contained in Paragraph 28 of the Amended Counterclaim.

29. NetQuote denies the allegations contained in Paragraph 29 of the Amended Counterclaim.

**Defamation**

30. NetQuote incorporates by reference its responses to Paragraphs 1 – 29 above as if fully set forth herein.

31. NetQuote denies the allegations contained in Paragraph 31 of the Amended Counterclaim.

32. NetQuote denies the allegations contained in Paragraph 32 of the Amended Counterclaim.

33. NetQuote denies the allegations contained in Paragraph 33 of the Amended

Counterclaim.

## Tortious Interference

34. NetQuote incorporates by reference its responses to Paragraphs 1 – 33 above as if fully set forth herein.

35. NetQuote denies the allegations contained in Paragraph 35 of the Amended Counterclaim.

36. NetQuote denies the allegations contained in Paragraph 36 of the Amended Counterclaim.

37. NetQuote denies the allegations contained in Paragraph 37 of the Amended Counterclaim.

## Affirmative Defenses

NetQuote states the following defenses to Mostchoice's allegations and Amended Counterclaim. NetQuote has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to supplement or amend these defenses before trial.

1. Mostchoice's claim fails to state a claim upon which relief may be granted.

2. Mostchoice's claim may be barred because of the applicable statute of limitations.

3. Any alleged statements made, if made at all, were true.

4. Any alleged statements made, if made at all, are protected by the First Amendment.

5. Any alleged statements made, if made at all, are protected statements of opinion.

6. Any alleged statements made, if made at all, are privileged statements of the allegations in pending legal proceedings.

7. The conduct alleged, if it occurred, was not wrongful and improper.

8. The conduct alleged, if it occurred, is privileged because Mostchoice and NetQuote are business competitors.

9. Mostchoice has failed to mitigate its damages, if any, as required by law and is therefore barred from recovery against NetQuote.

10. Any losses suffered or sustained by Mostchoice are the result of Mostchoice's own negligence and/or lack of due diligence.

Dated: August 23, 2007                                          Respectfully submitted,

_/s David W. Stark_____
David W. Stark
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail:   dstark@faegre.com

Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail:   dwilliams@faegre.com
              ttate@faegre.com

**Attorneys for Plaintiff NetQuote Inc.**

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2007, I electronically filed the foregoing **PLAINTIFF'S REPLY TO AMENDED COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

*s/ Daniel D. Williams*