IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

    Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

    Defendants.

### DEFENDANT MOSTCHOICE.COM'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S CLAIM FOR CLICK FRAUD FOR FAILURE TO STATE A CLAIM

Comes now, Defendant Mostchoice.com, Inc. and herein files this Response to Plaintiff's Motion to Dismiss its Click Fraud Claim Failure to State a Claim Upon Which Relief Can be Granted and shows this Court the following:

**Argument and Citation to Authority**

I. Click Fraud

In its Amended Counterclaim[1] Mostchoice alleges that Netquote engaged in "click fraud." (See Dkt. 62 ¶ 9-22). Click fraud has been defined for purposes of the complaint ((See See Dkt. 62 ¶ 15) as follow:

---

[1] Mostchoice has filed an unopposed motion for leave to amend its counterclaim which Mostchoice contends alleges with specificity that Netquote engaged in click fraud as alleged and defined in its Counterclaim.

> For purposes of this complaint, and without limiting its definition, "click fraud" occurs in pay per click online advertising when a person imitates a legitimate user of a web browser clicking on an ad, for the purpose of generating a charge per click without having actual interest in the target of the ad's link. (http://en.wikipedia.org/wiki/Click_fraud)

Netquote claims that, even after amending its counterclaim that Mostchoice has failed to plead its claim with the requisite particularity. It is relevant to the Court's consideration of Netquote's motion that its own complaint was filed in a state court against an unknown individual styled Netquote versus John Doe.

> 5. Defendant John Doe No. 1 is an internet user who true identity is currently not yet known but who has accessed the internet through the internet service provider Juno Online Services, Inc., with whom he has used the Internet Protocol address 64.136.27.226. At such time as NetQuote learns the true identity of John Doe No. 1, his name will be substituted herein.

Netquote alleged only that the fraud consisted of individuals who "allegedly" wanted to receive price quotations from them, and that it began in October, 2006.

> 22. Beginning sometime in October 2006, the defendants have submitted false and misleading information to NetQuote through NetQuote's website at www.netquote.com concerning persons, both real and fictitious, who allegedly wish to receive price quotations from NetQuote's insurance affiliates on various forms of insurance, but who in reality do not wish to receive any such contact from NetQuote or NetQuote's insurance affiliates.

(See Dkt. # 2)

Mostchoice, in its Amended Complaint, specifically identified approximately 1,400 IP addresses that engaged in click fraud (See Dkt. 62¶ 14 and Exhibit "A" thereto), and further alleged that one or more of those addresses engaged in click fraud as defined in the counterclaim See Dkt. 62 ¶ 16). Mostchoice has not obtained the IP address range for Netquote, and has been operating from the information it has been able to identify on its own. As Netquote was allowed to do, some by virtue of the fact that the case was pending in the State Courts perhaps,

Mostchoice has alleged what it knows and has reason to believe, which is that someone at Netquote engaged in illegitimate computer behavior. This is no different Netquote's allegation that John Doe was acting like a legitimate user seeking an insurance quote.

Before Netquote's lawsuit was served on any party that could assert that the pleadings failed to state a claim for relief,[2] it used the subpoena power of the state court to obtain the identity of the alleged fraudster (See Dkt. #3 - 26th of 27 pages). It then obtained ex parte permission from the state court to amend its complaint (not once, but twice) obtained an order allowing for discovery and out of state depositions, and only then was able to obtain the information that was finally contained in its third amended complaint, which was consented to by by Brandon Byrd.[3]

Dismissal of Mostchoice's nearly identical claims would lead to an absurd and patently unjust result where Netquote was allowed to utilize discovery and proceed because of a lack of opposition, and amend its complaint three times before it entered the form as analyzed by this Court. The Court, in its Order denying Mostchoice's Motion to Dismiss relied upon the inclusion of an exhibit that identified the time, submission date and IP address of Byrd's submissions. This exhibit was not included until Netquote filed its Third Amended Complaint, after a Rule 12 motion was filed. As a matter of equity, even if the Court believes the Mostchoice allegations as pleaded are deficient, Netquote's motion should be held in abeyance so

---

[2]Colo. RPC 9(b) is identical to FRCP 9(b)

[3]Netquote initially served Melissa Buschacher, ex-wife of Brandon Byrd with its complaint. At this time, Ms. Buschacher and Byrd were, and remain, in a child custody dispute, and Mostchoice believes that substantial portions of Netquote's complaint, as amended are the result of false information supplied by Ms. Buschacher.

that Mostchoice is afforded the same opportunities to use discovery to identify the individual(s), dates and times of the alleged conduct. Otherwise, it becomes nothing more than a game to file an action against a John Doe and serve subpoenas to obtain information that can be used to bootstrap an otherwise deficient complaint into one that passes muster under FRCP § 12.

II.  Relaxed Pleading Standard

Notwithstanding the above, to the extent the Court applies FRCP § 9(b) to Mostchoice's claim for click fraud, Mostchoice suggests that the pleading requirements should be relaxed because the "relevant facts are within the opposing party's knowledge as a result of the fraud being perpetrated on a third party." ***Dominicus Americana Bohio v. Gulf & Western Industries***, 473 F. Supp. 680, 693 (S.D. N.Y. 1979).

In this case, Mostchoice is left in a catch 22 because it has not had access to the information that Neqtuote maintains regarding its employees and IP addresses.

In ***Huntsman-Christensen Corp. v. Mountain Fuel Supply Co.,*** 1986 U.S. Dist. LEXIS 17337 (D. Utah 1986) it was stated that in these circumstances, "dismissal without prejudice and with leave to amend, or provisional denial of a motion to strike with leave to renew is warranted until completion of discovery."

III.  Mostchoice Seeks Leave to Amend

Mostchoice has concurrently filed an unopposed motion for leave to amend its complaint to include additional specific allegations that includes dates of false or fraudulent clicks and has identified a particular internet protocol address that has been associated with Netquote.

IV.  Mostchoice Requests That Any Dismissal Be Without Prejudice

To the extent the Court finds that Mostchoice is not able to state a claim upon which

relief can be granted as to any claim asserted, it has certainly articulated facts that, if assumed to be true demonstrate egregious conduct on the part of Netquote, and requests that any dismissal be made without prejudice to re-filing upon discovery of additional facts.

## Conclusion

For the reasons stated above, Mostchoice respectfully requests that the Court (1) deny Netquote's Motion to Dismiss (2) Grant Leave to Amend, or (3) that any dismissal be granted without prejudice, and for such other and further relief deemed necessary and just by this Court. Dated this 21st day of September, 2007.

                                                  **s/ Ryan Isenberg**
                                                  Ryan L. Isenberg, Esq.
                                                  Isenberg & Hewitt, P.C.
                                                  7000 Peachtree Dunwoody Road
                                                  Building 15, Suite 100
                                                  Atlanta, Georgia 30328
                                                  Telephone: 770-351-4400
                                                  Facsimile: 770-828-0100 (Fax)
                                                  Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2007, I served the foregoing Response to Netquote's Motion to Dismiss Mostchoice's Counterclaims by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

                                                  **s/ Ryan Isenberg**