IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

    Plaintiff,

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

    Defendants.

---

**UNOPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED COUNTERCLAIM**

---

Comes now, Defendant Mostchoice.com, Inc. and herein files this its Unopposed Motion for Leave to Allow Mostchoice to File its Second Amended Counterclaim and shows this Court the following:

I.  Standard for Amending Complaint

FRCP 15(a) provides that a party may amend its complaint by leave of court, and that leave shall be freely given when justice requires.  Leave may only be denied where the Court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." ***Foman v. Davis***, 371 U.S. 178, 182, (1962) as quoted in ***Spencer v. Wal-Mart Stores, Inc.***, 203 Fed. Appx. 193, 195 (10th Cir. 2006).

II.  Proposed Affirmative Amendments

Mostchoice filed amended counterclaims alleging that Netquote engaged in click fraud and, through agents, defamed Mostchoice.  Netquote has moved to dismiss the claim for click fraud primarily based upon the failure to plead with specificity.  In its currently pending counterclaim for click fraud, Mostchoice identified approximately 1,400 IP addresses that have engaged in click fraud as alleged and defined in its counterclaim.

Mostchoice has now identified and alleged in its current proposed amended counterclaim a specific factual basis that Netquote engaged in click fraud at least 52 times, and has incorporated exhibits identifying the dates and digital address of each alleged fraudulent and illegitimate click through.

III.  Proposed Negative Amendments

Mostchoice seeks to amend its counterclaims for defamation and tortious interference to remove claims associated with any person or entity, other than Bankrate.  Previously, Mostchoice sought to recover based upon claims involving other individuals that it no longer seeks to pursue.

IV.  Plaintiff's Position on this Motion

Plaintiff does not oppose MostChoice's motion for leave to amend. Plaintiff reserves the right to move to dismiss pursuant to Rule 12 and/or to move for summary judgment on the amended counterclaims.

**Conclusion**

Netquote moves to amend its complaint to re-state its claims for click fraud with additional specificity, and otherwise re-state its other claims only with reference to Bankrate.  A copy of the proposed amended complaint is attached hereto as Exhibit "A."

WHEREFORE, Mostchoice prays that this Court Grant this Motion and Grant Leave to File its Second Amended Counterclaim, and for such other and further relief deemed necessary and just by this Court.

Dated this 21ST day of September, 2007.

    s/ Ryan Isenberg
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ST day of September, 2007, I served the foregoing Motion for Leave to Amend Counterclaim by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

    s/ Ryan Isenberg