# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

      Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

      Defendants.

## PLAINTIFF'S MOTION TO MAINTAIN HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DESIGNATION FOR DOCUMENTS NQ000160-NQ000204

      Plaintiff NetQuote, Inc. ("NetQuote"), through counsel, moves to maintain the Highly Confidential—Attorney's Eyes Only designation for documents NQ000160-NQ000204 and in support of this motion states as follows:

### INTRODUCTION

      Under the Protective Order issued by this Court on August 23, 2007, customer lists may be designated as Highly Confidential – Attorneys' Eyes Only. Dkt. # 75, ¶¶ 2.5, 4.2. MostChoice challenges the Highly Confidential—Attorney's Eyes Only designation of materials listing the customers who terminated as a result of the thousands of false applications Defendants submitted to NetQuote's website. Counsel have conferred in good faith regarding the disputed designation as required by D.C.COLO.LCivR. 7.1(A) and Paragraph 16 of the Protective Order

and were unable to reach agreement regarding the appropriate designation for documents NQ000160-NQ000204.[1]

## ARGUMENT

NetQuote seeks to maintain the Highly Confidential—Attorney's Eyes Only designation for documents listing the names, location, contact information and agency information of its former customers. This Court has already ruled that NetQuote's "customer list, or list of insurance agents" constitute confidential commercial information warranting a higher level of protection. *See* Order on Plaintiff's Motion for Protective Order 3; *accord A/R Roofing, L.L.C. v. Certainteed Corp.*, No. 05-1158, 2005 U.S. Dist. LEXIS 31145 (D. Kan. Dec. 5, 2005) (finding that disclosure of information that could place one party at a disadvantage in the marketplace supported an attorney-eyes-only provision); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866 (E.D. Pa. 1981) ("Competitive disadvantage is a type of harm cognizable under rule 26."). In particular, the designation of customer information as Highly Confidential—Attorney's Eyes Only is appropriate between competitors. *See Nutratech, Inc. v. Sytnech Int'l, Inc.*, 242 F.R.D. 552 (C.D. Cal. 2007) (noting that customer and supplier lists are often produced subject to an attorney-eyes-only provision).

Documents NQ000160-NQ000206 should be afforded the Highly Confidential—Attorney's Eyes Only designation because they constitute portions of NetQuote's customer lists. The documents at issue consist of internal logs detailing customer concerns that identify the name and contact information of the customers, NetQuote's efforts to resolve the issue and retain

---

[1] In addition to the documents at issue in this Motion, counsel for Defendants has just notified counsel for NetQuote that Defendants challenge an additional set of NetQuote's confidentiality designations. Counsel are currently conferring in an attempt to resolve this dispute without Court intervention.

the customers, and the outcome. The agents listed in the documents terminated their contracts with NetQuote during the height of the false lead submissions by Defendants. NetQuote intends to make efforts to regain these agents. As a result, NetQuote still considers these agents customers and includes them in NetQuote's customer list.

Moreover, MostChoice should not be permitted to further profit from its wrongdoing. Access to the information in these documents would provide MostChoice with insights as to which of NetQuote's customer relationships Defendants were most successful in tarnishing and therefore on which relationships MostChoice should focus its renewed sales efforts. Indeed, after learning in depositions that MostChoice is continuing to market to the NetQuote insurance agents whose identities it discovered through Defendants' false submissions, NetQuote sent a letter demanding that MostChoice cease and desist from such conduct. *See* Ex. A. MostChoice has failed to respond to that letter and is instead seeking access to the list of these NetQuote customers most directly affected by Defendants' wrongful conduct.

Access to the names of the NetQuote former customers that MostChoice seeks could be used by MostChoice to target and to increase marketing efforts to these agents—the very agents whose identity MostChoice discovered through the fraudulent submissions. If it would assist the Court in resolving this motion, NetQuote will make the documents available to this Court for an in camera review.

## **CONCLUSION**

For the foregoing reasons, NetQuote should be permitted to maintain the Highly Confidential—Attorney's Eyes Only designation for the documents bates-stamped NQ000160-NQ000204.

- 4 -

Dated:  October 9, 2007	Respectfully submitted,


	*s/Heather Carson Perkins*	_____
	David W. Stark
	Heather Carson Perkins
	FAEGRE & BENSON LLP
	3200 Wells Fargo Center
	1700 Lincoln Street
	Denver, Colorado 80203
	Tel:  (303) 607-3500 / Fax:  (303) 607-3600
	E-mail:	dstark@faegre.com
		hperkins@faegre.com

	Daniel D. Williams
	Teresa Taylor Tate
	FAEGRE & BENSON LLP
	1900 Fifteenth Street
	Boulder, Colorado 80302
	Tel: (303) 447-7700 / Fax: (303) 447-7800
	E-mail:	dwilliams@faegre.com
		ttate@faegre.com


	**Attorneys for Plaintiff NetQuote, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th of October, 2007, I served the foregoing **PLAINTIFF'S MOTION TO MAINTAIN HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DESIGNATION DOCUMENTS NQ000160-NQ000204** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

                                                    *s/Cecil A. Kennedy*

fb.us.2331565.01