IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## PLAINTIFF'S REPLY TO SECOND AMENDED COUNTERCLAIM

Plaintiff NetQuote, Inc., ("NetQuote"), by and through counsel, Faegre & Benson LLP, submits this Reply to Defendant Mostchoice.com, Inc.'s ("Mostchoice") Second Amended Counterclaim in the above-captioned matter, and states as follows:

### Jurisdictional Allegations

1.    NetQuote admits the allegations contained in Paragraph 1 of the Second Amended Counterclaim.

2.    NetQuote admits that Mostchoice is Georgia corporation.  NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the Second Amended Counterclaim, and therefore denies the same.

3. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Second Amended Counterclaim, and therefore denies the same.

4. NetQuote admits the allegations contained in Paragraph 4 of the Second Amended Counterclaim.

5. Paragraph 5 of the Second Amended Counterclaim calls for a legal conclusion as to which no response is required.

6. Paragraph 6 of the Second Amended Counterclaim calls for a legal conclusion as to which no response is required.

7. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Second Amended Counterclaim, and therefore denies the same.

8. Paragraph 8 of the Second Amended Counterclaim calls for a legal conclusion as to which no response is required. To the extent that a response is required, NetQuote denies the allegations contained in Paragraph 8 of the Second Amended Counterclaim.

### Click Fraud

9. NetQuote admits that when a user accesses the internet through an internet service provider, that user's computer uses an internet protocol address; NetQuote denies that a computer is identifiable by the internet protocol address it uses on any specific occasion.

10. NetQuote admits the allegations contained in Paragraph 10 of the Second Amended Counterclaim.

11. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Second Amended Counterclaim, and therefore denies the same.

12. NetQuote denies the allegations contained in Paragraph 12 of the Second Amended Counterclaim.

13. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Second Amended Counterclaim, and therefore denies the same.

14. NetQuote admits that http://web.mit.edu/ist/topics/network/glossary.html defines internet protocol address as a unique string of numbers that identifies a computer on the Internet; NetQuote denies that the definition from that website is complete and otherwise denies the allegations contained in Paragraph 14 of the Second Amended Counterclaim.

15. Netquote admits that Wikipedia at http://en.wikipedia.org/wiki/Click_fraud defines click fraud, in part, as PPC advertising when a person imitates a legitimate user of a web browser clicking on an ad for the purpose of generating a charge per click without having actual interest in the content of the ad's link. NetQuote otherwise denies the allegations contained in Paragraph 15 of the Second Amended Complaint.

16. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Second Amended Counterclaim, and therefore denies the same.

17. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Second Amended Counterclaim, and therefore denies the same.

18. NetQuote admits that Danielle Wilkie is an employee of NetQuote. NetQuote denies the remaining allegations in Paragraph 18 of the Second Amended Counterclaim.

19. NetQuote denies the allegations contained in Paragraph 19 of the Second Amended Counterclaim.

20. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Second Amended Counterclaim, and therefore denies the same.

21. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of whether "clicks" were made and therefore denies the allegations contained in the first sentence of Paragraph 21 of the Second Amended Complaint. NetQuote denies the remaining allegations contained in Paragraph 21 of the Second Amended Counterclaim.

22. NetQuote admits that the website identified in Paragraph 22 of the Second Amended Complaint purports to provide reverse DNS directory searching; NetQuote is without knowledge or information sufficient to form a belief as to the accuracy or reliability of that website and therefore denies the remaining allegations in Paragraph 22 of the Second Amended Counterclaim.

23. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Second Amended Counterclaim, and therefore denies the same.

24. NetQuote denies the allegations contained in Paragraph 24 of the Second Amended Counterclaim.

25. NetQuote denies the allegations contained in Paragraph 25 of the Second Amended Counterclaim.

26. NetQuote denies the allegations contained in Paragraph 26 of the Second Amended Counterclaim.

27. NetQuote denies the allegations contained in Paragraph 27 of the Second Amended Counterclaim.

28. NetQuote denies the allegations contained in Paragraph 28 of the Second Amended Counterclaim.

29. NetQuote denies the allegations contained in Paragraph 29 of the Second Amended Counterclaim.

30. NetQuote denies the allegations contained in Paragraph 30 of the Second Amended Counterclaim.

31. NetQuote denies the allegations contained in Paragraph 31 of the Second Amended Counterclaim.

**General Allegations Regarding Defamation and Tortious Interference**

32. NetQuote denies the allegations contained in Paragraph 32 of the Second Amended Counterclaim.

33. NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Second Amended Counterclaim, and therefore denies the same.

34. NetQuote denies that the discussions alleged in Paragraph 32 took place; otherwise NetQuote is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Second Amended Counterclaim, and therefore denies the same.

35. NetQuote denies the allegations contained in Paragraph 35 of the Second Amended Counterclaim.

### Defamation

36. NetQuote incorporates by reference its responses to Paragraphs 1 – 35 above as if fully set forth herein.

37. NetQuote denies the allegations contained in Paragraph 37 of the Second Amended Counterclaim.

38. NetQuote denies the allegations contained in Paragraph 38 of the Second Amended Counterclaim.

39. NetQuote denies the allegations contained in Paragraph 39 of the Second Amended Counterclaim.

### Tortious Interference

40. NetQuote incorporates by reference its responses to Paragraphs 1 – 39 above as if fully set forth herein.

41. NetQuote denies the allegations contained in Paragraph 41 of the Second Amended Counterclaim.

42. NetQuote denies the allegations contained in Paragraph 42 of the Second Amended Counterclaim.

43. NetQuote denies the allegations contained in Paragraph 43 of the Second Amended Counterclaim.

**Affirmative Defenses**

NetQuote states the following defenses to Mostchoice's allegations and Second Amended Counterclaim. NetQuote has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to supplement or amend these defenses before trial.

1. Mostchoice's Second Amended Counterclaim fails to state a claim upon which relief may be granted.

2. One or more of the claims in Mostchoice's Second Amended Counterclaim may be barred because of the applicable statute of limitations.

3. Any alleged statements made, if made at all, were true.

4. Any alleged statements made, if made at all, are protected by the First Amendment.

5. Any alleged statements made, if made at all, are protected statements of opinion.

6. Any alleged statements made, if made at all, are privileged statements of the allegations in pending legal proceedings.

7. The conduct alleged, if it occurred, was not wrongful and improper.

8. The conduct alleged, if it occurred, is privileged because Mostchoice and NetQuote are business competitors.

9. Mostchoice has failed to mitigate its damages, if any, as required by law and is therefore barred from recovery against NetQuote.

10. Mostchoice's claims are barred, in whole or in part, because its claimed injuries

and damages, if any, were not caused by acts or omissions by NetQuote and/or were caused if at all, by Mostchoice's own conduct, negligence or lack of due diligence or the conduct of third parties.

11. NetQuote has legitimate business justifications and privileges for its arrangements and actions.

Dated: October 9, 2007

Respectfully submitted,

*s/Heather Carson Perkins*
David W. Stark
Heather Carson Perkins
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail:   dstark@faegre.com
          hperkins@faegre.com

Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail:   dwilliams@faegre.com
          ttate@faegre.com

**Attorneys for Plaintiff NetQuote Inc.**

8

## CERTIFICATE OF SERVICE

    I certify that on this 9th day of October, 2007, I electronically filed the foregoing **PLAINTIFF'S REPLY TO SECOND AMENDED COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

                                                    *s/Cecil A. Kennedy*