IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

>   Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

>   Defendants.

---

**AMENDED NOTICE OF DEPOSITION
OF PLAINTIFF PURSUANT TO F.R.C.P. 30(B)(6)**

---

**NOTICE OF DEPOSITION**

To:   Netquote, Inc.

PLEASE TAKE NOTICE that Defendant Mostchoice.com, Inc. will take the deposition of Plaintiff Netquote, Inc. ("plaintiff") pursuant to F.R.C.P. 30(b)(6) before an authorized court reporter at 9:00 o'clock a.m. on Tuesday, September 25, 2007 at the office of the counsel for the plaintiff.  Pursuant to F.R.C.P. § 30(b)(3) Mostchoice will videotape this deposition.

Defendant is requested, pursuant to said Rule, to designate one or more of its officers, directors, or managing agents or other persons who consent to testify about matters known or reasonably available. The matters on which each person so designated will be examined will include the following:

1. All factual allegations raised in the plaintiff's complaint, as amended.

2. Netquote's Affiliate program

3. Netquote's Lead filtering system

4. The manner and method of the collection and disbursal of leads

5. Netquote's computer system relating to the collection and disbursal of leads

6. Neqtuote's credit programs

7. Netquote's communications with Melissa Buschacher

8. Familiarity with Netquote's reputation

9. Knowledge of alleged false leads, the identity of and communication with the recipients thereof

10. Internal communications relating to the false leads alleged to have caused harm to Netquote

11. Internal communications and processes related to the receipt of bad leads

12. Internal communications related to leads that were subsequently discovered to be submissions from Brandon Byrd

13. Efforts made to intercept and identify the submissions by Brandon Byrd

14. Netquote's historical general financial information

15. Netquote's historical lead generation and disbursal data

16. Data concerning Netquote's lead quality

17. Identity of former and current Netquote employees

18. Information related to the quality of Mostchoice leads

19. Information related to the quality of Netquote leads

20. Netquote's National account relations

21. Netquote's Sales staff policy

22. Netquote's knowledge of the insurance lead generation industry

23. Discussions with representatives of bankrate

24. Netquote's communications with third parties about this lawsuit

25. Netquote's communications with third parties about Mostchoice

26. Netquote's communications with Mostchoice

27. Netquote's Cost of lead generation

28. Netquote's Cost of lead disbursal

29. Netquote's Cost of creating filtering systems

30. Netquote's Cost of customer acquisitions

31. Netquote's Customer retention

32. Netquote's Customer Service

33. Plaintiff's claims for damages

34. Documents produced by plaintiff in response to discovery

35. Netquote's business model

36. Netquote's website, website management, and website content

37. Netquote's internet protocol addresses

Dated this 21ST day of September, 2007.

    s/ Ryan Isenberg
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

### CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2007, I served the foregoing Notice of Deposition by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
dwilliams@faegre.com

    s/ Ryan Isenberg