IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

    Plaintiff,

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

    Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MAINTAIN HIGHLY CONFIDENTIAL DESIGNATION OF DOCUMENTS NQ 160-204

COME NOW, Defendants in the above-styled action and herein file this Response to the Plaintiff's Motion to Maintain Highly Confidential Designation of Documents NQ 160-204 and shows this Court the following:

I.  Use of Attorney Eyes Only Provision

As noted in the opposition brief to plaintiff's motion for a protective order, allowing a party to designate on its own what documents are confidential inevitably results in an abuse of that ability, whether intentional or not. In this case, the plaintiffs have produced in the neighborhood of 6,500 pages of documents. Mostchoice has even identified 1,450 that didn't contain any customer information, financial information, or trade secrets,[1] (including some

---

[1] These documents were of no probative value, and Mostchoice is not interested in wasting its own resources or the court's time in resolving disputes over such a matter.

documents that appeared to have been produced in duplicate)[2] and at least one document was produced with a designation of highly confidential, confidential, and no designation at all. Approximately 200 of the pages were produced with no designation, with probably somewhere in the range of 5,000 having been designated as attorneys eyes only.

The Court in ***Team Play, Inc. v. Boyer***, 2005 U.S. Dist. LEXIS 3968, 2-3 (D. Ill. 2005) addressed a similar situation where roughly 4,100 out of 6,000 documents were designated as Attorneys' Eyes Only:"

> documents in the latter category are marked "Attorneys' Eyes Only" and the information they contain may not be disclosed to clients. Such two--tiered protective orders are relatively common, but they contemplate that the more restrictive category will only be used on a relatively small and select number of documents where a genuine threat or competitive or other injury dictates such extreme measures. Where a party's 'use of the Attorneys' Eyes Only designation is sweeping it can be a form of discovery abuse and result in the blanket modification of a protective order as well as the imposition of sanctions on the designating party. Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms. See ***In re Bank One Sec. Litig.***, 222 F.R.D. 582 (N.D.Ill. 2004).

The parties are attempting to remedy some of these problems by redacting the names of customers, however, defendants anticipate the Court will have to revisit this issue because, at present, the use of attorney's eyes only designations, and the lack of independent expert witnesses in the industry, have denied the defendant due process because it has been precluded from access to the information necessary to adequately defend itself in this litigation. ***See Phillip M. Adams & Assocs. v. Dell, Inc.***, 2006 U.S. Dist. LEXIS 39173, 24-25 (D. Utah 2006) ("A party to litigation has a more fundamental interest in access to information than retained

---

[2] It would be an absolute waste of time to actually count them, so unless the plaintiff has maintained a log with the actual numbers, an estimate is more economically appropriate.

counsel or even an employee. One case suggested that the party's right to access might implicate due process considerations." citing ***Standard Space Platforms Corp. v. United States***, 35 Fed. Cl. 505, 508 (Ct. Cl. 1996)).

II. NQ 160-204

The documents at issue in this particular motion are e-mails and notes from telephone calls relating to FORMER customers of Netquote, and their complaints about receiving bad leads. Quite plainly, a customer is someone who buys something from you. If they don't buy from you, they are not a customer.[3]

III. Burden / Standard

Under the protective order in place, with respect to the documents at issue, the plaintiff retains the burden of demonstrating good cause that a non-customer is subject to attorney eyes only protection. The plaintiff has not come forward with any evidence that would allow the Court to draw such a conclusion, and the plaintiff's position is merely that it "intends to make efforts to regain these agents."

Netquote contends in its motion that the basis for keeping the identity of non-customers secret is that they don't want Mostchoice to contact them. First, this is not a motion to dismiss and the Court cannot assume that unsworn and disputed allegations are true. Second, Netquote has not offered any evidence to this Court as to how it could possibly damage Netquote to allow Mostchoice to see the identities of non-customers.

---

[3]A list of prospective customers may be appropriately protectable, but that is not an issue in this case because these are definitively former customers who may have terminated their relationship with Netquote for multiple reasons, possibly none of which have anything to do with the defendants actions.

Further, Netquote's reliance upon Mostchoice's earlier refusal to cease and desist from its demand that Mostchoice stop marketing to agents that were identified by virtue of Byrd's submissions is misplaced. The protective order that is in place specifically prohibits Mostchoice from using any information that is obtained during discovery and designated as confidential. So, as long as Mostchoice was not aware of the identity of this customer before the entry of the protective order,[4] a confidential designation is sufficient to prohibit Mostchoice from contacting these customers for the purpose of soliciting business to them. Further, if these are customers that Netquote believes were already identified by Byrd's submissions, then it cannot be further harmed by disclosure, which is consistent with common sense because it can't lose what it doesn't have. If the customer has already been improperly appropriated, then that is the subject of the plaintiff's claim for damages.

**Conclusion**

Netquote has not made a factual showing that it may be harmed by disclosing the identities of former customers. Further, Netquote seemingly argues that the Court should presume that Mostchoice will violate the protective order, and that as a result, the identities of the former customers should not be disclosed. Based upon the foregoing, the defendants respectfully request that the Court deny the plaintiff's motion to retain the highly confidential designation as to these specific documents.

[Signature on next page]

---

[4]or cannot demonstrate a normal business method of having obtained the information from a third party.

Dated this 25th day of October, 2007.

                                              **s/ Ryan Isenberg**
                                              Ryan L. Isenberg, Esq.
                                              Isenberg & Hewitt, P.C.
                                              7000 Peachtree Dunwoody Road
                                              Building 15, Suite 100
                                              Atlanta, Georgia 30328
                                              Telephone: 770-351-4400
                                              Facsimile: 770-828-0100 (Fax)
                                              Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, I served the foregoing Response to Plaintiff's Motion to Maintain its Highly Confidential Designation by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Heather Carson Perkins
Daniel D. Williams
Theresa T. Tate
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
dwilliams@faegre.com

                                              **s/ Ryan Isenberg**