IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

　　Plaintiff,

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

　　Defendants.

## OBJECTION TO MAGISTRATE'S ORDER
## UPHOLDING ATTORNEYS EYES ONLY DESIGNATION

COMES NOW, Defendants in the above-styled action and files this their Objection to Magistrate Hegarty's Order [Dkt. #97] Granting the Plaintiff's Motion to Designate documents as Highly Confidential and shows this Court the following:

### Brief History of the Case

Plaintiff and Defendant Mostchoice are competitors in the on-line insurance lead generation industry. Mostchoice hired Brandon Byrd to make fictitious submissions through plaintiff's website for the purpose of obtaining the name of the agent(s) who received the submitted application. Plaintiff's related claims are for tortious interference and fraud. The plaintiff sought, and was granted, a protective order that allowed for the designation of certain documents, including a customer list as attorney's eyes only.

In discovery, plaintiff produced certain documents that are e-mails and notes from phone conversations of customers who purportedly left Netquote as a result of Byrd's submissions. These documents, like the vast majority of documents produced by Netquote in this litigation have been designated as attorneys eyes only ("AEO") under the protective order. The defendants objected to the AEO designation of these documents, and the plaintiff moved for affirmation of the designation.

## Specific Objection

Pursuant to F.R.C.P.§ 72(a), Defendants object to the finding by Magistrate Hegarty that plaintiff has properly designated certain documents as AEO because (1) there is no evidence in the record to support such a determination (2) in light of the failure of the plaintiff to present evidence, the ruling by the Magistrate has clearly and improperly shifted the burden onto the defendant, and (3) the documents at issue are not trade secrets.

The basis for the Magistrate's decision appears to be a consideration of the complaint and arguments of counsel that the plaintiff may be harmed in its effort to re-establish a relationship with the customers that it claims to have lost as a result of the conduct of the defendant. The plaintiff failed to present any <u>evidence</u> to the Court that would support such a finding.

<u>I. Lack of Evidence</u>

In granting the Protective Order, the Magistrate correctly found that it was necessary for the moving party to set forth specific facts showing good cause, and must do more than simply allege that documents are proprietary and confidential [See Dkt. # 73]. Unfortunately, this standard was not applied when the Magistrate determined that there was good cause for the plaintiff to designate the particular documents at issue as AEO, which is a finding that the

plaintiff is going to continue to be allowed to pursue its claims that it lost customers without having to identify these customers to the defendant, or otherwise actually produce the few documents that could possibly support its contention that there was a correlation between the conduct of defendant Byrd and the termination of a customer relationship.

It is axiomatic that "arguments of counsel are not evidence." *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). Further, the allegations contained in the plaintiff's complaint are not sworn, and there was, and remains no evidence before the Magistrate or this Court that would support a factual determination that the documents at issue are trade secrets, and further that the dissemination of these documents to the defendant could possibly cause any harm at all, much less harm that would have to be in addition to the claims raised by the plaintiff for the full future value of the customer relationship, which necessarily assumes that these are not customers.

The whole point in producing the information to Mostchoice is to allow them to verify for themselves whether there is ANY evidence that any customer of the plaintiff actually terminated a relationship because of the conduct of Brandon Byrd. Frankly, the idea that the plaintiff can claim to have lost certain customers, and then claim that it does not have to identify those customers based on a claim of additional harm is contrary to common sense.[1]

---

[1] As the Court will note in the Defendants' Response, a due process argument is anticipated arising out of the use and overuse of the AEO designation, but has been not formally raised at this point. Every document that contains the identity of the plaintiff's former customers has been designated AEO. On its face, the notion that a plaintiff can claim damages relating to the loss of customers without having to identify who those customers are to the defendant is reminiscent of litigation in the star chamber.

As a consequence of the failure to produce any evidence, the Magistrate has merely adopted the opinion of plaintiff's counsel that the contents of these documents somehow contain trade secrets.[2] However, the documents at issue purportedly identify customers lost from Byrd's conduct, and again purportedly contain information in the form of an e-mail from these customers, or contemporaneous notes taken by the plaintiff's employees that supports a correlation between the defendants' conduct and the plaintiff's claims.

II. Improper Burden Shift

The Magistrate concludes that Mostchoice "proffered no legitimate reason for their need for the information sought to be designated differently." [Dkt. # 97 p. 6] However, the presumption is that the party seeking discovery is entitled to actually see what is produced, unless the party opposing dissemination can demonstrate why the discovery should not be seen. In this case, the plaintiff never submitted any evidence to the Court to support its arguments. It merely claimed that it could possibly be harmed, which is not the same as demonstrating a "substantial risk of serious injury," as required under the protective order [Dkt. #74 Section 2.5]. By failing to produce any evidence to the Magistrate to support its contentions and arguments, the Magistrate's conclusion that Mostchoice has not articulated a legitimate reason as to why it needs to see the evidence claimed against it is in error because that improperly shifts the burden to Mostchoice.

---

[2]The documents were not filed for review or inspection, and the plaintiff has not asserted any authority, nor has any been cited by the Magistrate that the identity of a former customer is subject to trade secret protection.

III. Documents Not Subject to Trade Secret Protection

The Magistrate identified the relevant factors that are required under Colorado law to determine whether the documents at issue could be trade secrets. However, the Magistrate did not have any evidence that would allow for an analysis of those factors, much less sufficient evidence to determine that the documents were actually trade secrets, or whether Mostchoice would enjoy a competitive advantage if allowed to view their contents.[3]

III. Standard of Review

"A district court will disturb a Magistrate's ruling on a non-dispositive matter only when the ruling is clearly erroneous or contrary to law. A party challenging the Magistrate's actions in a non-dispositive matter has the burden of showing that the Magistrate's ruling was clearly erroneous or contrary to law." **Johnston v. Dillard Dep't Stores**, 152 F.R.D. 89, 92 (D. La. 1993).

**Conclusion**

The plaintiff's claims, simply put, are that Byrd made false submissions that caused it to lose business. When asked who these people were, and what evidence exists that would possibly support a conclusion that they indeed left as a result of the false submissions, the plaintiff produced the documents at issue. In order to prohibit the disclosure of these documents, the plaintiff was required to come forward with something more than the opinion of its lawyers, and it was inappropriate for the Court to consider the unsworn and unproven allegations in the

---

[3]If the plaintiff has lists of thousands of former customers, those lists are not being sought. Rather, Mostchoice wants to know (1) who the customers are that plaintiff claims to have lost, and (2) what evidence is there that the customer left as a result of Byrd's submission as opposed to for some other reason.

complaint. Perhaps the reason no evidence was presented is because the plaintiff knows full well it cannot demonstrate substantial risk of serious harm because, especially since the plaintiff has already claimed that it has lost the customer, presumably forever.

In order to sustain its burden, the plaintiff must produce evidence to the Court for analysis, and which can be considered by the defendant, possibly refuted, and then allow the defendant an opportunity to articulate why it needs the documents anyway.

Based upon the foregoing, the defendants respectfully request that the Court find that the Magistrate's ruling was clearly erroneous and contrary to law, and either reverse the findings that are objected to, or remand for further consideration.

Dated this 6th day of November, 2007.

      **s/ Ryan Isenberg**
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2007, I served the foregoing Objection to Magistrate's Finding by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Heather C. Perkins
Daniel D. Williams
Theresa T. Tate
FAEGRE & BENSON LLP
dwilliams@faegre.com

      **s/ Ryan Isenberg**