# EXHIBIT A



UNITED STATES | ENGLAND | GERMANY | CHINA

DANIEL D. WILLIAMS
DWilliams@faegre.com
(303) 447-7761

May 30, 2007

<u>Via E-mail and First Class Mail</u>

Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328

    Re:    <u>NetQuote, Inc. v. Brandon Byrd, et al.</u>

Dear Ryan:

    I am writing in response to your letter of Friday in which you state that your clients Brandon Byrd and MostChoice refuse to cease and desist from submitting false insurance quotation requests to the NetQuote and LocalInsurance websites. Your letter attempts to justify this refusal by stating that you are not aware of any court case "having found the conduct alleged in your complaint to be unlawful, or even inappropriate." The law does not tolerate your clients' deceptive and harmful conduct.

    MostChoice and Byrd admit that they are submitting false information to NetQuote. Specifically, they admit that they are assuming the identities of actual persons and pretending those persons are interested in purchasing insurance. Your clients are then submitting those persons' contact information and false requests for insurance quotations to NetQuote. NetQuote relies on that false information by selling it to its insurance agent and broker customers in the mistaken belief that the information is accurate. NetQuote's customers then call these false leads, only to discover individuals with no interest in purchasing insurance, many of whom are upset that they have been called by NetQuote's customers.

    This deceptive conduct is causing severe harm to NetQuote and in addition it is creating a serious invasion of privacy for the persons whose identities your clients assume. NetQuote relies on the quality of the leads it sells to insurance agents and brokers. Your clients' conduct severely undermines the quality of those leads by causing NetQuote to pass along bad information to its customers. As a result of your clients' conduct, NetQuote has received a stream of complaints from its customers about the quality of the information NetQuote is selling to them. This conduct has caused both large and small customers to stop using NetQuote's services.

Such conduct is actionable fraud in Colorado. That the fraud involves a unique fact pattern in no way inoculates it from liability. *See, e.g., Brooks v. Land Drilling Co.*, 564 F. Supp. 1518, 1523-24 (D. Colo. 1983) (defendant cannot escape liability for securities fraud "whether the artifices employed involve a garden type variety of fraud, or present a unique form of deception" (quoting *A.T. Brod & Co. v. Perlow*, 375 F.2d 393, 397 (2d Cir. 1967)). MostChoice and Byrd are making false statements to NetQuote that NetQuote does not know are false and NetQuote then relies on those false statements to its detriment. Such conduct is fraud, and there is no exception to the law of fraud in Colorado for fraud committed via the internet.

Moreover, your clients' admitted pattern of causing NetQuote to sell bad leads to its insurance agent customers – only to follow up with those very same customers to try to solicit their business on the premise that MostChoice's leads are better than NetQuote's – is a deceptive business practice that, to my knowledge, no court has ever condoned. NetQuote fails to understand how MostChoice could possibly believe that it is a legitimate and proper business practice to sabotage a competitor through deception and then attempt to capitalize on the situation by stealing the customers who have lost confidence in NetQuote as a result of MostChoice's sabotage. Such conduct is wrongful, among other reasons, because it tortiously interferes with NetQuote's relationship with its customers. Colorado courts are clear that a "misrepresentation[]" is wrongful conduct sufficient to form the basis of an intentional interference claim. *See, e.g., Redies v. Nationwide Mut. Ins. Co.*, 711 F. Supp. 570, 573 (D. Colo. 1989).

Please be aware that your clients' conduct is continuing to cause ongoing damage to NetQuote's business. NetQuote reiterates its demand that your clients cease their false and deceptive submissions.

Best regards,

Daniel D. Williams

cc: Teresa L. Ashmore, Esq. (via e-mail)
Rachel L. Eichenbaum, Esq. (via e-mail)
David W. Stark, Esq. (via e-mail)