# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE INC, a Colorado corporation,

 Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation

 Defendants.

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT BRANDON BYRD**

---

 Plaintiff NetQuote Inc ("NetQuote"), through its counsel with Faegre & Benson, LLP, pursuant to Fed. R. Civ. P. 34, hereby requests that Defendant Brandon Byrd ("Byrd") produce the documents and things described below for inspection and copying during regular business hours at the offices of Faegre & Benson LLP, 3200 Wells Fargo Center, 1700 Lincoln Street, Denver, Colorado 80203, within thirty (30) days of the date hereof. Such production is to be supplemented as necessary in accordance with Rule 26(e) of the Federal Rule of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

 1. Whenever the term "Person" is used herein, it includes all juristic entities, including but not limited to, natural persons, proprietorships, partnerships, associations, corporations and governmental entities.

2. Whenever the terms "You" or "Your" are used herein, they mean the defendant Brandon Byrd.

3. Whenever the term "MostChoice" is used herein, it means the defendant MostChoice.com, Inc., and any officer, director, manager, employee, agent, or representative of MostChoice.

4. Whenever the term "NetQuote" is used herein, it means the plaintiff NetQuote Inc, and any subsidiary or related company.

5. Whenever the term "Document" is used herein, its meaning is synonymous and at least as broad in scope as the usage of this term in Rule 34 of the Federal Rules of Civil Procedure, including without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

6. Whenever the term "Communication" is used herein, it includes any and all forms of communication, whether the communication is verbal, written or otherwise, and regardless of whether the communication is in person or on paper or electronic.

7. Each Request is to be answered separately and in order, setting forth the text of the Request prior to Your answer.

8. Whenever the conjunction "and" is used, it is also to be interpreted disjunctively, and conversely, when the disjunctive "or" is used, it is also to be interpreted conjunctively. The use of the singular of any word includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

9. These Requests cover all Documents and things in the possession, custody or control of You or any Person acting on Your behalf, regardless of whether such documents or

things are located at Your offices or elsewhere. If any Document or thing is responsive to these Requests and was, but is no longer, in Your possession or subject to Your control, or in existence, You must describe the Document, including its date, author(s), recipient(s) and contents, or the thing, and state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner.

10. In accordance with Rule 34 of the Federal Rules of Civil Procedure, Documents are to be produced in their original file folders or, in lieu thereof, any writing on the file folders from which Documents are taken shall be copied and appended to such documents, and the Persons for whom, or department, division, or office for which, such file folders are maintained shall be identified.

11. Documents produced pursuant to these Requests are to be identified at such production by the number of the Request in response to which they are produced or produced as they are kept in the usual course of business.

12. If a claim of privilege is asserted in objecting to any Request, or sub-part thereof, and a full response is not provided on the basis of such assertion, You must respond to any part of the Request which is not objectionable, produce all nonprivileged portions of responsive documents in redacted form, and furnish the following information with respect to that portion of the Request as to which the claim of privilege is asserted: (a) the document control number of the Document that is being withheld or redacted; (b) the nature of the privilege (including work product) which is being claimed and the privilege rule being invoked; (c) the type of Document of thing withheld; (d) the general subject matter of the Document; (e) the date of the Document;

(f) the authors and recipients of the Document; and (g) such other information as is sufficient to identify any withheld material, including, where appropriate, the relationship of the author, addressees, and recipients to each other

13. If You find the meaning of any term in any Request unclear, without waiver of NetQuote's right to seek a full and complete answer to the Request, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the Request according to the assumed reasonable meaning.

14. These Requests are continuing in nature. If, after making Your initial response hereto (and up until the time of trial), You or Your attorneys, agents or representatives, obtain or become aware of any further Document or thing that is responsive to these Requests that was unavailable at the time of Your initial response hereto, You must produce such Document or thing in the form of a supplemental production.

## REQUESTS

**Request No. 1.**

Please produce all Documents identified in Your Rule 26(a) disclosures or any supplement to those disclosures, to the extent such Documents have not already been produced.

**Request No. 2.**

Please produce a complete electronic copy of the hard drive(s) of any computer You used when You submitted information to the websites at www.netquote.com and www.localinsurance.com, or any other website operated by NetQuote.

**Request No. 3.**

Please produce all Documents reflecting or related to any submission You made to the websites at www.netquote.com and www.localinsurance.com, or any other website operated by NetQuote.

**Request No. 4.**

Please produce all Documents reflecting or related to any submission You made to any website other than a NetQuote website where such website offers to provide insurance quotation services.

**Request No. 5.**

Please produce all Documents reflecting or related to any Communication You had with anyone at MostChoice since January 1, 2006.

Dated this  20th  day of April, 2007.

By s/ Christopher P. Beall
Christopher P. Beall
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500 / Fax: (303) 607-3600
E-mail: cbeall@faegre.com

Attorneys for Plaintiff
**NetQuote Inc**

# CERTIFICATE OF SERVICE

I hereby certify that on this __20th__ day of April, 2007, I served the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT BRANDON BYRD** by electronic delivery, as an attachment to an email, to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, Georgia 30328
ryan@isenberg-hewitt.com


Tracy L. Ashmore, Esq.
Rachel L. Eichenbaum, Esq.
HOLME ROBERTS & OWENS LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Tracy.Ashmore@hro.com
Rachel.Eichenbaum@hro.com


                                            s/ Christopher P. Beall

fb.us.1983105.01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

 **Plaintiff,**

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

 **Defendants.**

---

## DEFENDANT BRANDON BYRD'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Comes now, Defendant Brandon Byrd, and herein files his Responses to the Plaintiff's First Request for Production of Documents as follows:

**REQUEST NO. 1**

Response:

Defendant has produced a copy of the database along with these responses.

**REQUEST NO. 2**

Response:

Defendant objects to this request on the grounds that the computer he used was his personal computer, and this request unnecessarily invades his privacy in that (1) he has admitted to submitting fictitious information for the purpose of obtaining competitive information, and has

provided all of the documents, both paper and electronic that he has in his possession that is within the scope of discovery.

Further, defendant objects to this request on the grounds that his hard drive may contain privileged communications regarding both the above-styled action, and a pending custody dispute. Finally, defendant asserts that the cost of mirroring his hard drive while identifying and excluding any privileged materials is excessive and should be borne by the plaintiff. Subject to these objections, defendant Byrd will make his computer available for inspection at his counsel's office, so long as any privileged material is properly disregarded.

**REQUEST NO. 3**

Response:

All documents which are responsive to this request, and in the defendant's custody, control, or possession have been produced with these responses. In addition, defendant, for one week, has made e-mails available at http://www.mostchoice-updates.com/localnq.rar, which should be downloaded for review.

**REQUEST NO. 4**

Response:

Defendant objects to this request on the grounds that submissions to web sites unrelated to the plaintiff, are not within the scope of discovery.

**REQUEST NO. 5**

All documents which are responsive to this request, and in the defendant's custody, control, or possession have been produced with these responses.

[Signatures on next page]

Dated this 21st day of May, 2007.

        **s/ Ryan Isenberg**
        Ryan L. Isenberg, Esq.
        Isenberg & Hewitt, P.C.
        7000 Peachtree Dunwoody Road
        Building 15, Suite 100
        Atlanta, Georgia 30328
        Telephone: 770-351-4400
        Facsimile: 770-828-0100 (Fax)
        Email: ryan@isenberg-hewitt.com

and

        **s/ Rachel L. Eichenbaum**
        Teresa L. Ashmore
        Rachel L. Eichenbaum , Esq.
        Holme Roberts & Owens, LLP
        1700 Lincoln Street, Suite 4100
        Denver, Colorado 80203
        Telephone: 303-861-7000
        Facsimile: 303- 866-0200
        Email: rachel.eichenbaum@hro.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2007, I served the foregoing Defendants' First Set of Interrogatories to Plaintiff Netquote, Inc. By electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Daniel D. Williams
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faegre.com

        **s/ Ryan Isenberg**