# EXHIBIT B

**ISENBERG & HEWITT, P.C.**
ATTORNEYS AT LAW
BUILDING 15, SUITE 100
7000 PEACHTREE-DUNWOODY ROAD
ATLANTA, GEORGIA 30328
www.isenberg-hewitt.com

TELEPHONE: (770) 351-4400

FACSIMILE: (770) 828-0100

October 25, 2007

Daniel D. Williams, Esq.
Faegre & Benson
1900 Fifteenth Street
Boulder, Colorado 80302

Re: Netquote v. Mostchoice Cease and Desist Demands

Dear Dan:

This letter will serve as response to yours dated September 14 and September 17, 2007.

With respect to the cease and desist demand relating to the use of Netquote. First, it is most likely a fair assumption that you are not familiar with the google or yahoo search algorithm, and cannot articulate how and why any Mostchoice page would appear in a sponsored or organic result for Netquote. Second, the purchase of a competitors name in sponsored search results has been ruled not to be a use in commerce under trademark law, and is legitimate contextual advertising. Under your analysis, it would be an unfair business practice for the grocery store to put its generic soda brand next to Coca Cola. Such an assertion is absurd. Further, I doubt seriously that there are similar demands that have been made upon Hometown Quotes, VIMO, Quotes Auction, Prospect Zone, or Insure me, who all appear[1] to me to be purchasers of the Netquote keyword. Finally, some courts have found that the use of metatags and keywords don't even constitute "use in commerce" under trademark law.

Ironically, as you well know, at least two Netquote affiliates, if they weren't Netquote sites themselves, were advertising on the internet using Mostchoice to attract consumers. As a consequence, Netquote is not in a position to "lecture" Mostchoice on what is and isn't fair as it relates to internet advertising. That being said, Mostchoice refuses Netquote's demand that it cease what it contends to be legitimate business activity.

I won't bother addressing the resolution of other matters, which as you well know can be made for reasons unrelated to the merits of a particular claim. Mostchoice has counterclaimed in both the Zander and GEICO actions for a declaratory judgment that its actions are lawful, and in some instances protected commercial speech under the First Amendment.

---

[1] I also do not know the search algorithms.

Daniel D. Williams, Esq.
October 25, 2007
Page 2

---

With respect to your subsequent demand that Mostchoice stop marketing to the insurance agents it identified as a result of Byrd's submissions, Mostchoice declines to do so. Frankly, your assertion that the mere marketing of Mostchoice to these agents harms Netquote can only be interpreted as an admission that Mostchoice offers superior leads, otherwise all of the marketing efforts in the world wouldn't cause any harm to Netquote.

Sincerely,

Ryan L. Isenberg