IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC**, a Colorado corporation,

   Plaintiff,

v.

**BRANDON BYRD**, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

**MOSTCHOICE.COM, Inc.**, a Georgia corporation

   Defendants.

**REPLY TO RESPONSE TO OBJECTION TO MAGISTRATE'S ORDER UPHOLDING ATTORNEYS' EYES ONLY DESIGNATION**

COMES NOW, Defendant Mostchoice.com, Inc. and files this its Reply to Plaintiff's Response to Defendant Mostchoice.com, Inc.'s Objection to Magistrate's Order Upholding Attorneys Eyes Only Designation and shows this Court the following:

In the Plaintiff's Response, the Plaintiff mis-characterizes the Defendants' position as somehow seeking to require some sort of evidentiary proceeding, which the Plaintiff refers to as a "formality." In other words, when Netquote seeks relief, the only showing required is to have its counsel say "because I said so," and that is dispositive as to the facts.[1]

Mostchoice contends that this is not the standard, and that some evidence is required to be presented where a party has a burden to prove that it is trying to protect the disclosure of trade

---

[1] Perhaps we should skip straight to trial and let Netquote's counsel argue the case and forego the mere formality of having witnesses testify.

Dockets.Justia.com

secrets AND that it will suffer serious harm if these secrets are disclosed.[2]

Contrary to the Plaintiff's response, it is not asserted that the Court is required to hold an evidentiary proceeding. In deciding to grant the protective order itself, the Magistrate required the Plaintiff to "do more than simply allege that the documents are proprietary and confidential" [See Dkt. #73 at 2 relying upon ]. In considering the Motion to Uphold the Attorney Eyes Only designation at issue, no evidence was submitted, and the Magistrate appears to have assumed certain representations of Netquote's counsel to be true. Plaintiff's counsel makes various claims about how Netquote still considers these customers as customers, and that Netquote intends to try to win them back, etc. (See Plaintiff's Resp. Page 6). However, unless the Plaintiff's counsel is making sales calls or is a member of Netquote management, this is nothing more than rank speculation, and argument of counsel.

The Plaintiff failed to address the fundamental objection to the Magistrate's order, which was that Netquote claims as damages in this lawsuit, that it is entitled to recover the net present value of a future relationship for the very customers it seeks to protect. In other words, Netquote has already claimed that it has suffered the ultimate harm. Even if the documents at issue are properly considered to be trade secrets, Netquote must demonstrate (not merely articulate) that it is likely to suffer serious harm as a result of disclosure. Netquote cannot possibly be harmed further.

[Signature on next page]

---

[2]See Dkt. #74 Sections 2.5 and 4.2 requiring showing of serious harm to make Attorneys Eyes Only Designation.

Dated this 26th day of November, 2007.

                                      **s/ Ryan Isenberg**
                                      Ryan L. Isenberg, Esq.
                                      Isenberg & Hewitt, P.C.
                                      7000 Peachtree Dunwoody Road
                                      Building 15, Suite 100
                                      Atlanta, Georgia 30328
                                      Telephone: 770-351-4400
                                      Facsimile: 770-828-0100 (Fax)
                                      Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2007, I served the foregoing Reply to Response to Objection to Magistrate's Order Upholding Attorneys' Eyes Only Designation by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Heather Carson Perkins
Daniel D. Williams
Theresa T. Tate
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
dwilliams@faegre.com

                                      **s/ Ryan Isenberg**