IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

      Plaintiff;

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and
MOSTCHOICE.COM, INC., a Georgia corporation,

      Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Defendants' Motion for Reconsideration of Defendant's Motion for Additional Depositions ("Motion") [doc #111]. The matter is briefed and has been referred to this Court for disposition [doc #115]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' Motion for Reconsideration is **denied**.

### BACKGROUND

      On October 18, 2007, Defendants filed a Motion for Leave to Take Additional Depositions, for Additional Time to Complete Written Discovery, and to Modify the Scheduling Order Accordingly [doc #93]. After Plaintiff filed its Response to the Motion, this Court ordered that the motion be granted in part and denied in part [doc #104]. On the same day, Defendants filed a Reply to the Response, with which Defendants filed additional exhibits [doc #103]. Defendants now seek reconsideration of that portion of the motion which was denied - *i.e.*, Defendants' request for an additional 150 hours for depositions - in light of the information provided in the Reply that was filed

on the same day as the Order. Motion at 2.

## DISCUSSION

The Defendants' Motion was filed within ten days of the Court's November 13, 2007 Order, and thus, falls within the ambit of Fed. R. Civ. P. 59(e). Reconsideration of a prior Order under Rule 59(e) is an appropriate means to review newly-discovered evidence, to correct clear error, or prevent manifest injustice. *Major v. Benton,* 647 F.2d 110, 112 (10th Cir. 1981). Relief under this theory is reserved for extraordinary circumstances, such as where the Court has obviously misapprehended a party's position on the facts or the law, or the Court has mistakenly decided issues outside of those the parties presented for determination. *See, e.g., Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D. Kan. 1998).

Here, the Court is not required to wait for the filing of a reply brief in order to issue a ruling on a motion. *See* D.C. Colo. LCivR 7.1C. Nevertheless, at the time the Defendants filed their Reply brief in this matter, the Court reviewed the brief and its attachments to ascertain whether the Court's order should be amended. Determining that Defendants provided no binding case support nor persuasive arguments for the grant of 150 additional hours for depositions in this three-party case, the Court found no cause to amend its Order. Consequently, this Court's November 13, 2007 Order stands as filed.

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Reconsideration of Defendants' Motion for Additional Depositions [filed November 21, 2007; doc #111] is **denied**.

Dated at Denver, Colorado, this 28th day of November, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge