IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

    This matter is before the Court on Defendants' Objection (Dkt.# 98), filed November 6, 2007. Defendants object to the Magistrate Judge's Order of October 31, 2007 (Dkt.# 97) that designated certain documents as "Attorneys' Eyes Only" ("AEO"), pursuant to Fed. R. Civ. P. 26(c)(7). Specifically, Defendants claim that the Magistrate Judge erred "because (1) there is no evidence in the record to support [the] determination [that the documents should be designated as AEO], (2) in light of the failure of the plaintiff to present evidence, the ruling by the Magistrate ... improperly shifted the burden onto the defendant[s], and (3) the documents at issue are not trade secrets." D.'s Obj. at 2.

    Rulings on nondispositive issues by a magistrate judge are reviewed by this Court pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly

erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir.1997); Ariza v. U.S. West Commc'ns, Inc., 167 F.R.D. 131, 133 (D. Colo.1996).  Accordingly, Defendants' Objection will be overruled unless the Court finds that the Magistrate Judge's decision was clearly erroneous.

"There is no absolute privilege for trade secrets and similar confidential information.  To resist discovery under Rule 26(c)(7), a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful.  If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action.  The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure."  Centurion v. Warren Steurer and Assocs., 665 F.2d 323, 325-26 (10th Cir. 1981).

Defendants argue that Plaintiff did not offer sufficient evidence for the Magistrate Judge to conclude that full disclosure of the documents would result in harm to Plaintiff.  In this regard, Defendants contend that Plaintiff's attorney's mere assertions that harm would result were insufficient to support the Magistrate Judge's ruling.  This position, however, is directly at odds with Tenth Circuit case law.

In Hutchinson v. Pfeil, No. 98-5043, 1999 WL 1015557, at 6 (10th Cir. Nov. 9, 1999) (unpublished), the Tenth Circuit considered whether a party failed to "meet [its] burden to establish that the sought-after information was confidential within the meaning of Rule 26(c)(7) because [the party's] position was substantiated only by arguments made by counsel."  The Tenth Circuit rejected this position:

> Plaintiff asks this Court, essentially, to hold that good cause cannot, as a matter of law, be established on the basis of arguments made by counsel

alone. We decline to do so, finding such a holding to be inconsistent with the broad discretion afforded trial judges under the rule. In other words, the fact that good cause for the protective order was established solely on the basis of arguments made by counsel does not by itself compel the conclusion that the magistrate judge abused his discretion in refusing to lift the protective order.

Id.

The scenario articulated in Hutchinson is essentially the same as that which is at issue in this case. Accordingly, the Magistrate Judge's decision was not clearly erroneous or contrary to law. It was within the Magistrate Judge's broad discretion to conclude that based on the arguments of Plaintiff's attorneys, the documents at issue were trade secrets and that harm to Plaintiff would result from their full disclosure. Having concluded that such harm would result, the Magistrate Judge did not improperly shift the burden to Defendants.

It is therefore ORDERED that Defendants' Objection (Dkt.# 98) is OVERRULED and the Magistrate Judge's Order (Dkt.# 97) is AFFIRMED.

DATED at Denver, Colorado, this 30th day of November, 2007.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge