# EXHIBIT C



UNITED STATES | ENGLAND | GERMANY | CHINA

TERESA TAYLOR TATE
TTate@faegre.com
(303) 447-7743

October 15, 2007

*Via first class mail and electronic delivery*

Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, GA 30328

      Re:    NetQuote, Inc. v. Brandon Byrd, et al.

Dear Ryan:

Thanks again for hosting the depositions last week.

This letter summarizes what we agreed to at our meet and confer last week. My notes reflect that we agreed to the following:

1. By Friday, October 19, 2007, MostChoice will produce:

    a) The call log regarding Erik Sullivan's call with Mr. Hines in or about August 2007 that Mr. Sullivan referenced in his deposition.

    b) The "list of objections" referred to by Caroline Sellers in her deposition that lists suggested responses to potential MostChoice customers during sales solicitation calls.

    c) The approximately 5 to 15 documents relating to training of sales agents that Ms. Sellers testified she provided to Mr. Levy as part of MostChoice's document collection for this litigation.

    d) Any documents, including but not limited to, e-mail correspondence between Mr. Levy and Michael Andrew relating to the databases Mr. Andrew was to provide to Mr. Byrd. These documents include the instructions Mr. Levy gave to Mr. Andrew for compilation and transmission of the databases as well as all of the actual databases that Mr. Andrew compiled for Mr. Levy's special project.

Ryan L. Isenberg, Esq.
October 15, 2007
Page 2

  e) A written response to NetQuote's September 14 and September 17 cease and desist letters.

  f) A supplement to NetQuote's Interrogatory 19 regarding damages that MostChoice alleges it suffered as a result of click fraud.

2. By Friday, October 19, 2007, MostChoice will notify NetQuote whether it will agree to remedy the omissions in the disc of databases Mr. Levy produced at the MostChoice 30(b)(6) deposition and whether it will provide an unredacted version of the database.

3. We also conferred regarding MostChoice's responses to NetQuote's Interrogatory 12 and Request for Production 17 requesting MostChoice's agent list. You proposed that MostChoice's customer lists will be submitted to a third party who will compare that list to the list of affected NetQuote accounts to determine which agents MostChoice secured business from as a result of the false submissions. Counsel for NetQuote will investigate the expense related so the parties may determine how to share the costs.

4. We discussed MostChoice's October 5, 2007 objections to NetQuote's attorneys-eyes-only designations. NetQuote agreed to provide a redacted version of one of its interrogatory responses that would not be attorneys-eyes-only. MostChoice agreed to provide specific proposed redactions that would allow other documents to have the attorneys-eyes-only designations removed. Both of us agreed to revisit with out clients whether numbers of leads received and numbers of customers should remain attorneys-eyes-only. In light of this substantial progress, we have agreed that the 20-day-clock for filing a motion to maintain confidentiality set forth in Paragraph 16 of the Court's August 23, 2007 Protective Order in this matter would not start for purposes of the items identified in your October 5, 2007 letter until MostChoice sends a new letter to NetQuote specifically identifying the documents as to which it is challenging confidentiality designations and that the documents identified in the letter will remain attorneys-eyes-only unless and until a new notice is provided by MostChoice. I hope that, through our continued negotiations concerning confidentiality designations, we can eliminate this dispute entirely.

Please let us know as soon as possible when you would like to take the deposition of Steve Duree. As we discussed, Mr. Duree is on vacation and unavailable from November 6 through December 3, 2007.

            Best regards,

            Teresa Taylor Tate

TTT