IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

    Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

    Defendants.

## NETQUOTE'S RESPONSE TO MOSTCHOICE.COM INC'S MOTION FOR RELIEF UNDER FRCP 56(f)

Plaintiff NetQuote, Inc. ("NetQuote"), through undersigned counsel, responds to the motion of Mostchoice.com, Inc. ("MostChoice") for relief under Fed. R. Civ. P. 56(f), Dkt. # 171 ("Motion" or "Mot."), as follows:

### INTRODUCTION

There is no reason to delay entry of summary judgment in favor of NetQuote on MostChoice's counterclaim. First, MostChoice's subpoena to AOL is irrelevant to the legal issues presented in NetQuote's Summary Judgment Motion. Second, on January 14, 2008, AOL responded to the subpoena by formally notifying MostChoice that it has no documents responsive to it. (Subpoena response attached as Ex. 1.) Because the information requested by

the subpoena would have been irrelevant, and because MostChoice has now been notified that it does not exist, MostChoice's Rule 56(f) Motion should be denied.

## ARGUMENT

### I. THE SUBPOENA TO AOL REQUESTS INFORMATION NOT NECESSARY FOR RESOLUTION OF THE SUMMARY JUDGMENT MOTION.

This Court has broad discretion to decide whether to grant relief under Rule 56(f). *See Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). There is no basis for it to exercise that discretion to permit a continuance before ruling on NetQuote's Summary Judgment Motion.

NetQuote seeks summary judgment on two grounds: (1) a click on MostChoice's paid on-line advertisements is not a misrepresentation; and (2) MostChoice did not justifiably rely on NetQuote's clicks for any purpose. (Br. in Support of Summary Judgment Mot., 6-9 (Dkt. # 158).) Rule 56(f) provides that "[i]f a party opposing [a summary judgment motion] shows by affidavit that, for specified reasons, it cannot present facts *essential to justify its opposition*, the court may" grant relief. Fed. R. Civ. P. 56(f) (emphasis added). Although MostChoice attaches to its Motion an affidavit executed by its counsel, Ryan Isenberg, Esq., (the "Isenberg Affidavit"), the Isenberg Affidavit fails to explain how that discovery is "essential to justify [MostChoice's] opposition" to either of the two legal issues that form the basis of NetQuote's Summary Judgment Motion. Fed. R. Civ. P. 56(f).

The Isenberg Affidavit contends that MostChoice's subpoena to AOL may assist MostChoice in validating its hypothesis that "thousands" of clicks on its on-line advertisements were made by NetQuote employees using "America Online internet protocol proxy addresses." (Isenberg Aff. ¶¶ 3-6.) But whether MostChoice can find some support for this theory –

which NetQuote contends is false – is irrelevant because the number of clicks made does not have anything to do with the legal questions posed by NetQuote's Summary Judgment Motion.

Because the Isenberg Affidavit does not state "with specificity how 'the desired time [for additional discovery] would enable the nonmoving party to meet its burden in opposing summary judgment,'" MostChoice's Rule 56(f) Motion should be denied. *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992) (alteration omitted) (plaintiffs failed to provide "adequate explanation of how the additional discovery they desired would enable them to rebut the showing made" in support of summary judgment); *accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988) ("relief should not be granted when the desired discovery would not meet the issue on which the moving party contends there is no genuine factual issue"); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Assoc.*, 142 F.3d 26, 44 (1st Cir. 1998) (non-movant "did not suggest below . . . how these new materials would palliate the force of" movant's summary judgment argument).

## II. AOL HAS NO DOCUMENTS RESPONSIVE TO THE SUBPOENA.

On January 14, 2008, AOL responded to MostChoice's document subpoena by "formally notify[ing]" MostChoice that "AOL does not have information regarding sites that our members may access on the world wide web or www.mostchoice.com." (Ex. 1.) MostChoice sought relief under Rule 56(f) solely so that it would have "a fair opportunity to obtain and analyze the data provided in response to the [AOL] subpoena." (Rule 56(f) Mot. ¶ 6.) Because AOL has now responded to the subpoena and no such data exist, MostChoice has no basis to supplement its Summary Judgment Response, and accordingly its request for a continuance under Rule 56(f) is now moot.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Relief Under FRCP 56(f) should be denied.

Dated: January 18, 2008                    Respectfully submitted,

                                                /s Daniel D. Williams
Daniel D. Williams
Teresa Taylor Tate
FAEGRE & BENSON LLP
1900 Fifteenth Street
Boulder, Colorado 80302
Tel: (303) 447-7700 / Fax: (303) 447-7800
E-mail:   dwilliams@faegre.com
              ttate@faegre.com

David W. Stark
Heather Carson Perkins
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel:  (303) 607-3500 / Fax:  (303) 607-3600
E-mail:   dstark@faegre.com
              hperkins@faegre.com

**Attorneys for Plaintiff NetQuote, Inc.**

# CERTIFICATE OF SERVICE

I certify that on this 18th day of January, 2008, I electronically filed the accompanying **NETQUOTE'S RESPONSE TO MOSTCHOICE.COM INC'S MOTION FOR RELIEF UNDER FRCP 56(f)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Ryan L. Isenberg, Esq.
ISENBERG & HEWITT, P.C.
7000 Peachtree Dunwoody Road, Bldg 15, Suite 100
Atlanta, GA 30328
ryan@isenberg-hewitt.com

/s Daniel D. Williams