IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

     Plaintiff;

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and
MOSTCHOICE.COM, INC., a Georgia corporation,

     Defendants.
_____

**ORDER ON DEFENDANT MOSTCHOICE.COM'S MOTION FOR LEAVE
TO TAKE PRESERVATION DEPOSITIONS**
_____

     Defendant Mostchoice.Com has filed a Motion for Leave to Take Preservation Depositions [docket #202] requesting that it be allowed to take trial preservation depositions of two categories of persons: (1) 111 customers who left Netquote allegedly because of false leads generated by Defendant Byrd, and (2) eight other former Netquote customers who supposedly will testify favorably to the Defendants (Mostchoice.com seeks three depositions out of this group). The matter has been referred to this Court [docket #203], and oral argument would not materially assist the Court. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion for Leave to Take Preservation Depositions.

     The Court has issued numerous orders in this case and will not repeat the genesis of this lawsuit here. Mostchoice.com contends that Plaintiff's expert will offer opinion testimony concerning the reasons why certain former Netquote customers abandoned their relationship with the Plaintiff, based on his review of Netquote customer service records. Mostchoice.com contends that the vast

majority of these former customers, if deposed, would state that they left Netquote for some reason other than false leads submitted by Defendant Byrd. However, the witnesses are beyond the subpoena jurisdiction of the Court, thus necessitating preservation depositions. In response, Plaintiff argues that Mostchoice.com is attempting a third bite of the apple, in that this Court previously denied Mostchoice.com's request to take an additional 150 hours of depositions during the discovery period, both on Mostchoice.com's original motion and on reconsideration, and this Court's orders were not appealed to the District Judge. Plaintiff also argues that the motion seeks discovery depositions, regardless of how Mostchoice.com denominates them, and Defendant has failed to establish cause for the depositions at this late date. Finally, Plaintiff argues prejudice in having to engage in so many depositions.

The Court finds it interesting that Mostchoice.com believes that this is essentially a "small claims court" lawsuit (*see* Motion at p.7), yet seeks 114 depositions in addition to the presumptive limit of the ten depositions it has already taken. Despite the self-damaging use of such rhetoric, the Court believes that the ends of justice require some limited leave to conduct trial preservation depositions. At the same time, effectively cross-examining Plaintiff's expert will not require such massive evidence, but rather, only a sampling. Of course, in addition to the depositions that the Court will allow, Mostchoice.com can always simply ask the former customers to come to trial, an endeavor in which Mostchoice.com has apparently not yet engaged with any of the proposed deponents.

The Court will permit seven such depositions per side, with a limit of two hours per deposition. The identity of those individuals the parties choose to depose within this limit is up to them, but the Court will require a deposition schedule to be in place (names and dates) by the time of the Final Pretrial Conference on March 21, 2008, and the Court will request to see the schedule

at that time. Any depositions not scheduled at that time may be excluded without further argument.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Leave to Take Preservation Depositions [filed February 25, 2008; docket #202] is **granted in part** and **denied in part** as stated herein.

Dated at Denver, Colorado, this 6th day of March, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge