IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

**NETQUOTE INC, a Colorado corporation,**

   Plaintiff,

v.

**BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and**

**MOSTCHOICE.COM, Inc., a Georgia corporation**

   Defendants.

_____

**OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**
_____

COMES NOW, Defendants and file this, its Objections to Plaintiff's Proposed Exhibits as follows:

Defendants reserve the right to object to all unstipulated documents on grounds of authentication and hearsay. Subject to this reservation, Defendants set forth the following objections set forth by number corresponding with the exhibit stickers contained on the documents as received.

1. Reference to fraudulent in the document is argumentative.
2. Fine
3. Fine
4. Fine
5. Fine
6. Fine
7. Fine
8. Cumulative of Exhibit 29.

dockets.Justia.com

9. Fine
10. Fine
11. Fine
12. Fine
13. Fine
14. Fine
15. Fine
16. Fine
17. Fine
18. Fine
19. Fine
20. Fine
21. Fine
22. Fine
23. Fine
24. Fine
25. Fine
26. Fine
27. Fine
28. Fine
29. Fine
30. Fine
31. Fine
32. Fine
33. Fine
34. Fine
35. Fine
36. Fine
37. Fine
38. Is there not a copy that doesn't have the marker redaction?  If not, I have no objection.
39. Fine
40. Fine
41. Fine
42. Fine
43. Fine
44. Fine
45. Fine
46. Cumulative of 54
47. Fine
48. Fine
49. Fine
50. Fine
51. Fine

52. Fine
53. Fine
54. Fine
55. Fine
56. Fine
57. Fine
58. Fine
59. Fine
60. Fine
61. Fine
62. Fine
63. Fine
64. Reference to fraudulent in the document is argumentative
65. Fine
66. Fine
67. Fine
68. Fine
69. Fine
70. Fine
71. Fine
72. Fine
73. Fine
74. Fine
75. Fine
76. Fine
77. Fine
78. Fine
79. Object.  I don't believe this evidence is admissible under 608 or 609.  I haven't researched this issue but I believe it would also be inadmissible on hearsay grounds.
80. Fine
81. Fine
82. Fine
83. Fine
84. Fine
85. Fine
86. Fine
87. I suppose this could be admissible for impeachment possibly, but am not sure how it would be otherwise admissible.
88. Fine
89. Fine
90. Fine
91. Fine
92. Fine

93. Fine
94. Fine
95. I am not sure in what context these are admissible, but I have no objection to the document.
96. This appears to be a copy of 95.
97. Fine
98. Fine
99. Fine
100. I think the top should be redacted that indicates it was printed by your paralegal.
101. I don't think discovery responses are admissible, except to the extent offered as an admission, for impeachment, or if used to refresh recollection.
102. See 101
103. I think the top should be redacted that indicates it was printed by your paralegal.
104. See 101
105. I don't believe the answer is admissible, except to the extent offered as an admission, for impeachment, or if used to refresh recollection.
106. I think the top should be redacted that indicates it was printed by me.
107. Fine
108. See 101
109. See 101
110. Fine
111. Fine
112. See 101
113. I suppose this could be admissible for impeachment possibly, but am not sure how it would be otherwise admissible.
114. Fine
115. See 101
116. Fine
117. Fine
118. Fine
119. I don't have any objection to the content of the document, but am not sure how it is that this document will be sponsored.
120. Fine
121. See 101
122. See 105
123. See 101
124. Fine
125. Fine
126. Fine
127. Fine
128. Fine
129. Fine
130. Fine

131. Fine
132. See 101
133. See 101
134. No objection to the document, but I would object to these going back with jury.
135. Fine
136. I suppose this could be admissible for impeachment possibly, but am not sure how it would be otherwise admissible.
137. Fine
138. Fine
139. Fine
140. Fine
141. Fine ( I assume there is a reason the same page is being offered.  If not this is the same as 140)
142. Fine
143. See 101
144. Fine
145. Fine
146. Fine
147. Fine
148. Fine
149. Fine
150. Fine
151. Fine
152. Fine
153. Fine
154. Fine
155. Fine
156. Fine
157. I don't recall seeing this document produced before. Did we produce it?  It doesn't have a bates stamp from you, and I don't have any record of producing it.
158. Fine
159. Fine
160. Fine
161. I don't recall seeing these documents produced in discovery.   However, I have no objection to its use or introduction – presuming a witness of course.
162. Fine
163. Fine
164. Fine
165. Fine
166. Fine
167. Fine
168. Fine
169. Fine

170. Fine
171. Fine
172. Fine
173. I actually have transcripts of these conversations if you want to use them.
174. Fine
175. I will object to page 3 of 3 under 401 and 403 insofar as it relates to claims for agents for which there is no evidence that Mostchoice's conduct was a substantial factor.
176. I object to the comments as not being a fair summary of the goldmine records, or if offered as Duree's opinion as cumulative to his testimony.
177. I object to this document going out with the jury. I have no objection if offered as a demonstrative aid.

This 24th day of April, 2008.

    s/ Ryan Isenberg
Ryan L. Isenberg, Esq.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
Telephone: 770-351-4400
Facsimile: 770-828-0100 (Fax)
Email: ryan@isenberg-hewitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2008, I served the foregoing Objections to Plaintiff's Proposed Exhibits, which were previously served on April 15, 2008, by electronic delivery, as an attachment to an email, to the following counsel of record:

David W. Stark
Heather Carson Perkins
Daniel D. Williams
Theresa T. Tate
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
dwilliams@faegre.com

    s/ Ryan Isenberg