IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

      Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

      Defendants.

---

**ORDER**

---

Defendants MostChoice and Brandon Byrd ("MostChoice") moved pursuant to Federal Rule of Evidence 702 to exclude the expert testimony of Plaintiff NetQuote's proffered expert witness, Stephen Duree. (Doc. No. 151.) This court referred MostChoice's motion to the Magistrate. Following a <u>Daubert</u> hearing, the Magistrate issued a report and recommendation, which recommended that MostChoice's motion be denied. (Doc. No. 224.) Thereafter, MostChoice objected to the Magistrate's report. (Doc. No. 228.) NetQuote filed a response (Doc. No. 232) and MostChoice has since replied. (Doc. No. 233.) Accordingly, the matter has been fully briefed and is ripe for this court's review.

Rulings on nondispositive issues by a magistrate judge are reviewed by this court pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly erroneous

1

or contrary to law." 28 U.S.C. § 636(b)(1)(A); Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir.1997); Ariza v. U.S. West Commc'ns, Inc., 167 F.R.D. 131, 133 (D. Colo.1996). Accordingly, MostChoice's Objection will be overruled unless this court finds that the Magistrate's decision was clearly erroneous.

Having reviewed the Magistrate's report and recommendation, this court is in full agreement with the Magistrate's findings except for one point. The Magistrate recommended that the Quist Report be admitted as a business record. This was not an issue that was raised in MostChoice's original motion to exclude nor was it a conclusion that the Magistrate needed to reach in deciding this matter. Instead, as MostChoice itself acknowledges, "Duree can rely on the Quist Report generally as part of those things an expert may take into account under [Fed. R. Evid.] § 703." (Doc. No. 233 at 3.) See, e.g., Durflinger v. Artiles, 727 F.2d 888, 892 (10th Cir. 1984) (asserting that Rule 703 "permits an expert to base an opinion on any facts or data, admissible or not, which are of a type reasonably relied on by experts in the particular field....") (emphasis added) (internal quotation marks and citation omitted). This court will therefore not address in conjunction with this motion whether the Quist Report is admissible as a business record. The Magistrate's report and recommendation is adopted in all other respects.

It is therefore ORDERED that Defendants' Objection (Doc. No. 228) is SUSTAINED in part and OVERRULED in part and that the Magistrate's report and recommendation (Doc. No. 224) is ACCEPTED and ADOPTED in part. Defendants' Motion to Exclude Expert Testimony (Doc. No. 151) is DENIED.

DATED at Denver, Colorado, this 13th day of June, 2008.

                                          BY THE COURT:

                                          *s/ David M. Ebel*
                                          _____
                                          David M. Ebel
                                          United States Circuit Judge