IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

     Plaintiff;

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and
64.136.26.227, and
MOSTCHOICE.COM, INC., a Georgia corporation,

     Defendants.

---

## ORDER ON DEFENDANTS' MOTION FOR LEAVE
## TO AMEND PRE-TRIAL ORDER TO ADD A WITNESS TO THE
## MAY CALL LIST AND ADD DOCUMENTARY EXHIBITS

---

     Defendants have filed a motion to add to the Pretrial Order a recently discovered witness and
some e-mails that relate to this witness' relationship with the Plaintiff [Docket #230].  The proposed
witness is a former customer of the Plaintiff who received potential leads from persons who might
be interested in purchasing insurance.  This witness, Harris Simkovitz, allegedly received numerous
leads that were "bogus" but that did not originate with Defendant Byrd.  Defendant seeks to add Mr.
Simkovitz as a may call witness whose testimony would tend to establish that many customers of
Plaintiff received bad leads, and those leads did not originate with Defendant Byrd, thus supporting
Defendants' position that Mr. Byrd did relatively little financial harm to Plaintiff.  Plaintiff does not
contest the allegation that Defendants had no prior knowledge of this witness' potential testimony.

     The proposed additions appear sufficiently relevant to the claims in the case to support their
inclusion in the Pretrial Order had the witness been discovered prior to the entry of the Order on
March 25, 2008.  Thus, the Court must determine whether the exclusion of this evidence from the

Pretrial Order would result in manifest injustice. Some factors that courts are to use in determining whether the manifest injustice standard is met, as stated in *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000), are met here: Any possible prejudice or surprise to Plaintiff can be cured prior to trial (which is four months away), the limited discovery that Plaintiff might need to take regarding this witness will not disrupt the trial, and no one has alleged bad faith here. As a remedial action, Plaintiff may depose this witness at the cost of Defendants. Such costs are limited to all actual costs of the deposition, including travel, but do not include attorney's fees for taking the deposition.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Leave to Amend Pre-Trial Order [Filed May 22, 2008; Docket #230] is **granted**.

Dated at Denver, Colorado, this 18th day of June, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge