IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00630-DME-MEH

NETQUOTE, INC., a Colorado corporation,

        Plaintiff,

v.

BRANDON BYRD, an internet user making use of the IP Addresses 64.136.27.226 and 64.136.26.227, and

MOSTCHOICE.COM, INC., a Georgia corporation,

        Defendants.

---

**ORDER ON MOTION IN LIMINE TO PROHIBIT
DEPOSITION TESTIMONY IN LIEU OF LIVE TESTIMONY**

---

Pending before the Court is a motion filed on September 19, 2008, by Defendants to prohibit video deposition pursuant to Fed. R. Evid. 403. (Dkt. #259.) The motion requests that this Court prohibit NetQuote from presenting the videotaped testimony of MostChoice's Chairman, Michael Levy, and Chief Executive Officer, Martin Fleishmann, in its case-in-chief. NetQuote responded to Defendants' motion on September 22, 2008. (Dkt. #261.)

Federal Rule of Civil Procedure Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Therefore, Rule 32(a)(3) allows a party to introduce "as a part of his

1

substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial." Coletti v. Cudd Pressure Control, 165 F.3d 767, 773 (10th Cir. 1999).

Of course, the admission of deposition testimony still remains subject to the sound discretion of the court. Colletti, 165 F.3d at 773. Defendants argue that this court should exercise its discretion, pursuant to Fed. R. Evid. 403; however, Defendants have failed to make a showing that the use of the deposition testimony would create a substantial risk of confusion, waste time, present cumulative testimony, or result in prejudice.[1] Plaintiff intends to admit into evidence excerpts of the depositions of Levy and Fleishmann before either witness is called at trial. Therefore, the evidence will not be cumulative. Nor will the introduction waste the time of the court; Plaintiff has edited the videotaped depositions down to two 50-minute excerpts and is limited in its overall presentation of evidence to 24 hours. Finally, any hypothetical risk of confusion or prejudice is alleviated by Rule 32(a)(6), which provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6).

For the forgoing reasons, it is hereby ORDERED that Defendant's motion to prohibit deposition testimony in lieu of live testimony (Dkt. #259) is DENIED without prejudice to objections made at the trial regarding the admissibility of any deposition

---

[1] Defendants are correct that there is a general preference for live testimony over deposition testimony; but presence of a live witness is not sufficient by itself to prevent submission of videotaped depositions. See 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2145 (1994).

testimony that would be inadmissible if the witness were present and testifying, see Fed. R. Civ. P. 32(b).

DATED at Denver, Colorado, this  26th  day of September, 2008.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge